IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

| | |
|---|---|
| MICHAEL WILLIAMS AND MARCO WILLIAMS, d/b/a FIRST CHOICE VIDEO<br><br>PLAINTIFFS,<br><br>VS.<br><br>MGA, Inc., and all Holding Companies and affiliated Entities, d/b/a MOVIE GALLERY, UNITED PARCEL SERVICE, INC.,(UPS), SELECT MEDIA SERVICES, LLC, MILE HIGH MEDIA, INC., LFP, INC., DIGITAL SIN, INC., and FRASERSIDE HOLDING, LTD,<br><br>DEFENDANTS. | Case No. 1:07 cv 228 - MEF<br><br>A JURY IS DEMANDED |

## COMPLAINT

1. This is an action for equitable relief and money damages, instituted to redress the injuries to Plaintiffs caused by the actions of the Defendants which are prohibited under 18 U.S.C. Sections 1462, 1465 and 18 U.S.C. Section 1466. Plaintiffs aver that these Defendants conspired to transport obscene material into Mississippi and across the

MALCOLM R. NEWMAN
ATTORNEY, P.C.
P.O. Box 6137
Dothan, AL. 36302-6137

United States and Canada for commercial sale, and operated an enterprise for that purpose in order to make money.

## II  JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant 18 U.S.C. Section 1331 and 18 U.S.C. Section 1964 and Section 1965 (a). Venue is proper under Section 1391 (c) as it appears all of the Defendants do business in the Middle District of Alabama.

## III  PARTIES

3. The Defendant MGA, Inc. is a Delaware Corporation based in Dothan, Alabama with operations throughout the U.S. and Canada. The Defendant UPS is licensed to do business in this State and across the United States. Defendant Select Media Services LLC is a Georgia Company licensed to do business in this State. All other Defendants are producers of obscene material with no agent in this State. Plaintiffs are resident citizens of Mississippi living in Lauderdale County.

## IV  STATEMENT OF ALLEGATIONS

4. Since 1997 Plaintiffs have operated First Choice Video in Meridian, Mississippi which rents and sells videotapes/CDs/DVDs of motion pictures; Plaintiffs were and are competitors of Defendant MGA, Inc.;

MALCOLM R. NEWMAN
ATTORNEY, P.C.
P.O. Box 6137
Dothan, AL. 36302-6137

6.   Plaintiffs average far less in sales than merchants like Defendant Movie Gallery since they are not able to effectively compete because they sell only legal products;

7.   The Defendants since at least 1999 conspired to and in fact did import for sale and distribution, tens of thousands of obscene and pornographic tapes and DVDs and magazines into Alabama, Mississippi and all across the U.S. and Canada as evidenced by memoranda of commercial contracts Plaintiffs currently possess. Defendant MGA Executives Harrison Parrish, Keith Cousins, Bo Loyd, Jeff Stubbs, and COO Bob Sirkis were Co-Conspirators with each other and the other Defendants in this racketeering activity as evidenced by MGA generated documents Plaintiffs currently possess;

8.   Defendant Movie Gallery has and continues to offer its non-obscene material at a much lower price than Plaintiffs could since Movie Gallery made substantial profit on the sale of its pornography stock/inventory; said obscene material featuring depictions of:

   a)   simulated vaginal and anal rape;
   b)   male and female anal penetration;
   c)   females urinating on the genitals of other females;

d) trans-sexuals performing group sex acts in which several men who have breast implants are styled to look like women while forming a line (or "train") and inserting their penises into each others rectums;

e) dressing and styling young women to appear to be under the age of 18 engaging in various sex acts to cater to pedophiles;

f) men and women performing anal sex involving the penetrator ejaculating in rectums and the male or female receiving the anal sex to then take their fingers, wipe up the ejaculate and lick the ejaculate from their fingers and/or penis;

g) group sex parties consisting of numerous men with one woman where the men stand and masturbate to ejaculation on her face so as to nearly cover her face completely;

h) an act called "snowballing" in which a man will ejaculate into a woman's mouth or another man's mouth and the recipient exchanges the ejaculate with another performer;

i) an act called "Ass to Mouth" in which a man penetrates a woman anally, removes his penis and the woman then takes the penis into her mouth for oral sex;

j)   group sex acts in which numerous men repeatedly ejaculated into one female's vagina or rectum, or one male's rectum;

k)   an act called "fisting" in which a performer puts his or her entire hand and often forearm into the vagina or rectum of another performer.

l)   an act called "deep throating" in which at least one male forces his penis down the throat of a female or male causing them to gag and gasp for air.

