IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS AND MARCO WILLIAMS, d/b/a FIRST CHOICE VIDEO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action No.: 1:07-CV-228-MEF |
| MGA, Inc., and all Holding Companies and Affiliated Entities, d/b/a MOVIE GALLERY, UNITED PARCEL SERVICE, INC. (UPS), SELECT MEDIA SERVICES LLC, MILE HIGH MEDIA, INC., LFP, INC., DIGITAL SIN, INC., AND FRASERSIDE HOLDING LTD, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MOTION TO DISMISS

COMES NOW Defendant Movie Gallery US, LLC, successor to M.G.A., Inc. ("Movie Gallery") and respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs Michael Williams and Marco Williams' complaint with prejudice for failure to state a claim upon which relief can be granted.  In support of its Motion, Defendant Movie Gallery states the following:

### Introduction

On March 14, 2007, Plaintiffs Michael Williams and Mario Williams ("Plaintiffs") filed this lawsuit against Defendants Movie Gallery, United Parcel Service, Inc. ("UPS"), Select Media Services, LLC ("Select Media"), Mile High Media, Inc. ("Mile High"), LFP, Inc. ("LFP"), Digital Sin, Inc. ("Digital Sin"), and Fraserside Holding, LTD ("Fraserside").  This marks the **_seventh_** time in the last two years that Plaintiffs' attorney Malcolm R. Newman ("Attorney Newman") has filed a lawsuit on behalf of local video store operators in the states of

Alabama, Georgia, and now, Mississippi. For the **_third_** time, Attorney Newman has presented this unfounded and outrageous claim for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") before the United States District Court for the Middle District of Alabama. Unfortunately for Attorney Newman, the third time's not the charm.

Plaintiffs claim that, because Movie Gallery offers for sale and rent alleged obscene materials in its retail stores, Plaintiffs are unable to compete with Movie Gallery in the sale of other video items. Plaintiffs appear to believe that Movie Gallery is liable to them under RICO for this alleged injury to their business.[1] Plaintiffs could not be more wrong. This District Court and others have repeatedly condemned the very same civil RICO claim presented here that Attorney Newman also has previously filed on behalf of other video store operators purportedly competing with Movie Gallery in Alabama and Georgia. Time and again, the federal judiciary – Judge Acker, Judge Blackburn, Judge Sands and Judge Watkins -- has consistently found complaints virtually identical to the one before this court fail to state a claim upon which relief can be granted.

The RICO statute has nothing whatsoever to do with the commercial activity engaged in by Movie Gallery, much less the allegations made in Plaintiffs' complaint. As Judge Posner aptly warned, "there is a danger of [RICO] being applied to situations absurdly remote from the concerns of the statute's framers." *Fitzgerald v. Chrysler Corp.*, 116 F.3d 225, 226 (7th Cir. 1997). This is a textbook example of that absurdly remote situation. Plaintiffs' complaint exceeds the ambit of the RICO statute since Movie Gallery's commercial activity does not entail the type of corrupt business operations Congress intended to remedy through RICO legislation.

---

[1] Plaintiffs set out in their Complaint that the Defendants' actions are prohibited under 18 U.S.C. §§ 1462, 1465 and 1466. To the extent you can understand it, Plaintiffs' Complaint does not appear to seek recovery against the defendants under these statutes. However, in the event that it does, Movie Gallery moves to dismiss any such claims under Rule 12(b)(6) because these criminal statutes do not provide any private civil cause of action. *See Dworkin v. Hustler Magazine, Inc.*, 634 F. Supp. 727, 729 (D. Wyo. 1986).

Even more important, the specific allegations made by Plaintiffs in their complaint completely fail to state any type of RICO violation. Selling purportedly obscene material – the objectionable conduct claimed here – does not give rise to RICO liability.

### Related Cases

This complaint is the latest attempt to use the judicial system as a tool of harassment. Filing a complaint virtually identical to six other complaints previously dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) by the United States District Court for the Middle District of Alabama, the United States District Court for the Northern District of Alabama, the United States District Court for the Middle District of Georgia, and affirmed by the United States Courts of Appeals for the Eleventh Circuit whenever Attorney Newman has opted to appeal, is frivolous and vindictive. A summary of the procedural posture of each case is set forth below.

1. The First RICO Case: *Odom v. MGA, Inc. et al.*, 1:05-CV-59-F (M.D. Ala. 2005) (filed Jan. 24, 2005 -- dismissed Mar. 11, 2005)

Attorney Newman filed the first of these lawsuits on behalf of a plaintiff named Timothy R. Odom in the United States District Court for the Middle District of Alabama (the *Odom* Complaint). The Honorable Chief Judge Mark E. Fuller was assigned to this case. Movie Gallery and other defendants filed motions to dismiss for failure to state a claim upon which relief can be granted. Judge Fuller entered an order in the *Odom* case requiring Attorney Newman to file a response and any "evidentiary materials" supporting his opposition to the motions to dismiss. *See* Judge Fuller's March 2, 2005 Order attached hereto as Exhibit A. Rather than comply with Judge Fuller's Order, Attorney Newman voluntarily dismissed the *Odom* case and attempted to shop this claim elsewhere.

2.      The Second RICO Case: *Clark v. MGA, Inc. et al.*, 2:05-CV-208 (N.D. Ala. 2005) (filed Jan. 31, 2005 -- dismissed Mar. 30, 2005)

Seven days after filing the first RICO case, Attorney Newman filed a second RICO lawsuit against Movie Gallery and other defendants in the United States District Court for the Northern District of Alabama on behalf of another plaintiff, William Eric Clark (the *Clark* Complaint).  Judge William B. Acker, Jr. presided over the *Clark* action, marking the first time Judge Acker would be confronted with this RICO claim against Movie Gallery and the other six named co-defendants.  Faced with essentially the same complaint as in *Odom*, Movie Gallery and other defendants similarly filed motions to dismiss for failure to state a claim upon which relief can be granted.

Judge Acker entered an order in the *Clark* case granting the defendants' motions to dismiss without prejudice, but ordering the plaintiff to file an amended complaint within fourteen (14) days to "allege with much more specificity the acts of each defendant that, in concert, constitute a RICO enterprise."  *See* Judge Acker's March 15, 2005 Order attached hereto as Exhibit B.  Instead of complying with Judge Acker's Order, Attorney Newman filed another totally separate lawsuit on behalf of William Eric Clark in the United States District Court for the Northern District of Alabama.  Yet again, Attorney Newman sought to shop this lawsuit before other federal judges in the state of Alabama rather than comply with the presiding court's order.  Because Attorney Newman failed to comply with Judge Acker's Order, Judge Acker dismissed the original *Clark* case with prejudice.  *Clark v. M.G.A., Inc. et al.*, 2:05-CV-208 (N.D. Ala. Mar. 30, 2005).

3.     The Third RICO Case: *Holland v. MGA, Inc. et al.*, 1:05-CV-237-M (M.D. Ala. 2005) (filed Mar. 14, 2005 – dismissed November 1, 2006) (Affirmed March 30, 2007)

Three days after voluntarily dismissing the *Odom* case, Attorney Newman filed a second lawsuit in the United States District Court for the Middle District of Alabama, this time on behalf of Plaintiff Barbara Holland.  Movie Gallery and other defendants again moved to dismiss for failure to state a claim.  On November 1, 2006, Judge Watkins issued the sixth district court decision dismissing Attorney Newman's RICO complaint.  "Consistent with the Eleventh Circuit's opinion in *Carter*, this court concludes Plaintiff has failed to state any cognizable RICO cause of action.  Not only is this outcome consistent with the *Carter* opinion, but it comports with the conclusions of three district courts considering identical claims on Rule 12 motions to dismiss."  *Holland v. MGA, Inc. et al.*, 1:05-CV-237-M (M.D. Ala. Nov. 1, 2006) (opinion attached hereto as Exhibit C).  Attorney Newman elected to appeal this decision, making it the fourth time Attorney Newman enlisted the Eleventh Circuit's review.  And for the fourth time, the Eleventh Circuit affirmed the District Court's decision to dismiss.[2]  *Holland v. MGA, Inc. et al.*, 2007 U.S. App. LEXIS 7433 (11th Cir. 2007) (unpublished) (opinion attached hereto as Exhibit D).

4.     The Fourth RICO Case: *Clark v. MGA, Inc., et al.,* 2:05-CV-633, (N.D. Ala. 2005) ("*Clark II*") (filed Mar. 29, 2005 -- dismissed Mar. 17, 2006) (Affirmed, Nov. 29, 2006)

On March 29, 2005, instead of complying with Judge Acker's Order in the original *Clark* case to replead the RICO claim "with much more specificity," Attorney Newman elected to file a totally separate lawsuit on behalf of William Eric Clark in the very same district court (the *Clark II* case).  Judge Sharon Blackburn drew the *Clark II* case.  Movie Gallery, UPS, Select Media

---

[2] This opinion also represents the <u>third</u> time the Eleventh Circuit found an appeal of one of these related cases to be frivolous.

