IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| MICHAEL WILLIAMS, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:07-cv-228-MEF |
| MGA, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

**MOTION TO DISMISS OF DEFENDANT**
**SELECT MEDIA SERVICES, LLC**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Select Media Services, LLC, ("SMS") moves this Court to dismiss the complaint filed by Plaintiffs Michael and Marco Williams on the grounds that it fails to state a claim against SMS upon which relief may be granted.

In its motion to dismiss, Defendant Movie Gallery US, LLC, successor to MGA, Inc. ("Movie Gallery"), has established that the complaint fails to satisfy, in multiple respects, the well-established requirements for stating a legally viable civil claim under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961, *et seq.* These deficiencies include the following:

- Plaintiffs fail to plead any facts that would establish that the Plaintiffs have been directly injured in their business by reason of a violation of 18 U.S.C. § 1962—the RICO statute.

- Plaintiffs fail to identify the existence of any enterprise, or SMS's participation in an enterprise.

- Plaintiffs do not set forth any facts establishing that SMS entered into any conspiracy to violate § 1962.

SMS specifically adopts the arguments and legal authorities by Movie Gallery in its motion to dismiss. Furthermore, SMS makes the following arguments with regard to the specific allegations against it.

First, based on the allegations in Plaintiffs' complaint, Plaintiffs cannot show that they were harmed by any of SMS's activities. Plaintiffs allege that their business "rents and sells videotapes/CDs/DVDs of motion pictures," not magazines. (Complaint at ¶ 4.) Because Plaintiffs only allege that SMS distributes magazines, SMS's alleged acts—the distribution of those magazines—could not have caused direct harm to Plaintiffs, through competitive injury or otherwise.

Second, Plaintiffs' allegations as to SMS, essentially that SMS distributed magazines entitled "Club International," "Leg World," and "Barely Legal" to Movie Gallery, (Complaint at ¶ 10), do not adequately state that SMS distributed obscene materials. The Eleventh Circuit, in *Carter*, held that such allegations "are insufficient to create a reasonable inference that the materials were obscene." *Carter v. MGA, Inc.*, 189 Fed. Appx. 893, 894 (11th Cir. 2006).[1] While Plaintiffs catalog a number of depicted acts in Paragraph 8 of the Complaint, Plaintiffs do not allege that any such acts are depicted in the magazines allegedly distributed by SMS. Accordingly, there are no allegations that could support any claim against SMS.

WHEREFORE, the Court should enter an order dismissing all of Plaintiffs' claims against SMS with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1] *See* Paragraph 10 of the complaint in *Carter v. MGA, Inc.*, which is attached hereto as Exhibit A.

DATED: April 9, 2007.

        Respectfully submitted,

        s/ Michael T. Sansbury
        Robert K. Spotswood (SPO 001)
        Michael T. Sansbury (SAN 054)
        SPOTSWOOD SANSOM & SANSBURY LLC
        940 Concord Center
        2100 Third Avenue North
        Birmingham, Alabama  35213
        Telephone: (205) 986-3620
        Fax: (205) 986-3639
        E-mail:    rks@spotswoodllc.com
                      msansbury@spotswoodllc.com

        *Attorneys for Select Media Services, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that, on April 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Malcolm R. Newman, Esq.
**MALCOLM R. NEWMAN ATTORNEY PC**
219 West Crawford St.
Dothan, AL 36301

Jeffrey M. Grantham, Esq.
Jeffrey A. Lee, Esq.
John Thomas A. Malatesta III, Esq.
**MAYNARD COOPER & GALE PC**
AmSouth Harbert Plaza, Suite 2400
1901 6th Ave. N.
Birmingham, AL 35203

      I hereby certify that, on April 9, 2007, I served a copy of the foregoing by placing a copy of same in the U.S. Mail, first-class postage prepaid, and properly addressed to the following:

Digital Sin, Inc.
21345 Lassen Street
Chatsworth, CA 91311

Fraserside Holding, LTD
10947 Pendleton Street
Sun Valley, CA 91352

LFP, Inc.
8484 Wilshire Blvd.
Suite 900
Beverly Hills, CA 90211

Mile High Media, Inc.
20652 Bahama Street
Chatsworth, CA 91311

United Parcel Service, Inc. (UPS)
c/o The Corporation Company, Registered Agent
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

                                    s/ Michael T. Sansbury
                                      OF COUNSEL

FILED
2005 Aug-05 PM 12:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANGIE CARTER d/b/a FAIRVIEW VIDEO, MARY HALL/MAURICE KING d/b/a MOVIE STORE, WILLIAM HARRIS d/b/a MOVIE WORLD, | * * * * * | |
| PLAINTIFFS, | * * | |
| VS. | * * | CASE NO.:_____ |
| MGA, INC., and all Holding Companies and Affiliated Entities d/b/a MOVIE GALLERY, UNITED PARCEL SERVICE, INC., (UPS), SELECT MEDIA SERVICES, LLC, MILE HIGH MEDIA, INC., LFP, INC., DIGITAL SIN, INC., AND FRASERSIDE HOLDING, LTD, | * * * * * * * * * | A JURY IS DEMANDED |
| DEFENDANTS. | * | |

## COMPLAINT

1.      This is an action for equitable relief and money damages, instituted to redress the injuries to Plaintiffs caused by the actions of the Defendants which are prohibited under 18 U.S.C. Sections 1462, 1465 and 18 U.S.C. Section 1466. Plaintiffs aver that these Defendants conspired to transport and distribute obscene material into Alabama and across the United States and Canada for commercial sale, and operated an enterprise for that purpose in order to make money.

II      **JURISDICTION AND VENUE**

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331 and 18 U.S.C. Section 1964 and Section 1965(a). Venue is proper under Section 1391(c) as it appears all of the Defendants do business in the Northern District of Alabama

directly or indirectly.

**III  PARTIES**

3.  The Defendant MGA, Inc. is a Delaware Corporation based in Dothan, Alabama with operations throughout the U.S. and Canada. The Defendant UPS is licensed to do business in this State and across the United States. Defendant Select Media Services, LLC is a Georgia Company licensed to do business in this State. All other Defendants are producers of pornography with no agent in this State. Plaintiffs are resident citizens of Alabama living in the Northern District.

**IV  STATEMENT OF ALLEGATIONS**

4.  Plaintiff William Harris has operated Movie World since 1987 in Hueytown, Alabama and has directly competed with Defendant MGA, Inc. since that time. Harris does not sell or rent pornography.

5.  Mary Hall and Maurice King have operated Movie Store in Tuscaloosa County, Alabama since 2001 and directly competed with Defendant MGA, Inc. since that time. They do not sell or rent obscenity. Plaintiffs Hall and King also operated two Video King stores in St. Louis, Missouri from November 1989 and 1990 until December 2002 at 6740 Page, St. Louis, Missouri and 2867 Union, St. Louis, Missouri. No obscene material was sold or rented at either location.

6.  Angie Carter has operated Fairview Video in Cullman, Alabama since 1990 and directly competed with MGA, Inc.. Carter does not sell or rent pornography.

7.  The Defendants since at least 1999 conspired to and in fact did import for sale and distribution, tens of thousands of obscene and pornographic tapes and DVDs and

magazines into Alabama and all across the U.S. and Canada. Defendant MGA Executives Harrison Parrish, Keith Cousins, Bo Loyd, Jeff Stubbs, and COO Bob Sirkis were Co-Conspirators with each other and the other Defendants in this racketeering activity;

**8.** Defendant Movie Gallery was able to offer its non-obscene material at a much lower price than Plaintiff could since Movie Gallery made substantial profit on the sale of its pornography stock/inventory; said obscene material bearing such Titles as "Ass Watcher", "Up Your Ass Vol. 24", Barely 18 Vol. 13", "Blonde Chicks and Black D _ _ ks", "Dip it in my Ass and Stick it in my Mouth", and "DP that White P _ _ _ y" and Titles similar thereto;