m)   acts wherein a female's anus is hyper-penetrated to produce a "gape" which the male performer will sometimes spit into before re-entering her rectum;

n)   acts wherein a female's anus is penetrated by an object (plug), left in place while she has vaginal intercourse or oral sex;

o)   acts wherein a male or males ejaculate into the open mouth of a female who then gargles the ejaculate before swallowing it;

p)   acts wherein the performers lick the anuses of co-performers, male or female;

q)   acts wherein a female performer squirts urine while having anal intercourse;

r) acts wherein male performers will ejaculate into a cup or spoon whereupon other female or male performers drink the ejaculate;

s) acts wherein male performers ejaculate into the vagina or rectum of a female performer and then a third performer or the ejaculator will lick the ejaculate out of the orifice;

t) acts wherein a male will ejaculate onto the floor and the female will lick the ejaculate from the floor.

Plaintiffs aver that said acts/representations are likely to be deemed "obscene" by a jury in this District, as said term is defined under Miller v. California;

9. Defendant UPS knew that it was engaged in the illegal transportation of obscenity by virtue of the names of the producers it serviced in and around the San Fernando Valley area of California, in particular Chatsworth and Van Nuys, California, as it did on September 27th and October 22nd 2004, to-wit: Pleasure Productions, Digital Sin and Mile High Media, Inc.;

10. The Defendant Select Media Services, LLC did on a monthly basis within the last ten years place in interstate commerce from its place of business in Duluth, Georgia obscene magazines Titled "Club International", Leg World" and "Barely Legal" which depict and

describe sexual acts and fetishism and contain photographs of females gratuitously displaying their genitals and buttocks. Said Defendant exported this material into Alabama with re-distribution by Movie Gallery throughout the United States, in furtherance of MGA's trade in obscenity;

11.   Mile High Media, Inc., LFP, Inc., Digital Sin, Inc. and Fraserside Holding, LTD produced many of the obscene videotapes/DVDs purchased by or distributed to Defendant Movie Gallery for sale or rental. They placed their goods with Defendant UPS for shipment via interstate commerce for delivery to Defendant MGA at its corporate offices in Dothan, Alabama as evidenced by documents which Plaintiffs now possess, to be screened for approval by MGA Buyer Dan Richards (or his substitute Carrie Parrish) before Titles and quantities were finalized;

12.   These Defendants did knowingly combine and confederate together with each other and others on thousands of dates before the filing of this Complaint as evidenced by their communications to disseminate and distribute hard-core, obscene videotapes/DVDs and magazines through interstate commerce throughout the United States

and Canada via common carrier, to profit and obtain benefits therefrom, and in violation of 18 U.S.C. Section 1462 (c)-(d) also known at the Racketeer Influenced and Corrupt Organizations Act, or "RICO";

13. Plaintiffs aver that at least since 1999, and as recently as February 2007, Defendants MGA and UPS, have continued on a daily basis, to operate their enterprise by disseminating obscenity, as evidenced by committing at least two predicate acts on October 22, 2004 and February 2007 but more accurately on a daily basis. All Defendants conspired to violate 18 U.S.C. 1962 (c) which is prohibited under 18 U.S.C. 1962 (d) by Defendant MGA selling and/or renting the obscenity it ordered from Mile High Media, Inc., LFP, Inc., Digital Sin, Inc., Fraserside Holding, LTD d/b/a Private, and Select Media Services, LLC which was delivered by the Defendant UPS and as documented by the physical evidence of invoices and communications between the Defendants, said racketeering activity conducted by these Defendants solely and only to make money.

**V    CLAIMS FOR RELIEF**

Plaintiffs aver that the Defendants conduct converged to injure or otherwise damage their business which suffered losses of some One

MALCOLM R. NEWMAN
ATTORNEY, P.C.
P.O. Box 6137
Dothan, AL. 36302-6137

Million ($1,000,000.00) for each year Plaintiffs competed with Co-Defendant Movie Gallery unaware that Movie Gallery had an unfair and illegal competitive advantage.

Plaintiffs demand judgment against these Defendants for no less than Thirty Million ($30,000,000.00) dollars as treble damages under 18 U.S.C. Section 1964, costs of this action and a reasonable attorney's fee.

Malcolm R. Newman, Attorney, P.C.

*/s/ Malcolm Rance M*
Malcolm R. Newman (NEW017)
Attorney for the Plaintiff
P.O. Box 6137
Dothan, Alabama 36302
(334) 792-2132
ASB-2826-M39M