PORTRAIT.1

and Mile High Media filed motions to dismiss the *Clark II* case on the grounds of *res judicata*. On March 17, 2006, Judge Blackburn granted Movie Gallery's and other defendants' motions to dismiss, holding that this complaint was clearly barred against them by the doctrine of *res judicata*. Judge Blackburn also ruled that this lawsuit constituted a vexatious, frivolous action against Movie Gallery that warranted the award of attorney fees and costs pursuant to 28 U.S.C. § 1927. Judge Blackburn also granted co-defendants LFP's and Fraserside's motions to dismiss for failure to state a claim upon which relief can be granted, finding that the Plaintiff's complaint failed to state the necessary elements of a civil RICO claim. *Clark v. MGA, Inc., et al.,* 2:05-CV-633 (N.D. Ala. Mar. 17, 2006) (opinion attached hereto as Exhibit E). The Eleventh Circuit Court of Appeals affirmed the dismissal, and awarded Movie Gallery damages and costs pursuant to Fed. R. App. P. 38. *Clark v. MGA, Inc., et al.*, 2006 WL 3422345 (11th Cir. 2006) (unpublished) (opinion attached hereto as Exhibit F).

5.    The Fifth RICO Case: *Whitaker v. MGA, Inc., et al.*, 1:05-CV-99-WLS (M.D. Ga. 2005) (filed July 20, 2005 -- dismissed Dec. 30, 2005) (Affirmed, March 15, 2007)

Unable to find a sympathetic ear in Alabama, Attorney Newman crossed state lines and filed another virtually identical complaint on July 20, 2005 in the Middle District of Georgia in search of a federal judiciary that would allow him to pursue his frivolous RICO lawsuit.[3]

Movie Gallery and other defendants once again filed motions to dismiss. Yet again, a federal district court found the complaint deficient, holding that "Plaintiffs' total disregard of the local and federal rules and the failure to even address the obvious deficiencies of the complaint require this Court to dismiss the complaint against all defendants." *Whitaker v. MGA, Inc. et al*,

---

[3] It should be noted that Attorney Newman filed this lawsuit even though Attorney Newman is not licensed to practice law in the state of Georgia. Because Attorney Newman did not associate local counsel, he engaged in the unauthorized practice of law by filing the Complaint. It was only after Movie Gallery highlighted this egregious behavior in its Motion to Dismiss that Attorney Newman secured the services of an attorney licensed to practice before the Middle District of Georgia.

1:05-CV-99 (M.D. Ga. Dec. 30, 2005) (opinion attached hereto as Exhibit G).  The Eleventh

Circuit also affirmed this dismissal, and for the second time found an appeal of one of these

cases to be frivolous.  *Whitaker v. MGA, Inc. et al.*, 2007 U.S. App. LEXIS 14458 (Mar. 15,

2007) (unpublished) (opinion attached hereto as Exhibit H).

      6.     The Sixth RICO Case: *Carter, et al. v. MGA, Inc., et al.*, 2:05-CV-01662-WMA
                (N.D. Ala. 2005) (filed Aug. 4, 2005 -- dismissed Sept. 19, 2005) (Affirmed, July
                13, 2006).

Despite having countless opportunities to properly plead a civil RICO claim, Attorney

Newman elected to file yet another virtually identical, facially deficient complaint on behalf of

three more plaintiffs, making it the sixth such civil RICO action Attorney Newman has filed and

served against Movie Gallery.[4]  In a matter of months, Judge Acker was once again confronted

with nearly the exact same complaint he had previously ordered to be amended to properly allege

the essential elements of a civil RICO claim.  The *Carter* complaint made no attempt to cure the

pleading deficiencies Judge Acker had previously noted in the original *Clark* case.  Accordingly,

he dismissed the *Carter* complaint with prejudice, finding the arguments presented by Movie

Gallery and other defendants in their motions to dismiss were again well taken and due to be

granted.  *Carter, et al. v. MGA, Inc., et al.*, 2:05-CV-01662 (N.D. Ala. Sept. 19, 2005) (opinion

attached hereto as Exhibit I).

On appeal, the Eleventh Circuit affirmed the District Court's dismissal of the *Carter*

complaint.  The Eleventh Circuit issued a *per curiam* opinion holding that the appellants had

failed to allege facts sufficient to maintain a civil RICO claim against Movie Gallery and other

defendants.  *Carter, et al. v. MGA, Inc., et al.*, 2006 WL 1933788 (11th Cir. 2006) (unpublished)

(opinion attached hereto as Exhibit J).  A petition for rehearing *en banc* was denied.  Attorney

---

[4] Attorney Newman originally attempted to join these Plaintiffs in the *Clark II* case before Judge Blackburn.  After
considering Judge Blackburn's comments from the bench during a hearing on June 6, 2005, he decided to shop the
lawsuit to a different judge and filed these claims as a separate, sixth RICO lawsuit.

Newman has chosen to file a petition for writ of certiorari before the United States Supreme Court, which is pending.

The averments in *Williams* are no different than the allegations set forth in the preceding six lawsuits. And the same result – dismissal for failure to state a claim -- is due here for the seventh time.

### The Standard for Dismissal Under Rule 12(b)(6)

While the rule is well established that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of supporting facts which would entitle one to relief, this liberal reading of a complaint in favor of the plaintiff does not allow wild inferences beyond what is actually being alleged. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242 (11th Cir. 2005) (per curiam) (citation omitted). Here, Plaintiffs' complaint is nothing more than wild and conclusory allegations, unwarranted and unsupportable deductions of facts, and masquerading legal conclusions. Such complaints have no place in the legal system and should be dismissed outright as a matter of law.

Plaintiffs' complaint should be dismissed because: (1) under the most liberal standard, Plaintiffs' complaint completely fails to adequately plead a civil RICO claim; and (2) under the most liberal construction, Plaintiffs' complaint cannot substantively set forth a civil RICO claim as a matter of law.

<u>**Argument**</u>

1. <u>**Plaintiffs' Complaint Should Be Dismissed Because It Fails to Plead a Civil RICO Claim.**</u>

Just like its six counterparts, Plaintiffs' complaint falls far short of pleading the facts needed to state a valid civil RICO cause of action.  Plaintiffs attempt to allege a violation of RICO through cursory references to sections 1962(c) and (d).[5]  Plaintiffs, however, fail to set forth facts with proper specificity establishing that a violation of 18 U.S.C. § 1962 has occurred.

Plaintiffs' averment that Defendant Movie Gallery sells and/or rents purportedly obscene movies and magazines it orders from Defendants Mile High, Select Media, Digital Sin, LFP, and Fraserside is grossly inadequate.  Defendant Movie Gallery cannot be expected to glean from this statement that Defendant Movie Gallery therefore "knowingly combine[d] and confederate[d] together" with the co-defendants in an alleged enterprise that was designed to place Plaintiffs at a competitive disadvantage.  Adding descriptions of the acts depicted in the purportedly obscene films does not satisfy the Plaintiffs' obligation to plead facts showing (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering, or an agreement to participate in said enterprise.  *Abele v. Tolbert*, 172 Fed. Appx. 967 (11th Cir. 2006).  This complaint, much like its predecessors, still falls far short of meeting the most basic RICO pleading requirements.

---

[5] Plaintiffs identify 18 U.S.C. §1462 (c)-(d) in Complaint ¶ 12.  Did Plaintiffs mean to say §1962?  Defendant Movie Gallery presumes Plaintiffs made a typographical error and in fact meant to cite 18 U.S.C. §1962 (c)-(d) since 18 U.S.C. §1462 does not contain a subsection (d).  Attorney Newman has fired off another copycat complaint without correcting these basic pleading errors.

Plaintiffs' allegation that the Defendants engaged in activities prohibited by 18 U.S.C. §§ 1462, 1465, and 1466 does nothing to cure this fatal pleading flaw. [6] As the court in *James v. Meow* Media, 90 F. Supp. 2d 798 (W.D. Ky. 2000) stated:

> The statement that Defendants distributed obscene materials in violation of state and federal obscenity laws only serves as the predicate act of racketeering upon which to base a §1962 violation. The predicate act itself is insufficient to establish that §1962 was violated. Instead, a plaintiff is required to plead facts demonstrating a violation of §1962.