**9.** Defendant UPS knew that it was engaged in the illegal transportation of obscenity by virtue of the names of the producers it serviced in and around the San Fernando Valley area of California, in particular Chatsworth and Van Nuys, California, as it did on September 27th and October 22nd 2004, to-wit: Pleasure Productions, Digital Sin and Mile High Media, Inc.;

**10.** The Defendant Select Media Services, LLC did on a monthly basis within the last ten years place in interstate commerce from its place of business in Duluth, Georgia obscene magazines Titled "Club International", Leg World" and "Barely Legal" which depict and describe sexual acts and fetishism. Said Defendant exported this material into Alabama with re-distribution by Movie Gallery throughout the United States, in furtherance of MGA's trade in obscenity;

**11.** Mile High Media, Inc., LFP, Inc., Digital Sin, Inc. and Fraserside Holding, LTD produced many of the obscene videotapes/DVDs purchased by or distributed to

Defendant Movie Gallery for sale or rental. They placed their goods with Defendant UPS for shipment via interstate commerce for delivery to Defendant MGA at its corporate offices in Dothan, Alabama to be screened for approval by MGA Buyer Dan Richards (or his substitute Carrie Parrish) before Titles and quantities were finalized;

**12.** These Defendants did knowingly combine and confederate together with each other and others on thousands of dates before the filing of this Complaint, to disseminate and distribute hard-core, obscene videotapes/DVDs and magazines through interstate commerce throughout the United States and Canada via common carrier, to profit and obtain benefits therefrom, and in violation of 18 U.S.C. Section 1462 (c)-(d) also known at the Racketeer Influenced and Corrupt Organizations Act, or "RICO";

**13.** Plaintiff avers that at least since 1999, and as recently as August, September and October 2004, Defendants MGA and UPS, have continued on a daily basis, to operate their enterprise by disseminating obscenity, as evidenced by committing at least two predicate acts on October 22, 2004 and September 27, 2004. All Defendants conspired to violate 18 U.S.C. 1962 (c) which is prohibited under 18 U.S.C. 1962 (d) by Defendant MGA selling and/or renting the obscenity it ordered from Mile High Media, Inc., LFP, Inc., Digital Sin, Inc., Fraserside Holding, LTD d/b/a Private, and Select Media Services, LLC which was delivered by the Defendant UPS, said racketeering activity conducted by these Defendants solely and only to make money.

V      **CLAIMS FOR RELIEF**

Plaintiff Harris avers that the Defendants' conduct converged to injure or otherwise damage his business which suffered losses of some four hundred eighty thousand dollars for each year Plaintiff competed with Co-Defendants Movie Gallery unaware that Movie Gallery had an unfair and illegal competitive advantage.

Plaintiffs Hall and King aver that the Defendants' conduct converged to injure or otherwise damage their business which suffered losses of some one hundred ninety two thousand dollars for each year Plaintiffs competed with Co-Defendant Movie Gallery unaware that Movie Gallery had an unfair and illegal competitive advantage.

Plaintiff Carter avers that the Defendants' conduct converged to injure or otherwise damage her business which suffered losses of two hundred twenty thousand dollars for each year Plaintiff competed with Co-Defendant Movie Gallery unaware that Movie Gallery had an unfair and illegal competitive advantage.

Plaintiffs demand judgment against these Defendants for no less than twenty five million, thirty two thousand dollars ($25,032,000.00) as treble damages under 18 U.S.C. Section 1964, costs of this action and a reasonable attorney's fee.

Malcolm R. Newman, Attorney, P.C.

———————————————
Malcolm R. Newman (NEW017)
Attorney for Plaintiffs
P.O. Box 6137
Dothan, Alabama 36302
(334) 792-2132
ASB-2826-M39M