90 F. Supp. 2d at 812. In other words, Plaintiffs cannot state a civil RICO claim merely by alleging that the Defendants violated the federal obscenity statutes -- 18 U.S.C. §§ 1462, 1465, and 1466. Plaintiffs overlook this important distinction. The "memoranda of commercial contracts" (¶ 7) and other documents the Plaintiffs maintain they possess showing the shipment of purportedly obscene movies to Movie Gallery (¶ 11) do not demonstrate a violation of the RICO statute -- 18 U.S.C. § 1962. The alleged prohibition of dealing in purportedly obscene material is a predicate act separate and apart from a violation of the RICO statute.

While it is obvious that Plaintiffs' complaint fails to properly set forth a civil RICO claim against Defendant Movie Gallery, Plaintiffs' flaws cannot be cured by re-pleading. This is Attorney Newman's seventh opportunity to advance this legal theory; therefore, in effect, this is Attorney Newman's seventh attempt at re-pleading a civil RICO claim. Even with the benefit of multiple district and appellate court opinions discussing the exact same claim presented here, Attorney Newman has shown time and time again that he cannot substantively establish on behalf of his clients the essential elements of a civil RICO violation against Movie Gallery. Because Plaintiffs' complaint cannot be cured by re-pleading, and to avoid such a futile exercise, Movie Gallery will address the substantive elements of the claim.

---

[6] As discussed herein, section 1466 is not even listed in 18 U.S.C. § 1961 as a predicate act violation. Therefore, any attempted reliance by the Plaintiffs on this statute in this case is barred as a matter of law.

**2.  Plaintiffs' Complaint Should Be Dismissed Because Plaintiffs Cannot Establish the Elements of a Civil RICO Claim as a Matter of Law.**

Plaintiffs' claim has no substantive merit because the essential elements of a civil RICO claim have not been, and cannot be, established.  18 U.S.C. § 1964(c) permits "[a]ny person injured in his business or property *by reason of a violation of § 1962* of this chapter [to] sue . . ."  In order to have standing to assert a civil RICO claim, a plaintiff must properly plead the elements of the applicable § 1962 subsection.[7]  As discussed above, Plaintiffs have completely failed to do this.

Plaintiffs seek recovery under § 1962(d).  Complaint, ¶ 13.  Section 1962(d) states that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."  The Eleventh Circuit has clarified the requirements of this nebulous subsection:

> To establish a RICO conspiracy under 18 U.S.C. §1962(d) the government must prove that the defendant objectively manifested, through words or actions, an agreement to participate in the conduct of the affairs of an enterprise through the commission of two or more predicate crimes.

*United States v. Starrett*, 55 F.3d 1525, 1543 (11th Cir. 1995); s*ee also United States v. Glecier*, 923 F.2d 496, 500 (7th  Cir. 1991) ("Accordingly, to list adequately the elements of section 1962(d), an indictment need only charge -- after identifying a proper enterprise and the defendant's association with that enterprise -- that the defendant knowingly joined a conspiracy the objective of which was to operate that enterprise through an identified pattern of racketeering

---

[7] For the convenience of the Court, the applicable sections of Section 1962 are provided herein.

Section 1962(c): It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

Section 1962(d): It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

PORTRAIT.1

activity."). Importantly, "[t]he focus is on the agreement to participate in the enterprise through the pattern of racketeering activity, not on the agreement to commit the individual predicate acts." *Starrett*, 55 F.3d at 1543. In other words, Plaintiffs must establish Movie Gallery's agreement to join the enterprise to commit a pattern of racketeering, not its agreement to commit the predicate act -- alleged violation of obscenity laws.

Even under the most liberal interpretation, Plaintiffs' complaint fails to establish any of these elements. For instance, there is no identified enterprise. Section 1961(4) defines an enterprise as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." In *United States v. Turkette*, 452 U.S. 576 (1981), the Supreme Court declared that an enterprise is "an entity, or a group of persons *associated together for a common purpose* of engaging in a course of conduct." 452 U.S. at 583 (emphasis added). The Court added that "the 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages. The existence of an enterprise at all times remains a separate element which must be proved." *Id.* Here, Plaintiffs merely makes a conclusory statement that Defendants Movie Gallery and UPS "operate their enterprise" through dissemination of purportedly obscene material. Complaint, ¶ 13. Plaintiffs cannot circumvent the distinctiveness requirement by pleading such vague and conclusory allegations of enterprise. The complaint is completely lacking an express identification of the "enterprise" or allegations of an "ongoing organization" between the Defendants illustrating that these "various associates function as a continuing unit." Turkette, 452 U.S. at 583. Even construing these allegations in a favorable light for the Plaintiffs, UPS's shipment of films across interstate lines to Movie Gallery's corporate office only would serve as the racketeering activity itself. Plaintiffs have failed to allege a separate

PORTRAIT.1

enterprise apart and distinct from this alleged racketeering activity. There is no allegation because there is no enterprise in fact. This fact alone is fatal to Plaintiffs' RICO claim.

Furthermore, assuming the Plaintiffs could demonstrate the existence of an enterprise, Plaintiffs also would be required to show that Movie Gallery used the enterprise as a vehicle to conduct its "pattern of racketeering activity." Section 1961(5) defines "pattern of racketeering activity" as at least two acts of racketeering activity that occur within ten years of each other. Plaintiffs aver the distribution of allegedly obscene material through interstate commerce as the predicate act in question. However, the complaint fails to establish a nexus between this purported racketeering activity and the enterprise. *See James*, 90 F. Supp. 2d at 814 (observing that "a plaintiff is required to allege facts which would establish that the defendants 'pattern of racketeering activity' was *related to the enterprise*") (emphasis added). There simply is no enterprise (much less an allegation of one) *engaging* in a "pattern of racketeering activity." Plaintiffs have failed to plead any facts that would show an enterprise engaging in a "pattern of racketeering activity."

Going further, assuming Plaintiffs could demonstrate the existence of an enterprise engaging in a pattern of racketeering activity, Plaintiffs have not set forth facts, and cannot set forth facts, establishing that Movie Gallery entered into any *conspiracy* to violate §1962. To establish a §1962(d) claim, the Plaintiffs must establish that the conspirators agreed to participate in the affairs of an enterprise through a pattern of racketeering activity and that there is sufficient conduct on the part of the participants to show such an agreement. *See United States v. Castro*, 89 F. 3d 1443, 1451 (11th Cir. 1996), *cert. denied*, 519 U.S. 1118 (1997); *see also United States v. Church*, 955 F. 2d 688, 694 (11th Cir. 1992), *cert. denied*, 506 U.S. 881 (1992). Here, there is neither an allegation of any such agreement nor an objective manifestation of such an agreement.

13

As the Eleventh Circuit noted in *Carter*, "Plaintiffs alleged no facts to show or to create a reasonable inference that Defendants made an agreement. Plaintiffs' conclusory allegations that Defendants conspired with each other are insufficient to survive a motion to dismiss." *See also Clark v. M.G.A., Inc. et al.*, 2:05-cv-633 (Mar. 17, 2006 N.D. Ala. 2006) (Exhibit E, pp. 6-7) ("The Complaint, however, contains only conclusory allegations of a conspiracy, which is insufficient to the support the conspiracy claim."). No new allegations have been added to this complaint to cure this deficiency. Attorney Newman cannot add new allegations because there has never been an agreement between Movie Gallery and other defendants to participate in an enterprise designed to place Plaintiffs, or any other industry competitor for that matter, at a competitive disadvantage. Plaintiffs' legal conclusion that Defendants in fact conspired remains insufficient. This is yet another fact that is fatal to Plaintiffs' complaint.

Even if the Plaintiffs could establish a violation of §1962, they cannot establish a civil RICO claim because they have not shown, and cannot show, that a violation of §1962 (rather than §§ 1461, 1465 and 1466, as alleged) was the direct and proximate cause of Plaintiffs' injuries. Once again, as the court in *James* stated:

> To satisfy this element, a plaintiff must allege facts which would establish that his injuries were a direct result of the §1962 violation. It is insufficient for a plaintiff to allege that he was injured by the defendant's commission of the predicate act, in this case distributing obscene materials to minors. . . . Plaintiffs were required to plead facts sufficiently demonstrating that their injuries resulted from Defendants' use of an enterprise to conduct a pattern of racketeering.

90 F. Supp. 2d at 817. Similarly here, Plaintiffs cannot establish a civil RICO claim by alleging they were harmed by a violation of the federal obscenity laws.[8] Plaintiffs must allege and establish facts that show they were injured by Movie Gallery's conspiracy to use an enterprise to

---

[8] Plaintiffs' theory makes no sense as it completely ignores the fact that Movie Gallery is not the only entity in the state that rents videos.

PORTRAIT.1

conduct a pattern of racketeering.  Plaintiffs have not done this and cannot do this.  Once again, this fact is fatal to Plaintiffs' complaint.  *Clark v. M.G.A., Inc. et al.*, 2:05-cv-633 (Mar. 17, 2006 N.D. Ala. 2006) (Exhibit E, p. 9) ("The Court finds that plaintiff's Complaint does not allege an injury that was proximately and directly caused by the alleged racketeering activity."); *Beck v. Prupis*, 162 F. 3d 1090, 1095-96 (11th Cir. 1998) ("It is inadequate merely to assert that damages were caused by the commission of the underlying felony acts."); s*ee also Hunt v. American Bank & Trust Co.*, 606 F. Supp. 1348 (N.D. Ala. 1985) ("Plaintiff in the instant action does not allege anything more than injuries caused by the predicate acts.  [I]n no way does plaintiff attempt to set out how the alleged injury is a product of *racketeering* distinct from the injury caused by securities fraud or mail fraud.").  Plaintiffs must allege and establish facts that show they were directly injured by Movie Gallery and other defendants conspiring to use an enterprise to conduct a pattern of racketeering.  Plaintiffs have not done this and cannot do this.

To make matters worse, Plaintiffs allege injury stemming from the violation of an obscenity statute that is outside the purview of the civil RICO statute (18 U.S.C. § 1466).  As Judge Blackburn noted in *Clark II*,

> RICO does not include 18 U.S.C. § 1466, "Engaging in the business of selling or transferring obscene matter," within the definition of racketeering activity.  Plaintiff alleges that defendant MGA sold obscene material and that the sale of this material caused his injury; however, **selling obscene material is not racketeering activity**.

Exhibit E, p. 10, n. 1.  *See also Holland v. M.G.A., Inc. et al.*, 1:05-cv-237 (Nov. 1, 2006 M.D. Ala. 2006) (Exhibit C, p. 3, n. 12) ("Plaintiff failed to plead a sufficiently direct causal connection").  Accordingly, there is no direct injury.

The United States Supreme Court's recent decision in *Anza et al. v. Ideal Steel Supply Corp.*, 547 U.S. _____, 126 S. Ct. 1991 (2006) ("*Anza*"), also emphasizes the importance of

15

proximate cause to sustain a civil RICO claim.  In *Anza*, much like the instant case, Industrial

Steel Supply Corporation ("Industrial Steel") alleged Anza, its principal business competitor, had

violated RICO through a fraudulent state tax scheme that enabled Anza to unfairly lower its

prices, causing Industrial Steel to lose business and market share.  The Supreme Court rejected

this claim, holding Industrial Steel could not maintain a civil RICO action against Anza because

the proximate-cause requirement of RICO had not been satisfied.  **"The cause of Ideal's

asserted harms, however, is a set of actions (offering lower prices) entirely distinct from the

alleged RICO violation (defrauding the State).**"  *Id.*, p. 6 (emphasis added).   Finding the

relationship between Industrial Steel's injuries and the claimed RICO violation too attenuated

and remote, the Court remarked that "National, however, could have lowered its prices for any

number of reasons unconnected to the asserted pattern of fraud." *Id.*, p. 7.  Even taking at face

value Plaintiffs' allegation that Movie Gallery is a competitor, Movie Gallery may offer lower

prices because of competition, size, direct access to Hollywood studios, store locations and a

host of other business factors that drive retail price – reasons entirely unrelated to the purported §

1962 violation.   "When a court evaluates a RICO claim for proximate causation, the central

question it must ask is whether the alleged violation led directly to the plaintiff's injuries.  In the

instant case, the answer is no." *Id.*, p. 9.  The answer is "no" here too.

All of these fatal flaws in the pleading demand that the complaint be dismissed.

## Conclusion

For the seventh time, Attorney Newman has filed a complaint that fails the most basic

requirements for pleading a RICO claim.   Each recycled complaint is nothing more than

someone's unwarranted, vindictive, and conclusory allegations masquerading as a civil RICO

claim.  Such matters have no place in our federal legal system, and should be dismissed as a

matter of law.  Plaintiffs' allegations have not, and cannot under the most liberal reading,

PORTRAIT.1

establish a civil RICO claim.  For the reasons set forth above, Plaintiffs' complaint should be dismissed as a matter of law.

WHEREFORE, Defendant Movie Gallery respectfully requests that this Court dismiss Plaintiffs' complaint with prejudice for failure to state a claim upon which relief may be granted.

Respectfully submitted by,

/s/ Jeffrey M. Grantham_____
Jeffrey M. Grantham
Jeffrey A. Lee
John Thomas A. Malatesta, III
Attorneys for Defendant Movie Gallery US, LLC

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, AL 35203-2618
Telephone: (205) 254-1000
Fax: (205) 254-1999
E-mail: jgrantham@maynardcooper.com
E-mail: jlee@maynardcooper.com
E-mail: jmalatesta@maynardcooper.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using

the CM/ECF system which will send notification of such filing to the following:

Malcolm R. Newman                          Robert K. Spotswood
Malcolm R. Newman, PC                      Michael T. Sansbury
P.O. Box 6137                              Spotswood LLC
Dothan, AL 36302-6137                      2100 Third Avenue North
                                           Concord Center, 940
                                           Birmingham, AL 35203


A copy of the foregoing has been served upon the following parties who have yet to enter

an appearance by placing a copy of same in the U.S. Mail, first-class postage prepaid, and

properly addressed:

**Digital Sin, Inc.**                      **Fraserside Holding, LTD**
21345 Lassen Street                        10947 Pendleton Street
Chatsworth, CA 91311                       Sun Valley, CA 91352

**LFP, Inc.**                              **Mile High Media, Inc.**
8484 Wilshire Blvd.                        20652 Bahama Street
Suite 900                                  Chatsworth, CA 91311
Beverly Hills, CA 90211

**United Parcel Service, Inc. (UPS)**
c/o The Corporation Company, Registered Agent
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109


on this the 5th day of April, 2007.


                                    s/ Jeffrey M. Grantham
                                    Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA OF
SOUTHERN DIVISION

TIMOTHY R. ODOM, d/b/a          )
K & T Enterprise,               )
                                )
        Plaintiff,              )
v.                              )    CASE NO. 1:05-cv-59-F
                                )
MGA, INC., *et al.,*            )
                                )
        Defendants.             )

## O R D E R

Upon consideration of the defendant's Motion to Dismiss Plaintiff's Amended

Complaint (Doc. #19) filed on February 25, 2005, it is hereby ORDERED that:

1.  The plaintiff file his response which shall include a brief and any evidentiary

materials on or before March 16, 2005.

2.  The defendants may file a reply brief on or before March 23, 2005.

DONE this 2nd day of March, 2005.

_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE



FILED

2005 Mar-15  PM 01:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM ERIC CLARK, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | 05-AR-0208-S |
| | } | |
| MGA, INC., et al., | } | |
| | } | |
| Defendants. | } | |

## ORDER

The motions to dismiss filed by the various defendants in the above-entitled cause are all GRANTED, and the action is DISMISSED as against all said defendants, but without prejudice to plaintiff's right **within fourteen (14) days** to file an amended complaint, which, *inter alia*, must invoke the jurisdiction of this court pursuant to 28 U.S.C. § 1331, and not pursuant to 18 U.S.C. § 3231, which is a criminal jurisdictional statute. The amended complaint must allege with much more specificity the acts of each defendant that, in concert, constituted a RICO enterprise.

The motions to transfer venue are DENIED, based on the fact that the parallel prior action pending in the Middle District of Alabama has been voluntarily dismissed by plaintiff in that case.

DONE this 15th day of March, 2005.

EXHIBIT

B

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BARBARA HOLLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-cv-237-WKW |
| | ) | (WO) |
| MGA, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is the sixth in the series of civil actions under the Racketeer Influenced and Corrupt

Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968 (2000 Ed. and Supp. III) against MGA, Inc.

("MGA") and others, all of which were filed in 2005 by the same plaintiffs' counsel representing six

distinct plaintiffs. Three cases were filed in the Northern District of Alabama,[1] and this is the second

case in the Middle District of Alabama.[2] One case was filed in the Middle District of Georgia.[3]

This case is before the court on the motions to dismiss of MGA (Docs. #12 and #62), United Parcel

Service, Inc. ("UPS") (Doc. #49), Select Media Services, LLC ("SMS") (Doc. #55), LFP, Inc.

("LFP") (Doc. #30), Mile High Media ("MHM") (Docs. #19 and #63), Digital Sin, Inc. ("DSI")

---

[1] *See William Eric Clark v. MGA, Inc., et al.*, CV-05-AR-0208-S (N.D. Ala. 2005) (hereinafter *"Clark I"*) filed on April 11, 2005. *See also William Eric Clark v. MGA, Inc., et al.*, CV-05-B-0633-S (N.D. Ala. 2005) on appeal U.S.C.A. #06-12857DD (hereinafter *"Clark II"*). On August 4, 2005, the same plaintiff's counsel filed *Angie Carter, et al. v. MGA, Inc., et al.*, CV-05-AR-1662 (M.D. Ala.) (hereinafter *"Carter"*).

[2] *See Timothy R. Odom v. MGA, Inc., et al.*, 1:05-CV-00059-MEF-DRB (M.D. Ala. 2005) (hereinafter *"Odom"*), filed on January 24, 2005.

[3] *See Russell Whitaker, et al. vs. MGA, Inc., et al.*, 1:05-CV-99, (M.D. Ga.) on appeal U.S.C.A. #06-15025DD (hereinafter *"Whitaker"*). The *Whitaker* complaint was filed on July 20, 2005.


EXHIBIT
C

(Docs. #45 and #61), and Fraserside Holding, LTD ("Fraserside") (Doc. #79).[4]  Also pending is a

Motion to Strike Response filed by Fraserside (Doc. #86), and Plaintiff's Motion for Leave to Join

Additional Defendants (Doc. #87).  For the reasons set forth herein, the court finds that all the

motions to dismiss are due to be granted, the motion to strike is due to be denied as moot, and

plaintiff's motion for leave to join additional defendants is due to be denied.

## PROCEDURAL AND FACTUAL BACKGROUND

The Complaint as amended (Doc. #37) purports to state a cause of action against all

defendants for economic injuries to Plaintiff caused by the actions of Defendants under 18 U.S.C.

§§ 1462, 1465 and 18 U.S.C. § 1466.  Plaintiff avers that these Defendants "conspired to transport

obscene materials into Alabama and across the United States and Canada for commercial sale, and

operated an enterprise for that purpose in order to make money." (*Id. at* ¶ *1*)  Plaintiff claims to be

a competitor of MGA who "rents and sells videotapes/CDs/DVDs of motion pictures . . ." (*Id.* at

¶ 4), and who suffered damages because she is unable to compete with MGA.[5]  This latter

circumstance is alleged to be due to MGA's substantially profitable distribution of obscene materials,

allowing MGA to distribute non-obscene materials "at a much lower price than plaintiff. . . ." (*Id.*

*at* ¶ *8*)  Plaintiff seeks $15,000,000 in damages, plus costs and a reasonable attorney's fee.

---

[4]  Each defendant in this case has been a defendant in each of the other five cases, except LFP, MHM, DSI and Frasierside were not defendants in *Clark I*.

[5]  Plaintiff does not dispute, however, that defendant MGA has never had a store in Samson, Alabama, the location of Plaintiff's business.

2

## DISCUSSION

The allegations in the amended complaint are for all practical purposes identical to the allegations in the five previous cases cited above. *Odom*[6] and *Clark I*[7] were voluntarily dismissed pursuant to Fed. R. Civ. P. 41(a)(1); *Clark* II was dismissed by order;[8] *Carter* was ordered dismissed,[9] appealed, and affirmed on appeal;[10] and *Whitaker* was dismissed.[11] In *Carter*, the Eleventh Circuit held: (1) "Plaintiffs' statements that the materials are obscene are insufficient to survive a motion to dismiss." *Carter* at 4; (2) "Plaintiffs' conclusory allegations that Defendants conspired with each other are insufficient to survive a motion to dismiss." *Id.*; and (3) "Plaintiffs did not allege facts sufficient to support their claims and thus did not meet the requirements of Rule 8." *Id. at 5.*

Consistent with the Eleventh Circuit's opinion in *Carter*, this court concludes Plaintiff has failed to state any cognizable RICO cause of action.[12] Not only is this outcome consistent with the *Carter* opinion, but it comports with the conclusions of three district courts[13] considering identical

---

[6]  Doc #34.

[7]  Doc. #30.

[8]  Doc. #55.

[9]  Docs. #23, #38 and #43.

[10]  *Carter, et al. v. MGA, Inc. et al.*, 2006 WL 1933788 (11th Cir. 2006) (unpublished).

[11]  Doc. #39.

[12]  Not addressed in *Carter* or other MGA related district court opinions is the difficulty in proving the direct causal relation between the RICO violation and the alleged injury as required in RICO cases under *Anza v. Ideal Steel Supply Corp.*, 126 S. Ct. 1991 (2006). Certainly Plaintiff failed to plead a sufficiently direct casual connection.

[13]  *Carter, Clarke II and Whittaker.*

3

claims on Rule 12 motions to dismiss. Though the plaintiffs are not identical, the claims and

allegations are identical for all relevant purposes. As the beneficiary of, in essence, six opportunities

through counsel to state a valid claim, and having had the opportunity to amend the complaint once,

plaintiff will not be allowed to replead or add parties.

## CONCLUSION

For the foregoing reasons, it is ORDERED:

(1)    The Motion to Strike Response (Doc. #86) is DENIED as moot;

(2)    Plaintiff's Motion for Leave to Join Additional Defendants (Doc. #87) is DENIED;

(3)    The motions to dismiss of MGA (Docs. #12 and #62), UPS (Doc. #49), SMS (Doc.

#55), LFP (Doc. #30), MHM (Docs. #19 and #63), DSI (Docs. #45 and #61), and Fraserside (Doc.

#79) are GRANTED.

(4)    A separate judgment dismissing all claims with prejudice will be entered.

DONE this 1st day of November, 2006.


        /s/  W. Keith Watkins
        UNITED STATES DISTRICT JUDGE

4

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 30, 2007
THOMAS K. KAHN
CLERK

No. 06-16187
Non-Argument Calendar

D. C. Docket No. 05-00237-CV-W-S

BARBARA HOLLAND,
d.b.a. Choice Video,

Plaintiff-Appellant,

versus

MGA, INC., and all Holding Companies and
affiliated Entities d.b.a. Movie Gallery,
UNITED PARCEL SERVICE, INC., (UPS),
SELECT MEDIA SERVICES, LLC,
MILE HIGH MEDIA, INC.,
LFP, INC.,
DIGITAL SIN, INC.,
FRASERSIDE HOLDING, LTD.,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Alabama

(March 30, 2007)


EXHIBIT
D

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Barbara Holland ("Holland") appeals the district court's order granting motions to dismiss filed by defendants, MGA, Inc.; United Parcel Service, Inc.; Select Media Services, LLC; LFP, Inc.; Mile High Media, Digital Sin, Inc.; and Fraserside Holding, LTD.  Holland's counsel filed six identical suits, including this one, against the same defendants in district courts in Alabama and Georgia.  We previously affirmed the district court's dismissal in two of the suits: *Carter v. MGA, Inc.*, Nos. 05-15402 & 05-16523 (11th Cir. Jul. 13, 2006) and *Clark v. MGA, Inc.*, No. 06-12857 (11th Cir. Nov. 29, 2006).  A third case is currently pending before us: *Whitaker v. MGA, Inc.*, No. 06-15025 (11th Cir. filed Sep. 13, 2006).  Holland's claims and allegations are identical to those in *Carter*, in which we affirmed the district court's dismissal for failure to state a claim.[1]  Accordingly, we AFFIRM the judgment of the district court for the reasons stated in *Carter*, Nos. 05-15402 & 05-16523 (11th Cir. Jul. 13, 2006).[2]

---

[1]The argument in Holland's brief in this appeal is *identical* to the arguments in the briefs Holland's counsel submitted on appeal in *Carter*, *Clark*, and *Whitaker*.

[2]We also grant appellees' motions for damages and costs filed pursuant to Fed. R. App. P. 38 and remand this case to the district court to determine the fees and costs to be awarded.

FILED

2006 Mar-17  PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM ERIC CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 05-B-0633-S |
| | ) | |
| MGA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This case is presently before the court on Motions to Dismiss, filed by defendants

MGA, (doc. 8); UPS, (doc. 9); Select Media Services, L.L.C., (doc. 22); Mile High Media,

(doc. 36); LFP, Inc., (doc. 11); and Fraserside Holding, Ltd., (doc. 32). Plaintiff has sued

defendants alleging defendants violated the Racketeer Influenced and Corrupt Organization

Act ["RICO"]. For the reasons set forth below, the court finds defendants MGA, UPS, Select

Media Services, and Mile High Media, are due to be dismissed as the claims against these

defendants are barred by res judicata based on the dismissal with prejudice of plaintiff's

claims in *Clark v. MGA*, CV 05-AR-0208-S [hereinafter *Clark I*]. The court finds Fraserside

is due to be dismissed for lack of personal jurisdiction, and defendants LFP and Fraserside

are due to be dismissed because plaintiff's Complaint fails to state a claim against these

defendants upon which relief can may be granted.



EXHIBIT
E

## I. RES JUDICATA

Defendants MGA, UPS, Select Media Services, and Mile High Media contend that plaintiff's claims against them are due to be dismissed as such claims are precluded by the prior order of this court in *Clark I*.   In response, plaintiff states that he "does not challenge that res judicata would bar this present action." (Doc. 23.) In light of plaintiff's concession, all his claims against defendants MGA, UPS, Select Media Services and Mile High Media are due to be dismissed with prejudice.

## B. PERSONAL JURISDICTION

On a Motion to Dismiss for lack of personal jurisdiction, "[w]hen the district court does not conduct a discretionary evidentiary hearing . . . , the plaintiff must establish a prima facie case of personal jurisdiction over the nonresident defendant." *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990)(citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988); *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988)). "A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for directed verdict," and "[t]he district court must accept the facts alleged in the complaint as true, to the extent that they are uncontroverted by the defendant's affidavits." *Id.* (citing *Morris*, 843 F.2d at 492 (citing *Delong Equip. Co.*, 840 F.2d at 845)) (internal quotations omitted).

Defendant Fraserside contends that this court lacks personal jurisdiction over it. Fraserside has presented evidence that it is a foreign corporation with its principal place of

2

business in Europe. (Doc. 32, Ex. 1.) Moreover, it has presented evidence that it does not

ship any goods to Alabama, as its distribution in the United States is handled by contractor.

(*Id.*) Plaintiff did not present any argument or evidence to the contrary. (*See* doc. 43.)

Therefore, defendant Fraserside Holding's Motion to Dismiss for lack of personal

jurisdiction is due to be granted.

## III. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Eleventh Circuit Court of Appeals has stated that a Motion to Dismiss "is viewed

with disfavor and rarely granted." *Brooks v. Blue Cross and Blue Shield*, 116 F.3d 1364,

1369 (11th Cir. 1997)(citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969);

*International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471

(5th Cir. 1968)). When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the

court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*,

980 F.2d 1418, 1419 (11th Cir. 1993)(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73

(1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986)); *see also Jackson v.*

*Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994). The court will dismiss a claim only

when it is clear that no relief could be granted under any set of facts consistent with the

allegations in the Complaint. *Hishon*, 467 U.S. at 73; *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957). "A complaint may not be dismissed because the plaintiff's claims do not support the

legal theory he relies upon since the court must determine if the allegations provide for relief

on *any* possible theory." *Brooks,* 116 F.3d at 1369 (citing *Robertson v. Johnston,* 376 F.2d 43 (5th Cir. 1967))(emphasis in original).

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke,* 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)(quoting *Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir. 1985)). "[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche,* 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.,* 800 F.2d 1577, 1579 (11th Cir. 1986)), *cited in McClendon v. May,* 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999).

Defendant Fraserside and LFP contend that plaintiff's Complaint is due to be dismissed for failure to state a claim. The heart of plaintiff's claim is his allegation that defendants participated in an enterprise that existed to deal in obscenity in violation of RICO. With regard to defendants Fraserside and LFP, plaintiff's Complaint alleges:

> 1. Fraserside and LFP "conspired [with the other named defendants] to transport obscene material into Alabama and across the United States and Canada for commerical sale and operated an enterprise for that purpose in order to make money." (Doc. 1 ¶ 1.)

> 2. Fraserside and LFP are "producers of pornography." (*Id.* ¶ 3.)

> 3. Fraserside and LFP and the other named defendants –

> since at least 1999 conspired to and in fact did import for sale and distribution tens of thousands, or more, of obscene and pornographic

4

videotapes and DVDs and magazines into Alabama and all across the U.S. and Canada.

Defendant MGA Executives . . . were Co-Conspirators with each other and the other defendants in this racketeering activity as defined in 18 U.S.C. 1961(1) (dealing in obscene matter). (*Id.* ¶ 7.)

4.    Fraserside and LFP "produced many of the obscene videotapes/DVDs purchased by . . . Defendant [MGA] for sale or rental. They placed their goods with Defendant UPS for shipment via interstate commerce for delivery to Defendant MGA . . . . (*Id.* ¶ 11.)

5.    Fraserside and LFP "did knowingly combine and confederate together with each other and others on thousands of dates before the filing of this Complaint, to disseminate and distribute hard-core, obscene videotapes/DVDs and magazines through interstate commerce throughout the United States . . . to profit and obtain benefits therefrom, and in violation of 18 U.S.C. Section [1962] (c)-(d) . . . ." (*Id.* ¶ 12.)

6.    "All Defendants conspired to violate 18 U.S.C. 1962(c) which is prohibited under 18 U.S.C. 1962(d) by Defendant MGA selling and/or renting the obscenity it ordered from  . . . LFP . . . and Fraserside . . . . (*Id.* ¶ 13.)

In his Complaint, plaintiff identifies two subsections of 18 U.S.C. § 1962 he contends

defendants violated – § 1962(c) and (d). (*Id.* ¶ 13.)

In order to state a claim under § 1962(c), plaintiff must allege that defendants

Fraserside and LFP "participate[d] in the operation or management of the enterprise itself

That is, [Fraserside and LFP] must have some part in directing the affairs of the enterprise."

*Williams v. Mohawk Industries*, 411 F.3d 1252, 1258 (11th Cir. 2005)(quoting *Reves v. Ernst*

*& Young*, 507 U.S. 170, 179, 185 (1993))(internal quotations and citations omitted).

Assuming that the defendants had a loose association for the purpose of distributing

obscenity, nothing in the Complaint even hints that Fraserside and LFP exercised any

direction over any part of the enterprise. Indeed, plaintiff's Complaint alleges that MGA and

UPS – not Fraserside and LFP – operated the enterprise. (Doc. 1 ¶ 13.)

Therefore, the court finds that plaintiff's Complaint fails to state a cause of action

against defendants Fraserside and LFP for a violation of 18 U.S.C. § 1962(c).

Plaintiff also alleges that Fraserside and LFP conspired to violate 18 U.S.C. § 1962(c),

which is a violation of 18 U.S.C. § 1962(d). The Eleventh Circuit has held:

> Section 1962(d) makes it unlawful to conspire to violate any of the substantive
> provisions of RICO, including § 1962(c). A plaintiff can establish a RICO
> conspiracy claim in one of two ways: (1) by showing that the defendant
> agreed to the overall objective of the conspiracy; or (2) by showing that the
> defendant agreed to commit two predicate acts. *United States v. Church*, 955
> F.2d 688, 694 (11th Cir.)(internal quotations and citations omitted), *cert.
> denied*, 506 U.S. 881 (1992); *United States v. Kopituk*, 690 F.2d 1289, 1323
> (11th Cir. 1982)(noting that it is sufficient that defendant knows of the
> "essential nature of the plan")(citations omitted), *cert. denied*, 461 U.S.
> 928(1983).

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 950 (11th Cir.

1997). The complaint must allege facts sufficient to allow an inference that defendants

"agreed to the overall objective of the conspiracy" or that they "agreed to commit two

predicate acts." *Id.* (citing *O'Malley v. O'Neill*, 887 F.2d 1557, 1559 (11th Cir. 1989)).

To establish a conspiracy claim against LFP and Fraserside, plaintiff must allege

sufficient facts to allow an inference that LFP and Fraserside agreed to distribute obscene

material or that they agreed to transport obscene material on two occasions. The Complaint,

however, contains only conclusory allegations of a conspiracy, which is insufficient to

support the conspiracy claim. *Hansel v. All Gone Towing Co.*, 132 Fed. Appx. 308, 310 (11th Cir. 2005)(citing *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984)).

Also, plaintiff's Complaint contains no specific allegations to support his assertion that LFP or Fraserside transported "obscene" videotapes or DVDs that were sold or rented by MGA, or that they agreed to participate with the other defendants in a conspiracy to distribute obscene material. Specifically, the court notes:

> Section 1961 requires that a RICO plaintiff establish that a defendant could be convicted for violating any of its predicate statutes. Therefore, in order to survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts.

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 948-49 (11th Cir. 1997)(citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 486-88 (1985); *Central Distributors of Beer, Inc. v. Conn*, 5 F.3d 181, 183-84 (6th Cir. 1993), *cert. denied*, 512 U.S. 1207 (1994); 18 U.S.C. § 1961).

Plaintiff does not identify even one videotape or DVD transported by LFP or Fraserside to MGA in violation of federal anti-obscenity law. Indeed, whether a particular videotape or DVD was obscene, so that it violated 18 U.S.C. § 1461-65, requires a factual determination based upon, among other considerations, the standards of the relevant community. Plaintiff has not alleged with any particularity that videotapes or DVDs produced by these defendants were actually obscene under federal law. *Ashcroft v. American Civil Liberties Union*, 542 U.S. 656, 678 (2004) ("Material is legally obscene if (a) the average person, applying contemporary community standards would find that the work, taken

7

as a whole, appeals to the prurient interest; (b) the work depicts or describes, in a patently

offensive way, sexual conduct specifically defined by the applicable state law; and (c) the

work, taken as a whole, lacks serious literary, artistic, political, or scientific value." (quoting

*Miller v. California*, 413 U.S. 15, 24 (1973)))(internal quotations omitted).

Moreover, plaintiff has submitted invoices from LFP and defendant Mile High Media,

which specifically state that the videotapes and DVDs produced by these defendants are not

to resold where such sale would be illegal.  (Doc. 24, Ex. E (Mile High's invoice states,

"NOT TO BE RESOLD WHERE PROHIBITED BY LAW.  This order contains X-Rated

Adult Material that your buyer has declared legal in the jurisdiction where they will be

sold"); *id.*, Ex. F (LFP's invoice states, "The purchaser agrees that, as an essential part of this

purchase agreement, they are familiar with the laws and community standards of their

customer base and represent and agree that they will not ship any of the products purchased

from LFP Video, Inc. into any community in violation of such laws and/or standards.").)

Such evidence rebuts any inference that Mile High or LFP agreed to transport or participate

in the distribution of obscene material.

Therefore, plaintiff's claims based on § 1962(d) are due to be dismissed for failure to

state a claim.

Even if the court were to find that the Complaint stated a RICO claim against

defendants LFP and Fraserside, plaintiff's Complaint would still be due to be dismissed

because it fails to allege an actionable RICO injury.  The Eleventh Circuit has held:

In order for a pattern of racketeering activity to be a cognizable cause of civil RICO injury to a private plaintiff, one or more of the predicate acts must not only be the "but for" cause of the injury, but the proximate cause as well. [*Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268 (1992); *Beck v. Prupis*, 162 F.3d 1090, 1095-96 (11th Cir. 1998)]. A wrongful act is "a proximate cause if it is a substantial factor in the sequence of responsible causation." *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1399 (11th Cir. 1994)(internal quotation omitted). Plaintiffs must show a "direct relation between the injury asserted and the injurious conduct alleged." *Holmes*, 503 U.S. at 268.

*Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1307-08 (11th Cir. 2003). A "plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business . . . by the conduct constituting the violation." *Williams v. Mohawk Industries*, 411 F.3d 1252, 1263 (11th Cir. 2005)(quoting *Sedima S.P.R.L. V. Imrex Co.*, 473 U.S. 479, 496-97 (1985)).

Plaintiff's Complaint alleges that he operated a "comparatively small" business selling videotapes and DVDs. (Doc. 1 ¶ 4.) He contends that he "found it increasingly difficult to compete with the ***more established video merchants as they could charge less for the same product***," (*id.* ¶ 5 [emphasis added]), and that he closed his business because "he could not make a profit," (*id.* ¶ 6.) He also contends that defendant MGA "was able to offer its non-obscene material at a much lower price than Plaintiff could since [MGA] made substantial profit on the sale of its pornography inventory . . . ." (*Id.* ¶ 8.)

The court finds that plaintiff's Complaint does not allege a injury that was proximately and directly caused by the alleged racketeering activity. As the Complaint states, plaintiff's difficulty in maintaining a competitive business was affected by "more established video

9

merchants" and their ability to under price him, not MGA's alleged dealings in obscene

material.  Even assuming that MGA was able to underprice plaintiff based on the profit

gained from the *sale* of allegedly obscene videotapes, DVDS, and movies, such activity is

not racketeering activity.[1]  Plaintiff's alleged injury is too remote from the transporting of

obscene material, which is racketeering activity, to support a RICO claim.

The court finds that plaintiff has not alleged an injury for which he is entitled to relief.

Therefore, plaintiff's Complaint is due to be dismissed against LFP and Fraserside for failure

to state a claim for which relief can be granted.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that plaintiff's claims against

defendants MGA, UPS, Select Media Services, L.L.C., Mile High Media, LFP, Inc., and

Fraserside Holding, Ltd., are due to be dismissed.[2]  An Order granting defendants' Motions

---

[1] The RICO statute defines "racketeering activity" as including violations of "sections 1461-1465," *see* 18 U.S.C. § 1961; these statutes deal with mailing, importing, transporting, and broadcasting obscene material, *see* 18 U.S.C. §§ 1461-1465.  RICO does not include 18 U.S.C. § 1466, "Engaging in the business of selling or transferring obscene matter," within the definition of racketeering activity.  Plaintiff alleges that defendant MGA sold obscene material and that the sale of this material caused his injury; however, selling obscene material is not racketeering activity.

[2] The court notes that plaintiff, who is represented by counsel, has not asked for permission to amend his Complaint.  "A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."  *Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).

to Dismiss, (docs. 8, 9, 11, 22, 32, 36), will be entered contemporaneously with this

Memorandum Opinion.

   **DONE**, this 16th day of March, 2006.

             *Sharon Lovelace Blackburn*

             SHARON LOVELACE BLACKBURN

             UNITED STATES DISTRICT JUDGE

**FILED**

2007 Jan-05 AM 10:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# United States Court of Appeals

## For the Eleventh Circuit

06 DEC 29 PM 2: 28

U.S. DISTRICT COURT
N.B. OF ALABAMA No. 06-12857

District Court Docket No.
05-00633-CV-2-SLB

| |
|---|
| **FILED**<br>**U.S. COURT OF APPEALS**<br>**ELEVENTH CIRCUIT**<br><br>Nov 29, 2006<br><br>THOMAS K. KAHN<br>CLERK |

WILLIAM ERIC CLARK,

      Plaintiff-Appellant,

versus

MGA, INC.,
and all Holding Companies and affiliated entities,
d.b.a. Movie Gallery,
UNITED PARCEL SERVICE, INC.,
SELECT MEDIA SERVICES, LLC,
MILE HIGH MEDIA, INC.,
LFP, INC.,
DIGITAL SIN, INC.,
FRASERSIDE HOLDING, LTD,

      Defendants-Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: *William P. Mile*

Deputy Clerk
Atlanta, Georgia

-------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Alabama

-------------------------------------------------------------

### JUDGMENT

    It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered:  November 29, 2006
For the Court:  Thomas K. Kahn, Clerk
By:  Gilman, Nancy



ISSUED AS MANDATE
DEC 2 8 2006
U.S. COURT OF APPEALS
ATLANTA, GA.



**EXHIBIT**
E

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————

No. 06-12857
Non-Argument Calendar

————————

| FILED |
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| NOV 29, 2006 |
| THOMAS K. KAHN |
| CLERK |

D. C. Docket No. 05-00633-CV-2-SLB

WILLIAM ERIC CLARK,

Plaintiff-Appellant,

versus

MGA, INC.,
and all Holding Companies and affiliated entities,
d.b.a. Movie Gallery,
UNITED PARCEL SERVICE, INC., et al.,

Defendants-Appellees.

————————

Appeal from the United States District Court
for the Northern District of Alabama

————————

**(November 29, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

This is an appeal by appellant William Eric Clark ("Clark") from a judgment of dismissal entered by the district court in favor of the defendants.

This court reviews *de novo* the dismissal of a complaint for failure to state a claim upon which relief may be granted. *Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). This court also reviews *de novo* the decision of a district court to bar a claim on the basis of res judicata. *Israel Disc. Bank Ltd. v. Entin*, 951 F.2d 311, 314 (11th Cir. 1992).

After reviewing the record and reading the parties' briefs, we conclude, as did the district court, that the instant complaint was due to be dismissed on grounds of res judicata. In comparing the dispositive order in the present case entered by Judge Blackburn with an earlier dispositive order entered by Judge Acker, we conclude that the instant case undeniably involves the identical parties, identical subject matter, and identical facts as in the first *Clark* case. The district court's dismissal with prejudice of the first *Clark* case asserting the very same civil RICO claim presented here barred Clark from refiling an identical claim before the district court. Accordingly, we affirm the district court's judgment of dismissal.[1]

**AFFIRMED.**

---

[1]We also grant appellees' motions for damages and costs filed pursuant to Rule 38 of the Fed. R. App. P. and remand this case to the district court to determine the amount of fees and costs to be awarded.

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

RUSSELL WHITAKER, ET. AL.,          :

       Plaintiff,                   :
                             :

vs.                                 :          1:05-CV-99 (WLS)

MGA, INC., ET. AL.,                 :

       Defendants.                  :

---

### ORDER

    Presently pending before the Court are Defendants' various motions to dismiss the complaint. (Tabs 35, 23, 17, 11, 7, 8). While each Defendant makes argument for dismissal on slightly different grounds unique to the individual Defendant, all Defendants agree that Plaintiffs' complaint fails to state a claim under the federal RICO statute and that the complaint fails to comply with the local rule governing RICO complaints. L.R. 33.3, USDC M.D.

    Defendants point out that six (6) virtually identical law suits have been filed in the Northern District and Middle District of Alabama. Most or all of those complaints have been voluntarily dismissed or dismissed with prejudice for failure to state a RICO claim for which relief can be granted. Besides the fact that Plaintiffs' attorney has yet to be admitted to practice in this Court, Plaintiff failed to timely respond to any of the Defendants' motions to dismiss. (Tabs 7, 8, 11, 17, 23, 35). Plaintiffs did eventually file an untimely response to all of the motions. (Tab 37). That response consisted of a one paragraph statement stating the complaint was sufficient and nothing further. Plaintiffs' untimely response did not address **any** of the grounds raised by **any** of the Defendants, including Plaintiffs' failure to comply with the local rule requiring the filing of RICO interrogatories. L.R. 33.3, USDC M.D. Plaintiffs' total disregard of the local and federal rules and the failure to even address the



obvious deficiencies of the complaint require this Court to dismiss the complaint against all

Defendants.  Accordingly, Defendants' motions to dismiss (Tab 7, 8, 11, 17, 23, 35) are

**GRANTED** and the above-styled action is **DISMISSED.**

      **SO ORDERED**, this __30th__ day of December, 2005.

                            __/s/W. Louis Sands_____
                            **W. LOUIS SANDS, CHIEF JUDGE**
                            **UNITED STATES DISTRICT COURT**

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 06-15025
Non-Argument Calendar

| FILED |
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| MARCH 15, 2007 |
| THOMAS K. KAHN |
| CLERK |

D.C. Docket No. 05-00099-CV-WLS-1

RUSSELL WHITAKER,
C. R. GREGORY,
f.d.b.a. Tiffany's Movie's,
ROBERT KNIGHTON,
f.d.b.a. C.J.'s Video Plus,

Plaintiffs-Appellants,

versus

MGA, INC.,
UNITED PARCEL SERVICE, INC., (UPS), et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Georgia

**(March 15, 2007)**

Before ANDERSON, BARKETT, and COX, Circuit Judges.

PER CURIAM:



Plaintiffs Russell Whitaker, C. R. Gregory, and Robert Knighton appeal the district court's dismissal of their civil RICO claim against Defendants MGA, Inc., United Parcel Service, Select Media Services, LLC, Mile High Media, Inc., LFP, Inc., Digital Sin, Inc., and Fraserside Holdings, Ltd. We find no reversible error in the dismissal and therefore affirm.

Plaintiffs' complaint does not allege facts to support the conclusory allegations that Defendants combined and conspired to manufacture, transport, and distribute obscene materials. Thus, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) was proper.

**AFFIRMED.**

**FILED**

2005 Sep-19  PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANGIE CARTER, d/b/a FAIRVIEW } <br>
VIDEO, et al., }

    Plaintiffs, }    CIVIL ACTION NO.
}    05-AR-1662-S

v. }

MGA, INC., d/b/a MOVIE }<br>
GALLERY, et al., }

    Defendants. }

### MEMORANDUM OPINION

The complaint in the above-entitled action is identical, or virtually identical, to the complaint in *William Eric Clark v. MGA, et al.*, CV-05-AR-208-S, an action which this court finally dismissed on May 18, 2005, after earlier dismissals as to some of the defendants. The motions to dismiss filed in the above-entitled cause by defendants, MGA, Inc., United Parcel Service, Inc., Digital Sin, Inc. and LFP, Inc., contain the same arguments with which this court has previously agreed. Those arguments are again well taken, and the motions accompanying them are due to be granted. They will be granted by separate order.

DONE this 19th day of September, 2005.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE



[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

| Nos. 05-15402 & 05-16523 | **FILED**<br>**U.S. COURT OF APPEALS**<br>**ELEVENTH CIRCUIT**<br>**July 13, 2006**<br>**THOMAS K. KAHN**<br>**CLERK** |
|---|---|
| D. C. Docket No. 05-01662-CV-AR-S | |

ANGIE CARTER,
d.b.a. Fairview Video,
MARY HALL, et al.,

                                        Plaintiffs-Appellants,

    versus

MGA, INC., and all Holding
Companies and Affiliated Entities
d.b.a. Movie Gallery,
UNITED PARCEL SERVICE, INC. (UPS),
SELECT MEDIA SERVICES, LLC, et al.,

                                        Defendants-Appellees.

---

Appeals from the United States District Court
for the Northern District of Alabama

---

**(July 13, 2006)**

Before EDMONDSON, Chief Judge, and DUBINA and HULL, Circuit Judges.



PER CURIAM:

Plaintiffs Angie Carter, Mary Hall, Maurice King, and William Harris appeal the district court's dismissal under Rule 12(b)(6) of their civil RICO claim. No reversible error has been shown; we affirm.

We review de novo the district court's grant of the motion to dismiss under 12(b)(6), accepting the factual allegations in the complaint as true and construing them in the light most favorable to Plaintiffs. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

Plaintiffs are the owners of video rental stores in Alabama. Plaintiffs sell and rent only nonpornographic materials. Defendant Movie Gallery, successor in interest to M.G.A., Inc., sells and rents pornographic and nonpornographic materials. Defendants Mile High Media, Inc., LFP, Inc., Digital Sin, Inc., and Fraserside Holding produce pornographic movies. Defendant UPS transported in interstate commerce pornographic materials from these companies to Movie Gallery. Defendant Select Media sold pornographic magazines to Movie Gallery.

Plaintiffs allege that Defendants violated 18 U.S.C. 1962(c)-(d)[1] by conspiring to distribute and by actually distributing obscenity and by using the

---

[1]Plaintiffs did not actually state that Defendants violated section 1962(c) in the complaint, but instead that Defendants violated 1462(c). As the text of that paragraph seemed to indicate section 1962(c) was intended, we will address that claim.

2

proceeds of that distribution to allow Movie Gallery to sell and to rent

nonpornographic materials at a price less than Plaintiffs were able to sell and rent

nonpornographic materials.

To state a claim for violation of section 1962(c), Plaintiffs must allege facts

showing "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering

activity." Jones v. Childers, 18 F.3d 899, 910 (11th Cir. 1994) (quoting Sedima

S.P.R.L. v. Imrex Co., 105 S.Ct. 3275, 3285 (1985). A pattern of racketeering

activity is defined as two predicate acts committed within a ten-year period. Green

Leaf Nursery v. E.I. DuPont De Nemours Co., 341 F.3d 1292, 1306 (11th Cir.

2003). Plaintiffs alleged that Defendants violated two federal obscenity statutes,

18 U.S.C. §§ 1462 and 1465, on 27 September 2004 and 22 October 2004. Both

violation of the statutes are identified as predicate acts in 18 U.S.C. 1961.[2]

Plaintiffs must allege facts sufficient to show a violation of these obscenity

statutes to survive a motion to dismiss. See Republic of Panama v. BCCI

Holdings (Luxembourg) S.A., 119 F.3d 935, 949 (11th Cir. 1997) ("In order to

survive a motion to dismiss, a plaintiff must allege facts sufficient to support each

of the statutory elements for at least two of the pleaded predicate acts.").

---

[2]Plaintiffs also alleged that Defendants violated 18 U.S.C. § 1466, but this statute is not listed in
18 U.S.C. § 1961 as a possible predicate act.

3

Plaintiffs, however, did not allege facts that would show -- or create a reasonable inference -- that the pertinent materials were obscene. The only facts Plaintiffs state about the pertinent materials are their titles. These titles create a reasonable inference that at least some of the materials were pornographic but are insufficient to create a reasonable inference that the materials were obscene. Plaintiffs' statements that the materials are obscene are insufficient to survive a motion to dismiss. See Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."). Therefore, the district court properly dismissed the section 1962(c) claim.

Section 1962(d) makes it illegal to conspire to violate a substantive RICO provision. To state a claim under this section, Plaintiffs must allege facts to support an agreement to violate a substantive provision of the RICO statute. Jackson v. Bell South Telecomm., 372 F.3d 1250 (11th Cir. 2004). But Plaintiffs alleged no facts to show or to create a reasonable inference that Defendants made an agreement. Plaintiffs' conclusory allegations that Defendants conspired with each other are insufficient to survive a motion to dismiss. Therefore, the section 1962(d) claims were properly dismissed.

4

Plaintiffs argue that they were held to a higher standard of pleading than that required by Federal Rule of Civil Procedure 8. But the district court never said it applied a higher standard to RICO pleadings, and Defendants never argued that a higher standard should be used. As discussed above, Plaintiffs did not allege facts sufficient to support their claims and thus did not meet the requirements of Rule 8.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

5