IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS AND MARCO WILLIAMS, d/b/a FIRST CHOICE VIDEO, <br><br> Plaintiffs, <br><br> vs. <br><br> MGA, Inc., and all Holding Companies and Affiliated Entities, d/b/a MOVIE GALLERY, UNITED PARCEL SERVICE, INC. (UPS), SELECT MEDIA SERVICES LLC, MILE HIGH MEDIA, INC., LFP, INC., DIGITAL SIN, INC., AND FRASERSIDE HOLDING LTD, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  <br><br> Civil Action No.: 1:07-CV-228-MEF |

**REPLY BRIEF BY MOVIE GALLERY US, LLC
IN SUPPORT OF MOTION TO DISMISS**

COMES NOW Movie Gallery US, LLC ("Movie Gallery") and hereby submits this reply in support of its Motion to Dismiss the civil RICO claim asserted against Movie Gallery and other defendants. In support thereof, Movie Gallery states as follows:

1. Much like the complaint itself, Plaintiffs' counsel, Malcolm R. Newman ("Attorney Newman"), yet again has voiced the very same deficient arguments he has previously asserted in response to motions to dismiss that Movie Gallery and other defendants have filed in six preceding lawsuits. For the <u>seventh</u> time, Movie Gallery's motion to dismiss is due to be granted.

2. Plaintiffs believe they have satisfied the "notice pleading" standard of Fed. R. Civ. P. 8. Although the Plaintiffs cite *Conley v. Gibson*, 355 U.S. 41 (1957), they have failed to satisfy the pleading standard enunciated by the United States Supreme Court in that decision.

"All the rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is *and the grounds upon which it rests*." 355 U.S. at 47 (emphasis added). That is precisely what the Plaintiffs have failed to do in this Complaint. Plaintiffs have done nothing more than assert conclusory allegations for nearly every single element a pleader seeking relief under civil RICO is required to establish.

Merely stating that Movie Gallery and other defendants "operated an enterprise" or "conspired" hardly qualifies as stating the "grounds upon which it [a claim] rests" as required by the notice pleading standards of the Federal Rules of Civil Procedure. As the Eleventh Circuit reiterated in *Abele v. Tolbert*, 172 Fed. Appx. 967 (11th Cir. 2006), "a civil claim under the RICO Act requires proof of four elements: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" In a related civil RICO case Attorney Newman filed against Movie Gallery and other defendants asserting the very same allegations that are presented here, the Eleventh Circuit found that "Plaintiffs did not allege facts sufficient to support their claims and thus did not meet the requirements of Rule 8." *Carter et al. v. MGA, Inc. et al.*, 2006 WL 1933788 (11th Cir. 2006) (unpublished).

The allegations in this complaint also fall short of Rule 8's dictate. No "enterprise" has been identified for the seventh time. Similarly, no agreement to participate in an enterprise has been sufficiently alleged. No facts have been established showing that any such enterprise engaged in a pattern of racketeering activity, or that this conduct was the direct and proximate cause of the Plaintiffs' alleged injuries. Plaintiffs have failed to set forth any of these fundamental pleading requirements, attempting instead to mask these glaring omissions with conclusory allegations.

The Eleventh Circuit has repeatedly held, however, that "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1246 (11th Cir. 2005) (*per curiam*); *see also Manax v. McNamara*, 842 F. 2d 808 (5th Cir. 1988) ("Whatever the pleading requirement for other causes of action, plaintiffs in RICO claims 'must plead specific facts, not mere conclusory allegations, which establish the enterprise.'"). Conclusory allegations are precisely what Attorney Newman has presented to this Court.

Plaintiffs also incorrectly assert that "Defendant seeks to engraph Rule 9's dictates regarding fraud allegations." Response, p. 2. At no point in its motion did Movie Gallery argue that a higher pleading threshold applies to civil RICO claims akin to the averments of fraud or mistake expressly governed by Fed. R. Civ. P. 9. Plaintiffs have simply failed to satisfy Rule 8.

3.  Attorney Newman continues to overlook the distinction between conduct constituting racketeering activity, and conduct giving rise to civil RICO liability. Plaintiffs emphasize that "dealing in obscene material <u>is</u> racketeering activity." Response, p. 6 (emphasis in original). In support thereof, Plaintiffs include several Department of Justice news releases discussing the federal government's prosecution of individuals and companies indicted on obscenity charges. <u>Criminal</u> racketeering activity, in and of itself, however, does not establish <u>civil</u> RICO liability. As stated in *James v. Meow Media*, 90 F. Supp. 2d 798, 812 (W.D. Ky. 2000), "violations of state and/or federal obscenity laws only serve as the predicate acts of racketeering *upon which to base a § 1962 violation*" (emphasis added). Criminal prosecution of those predicate acts specifically enumerated in 18 U.S.C. § 1961 (defined as indictable acts) is separate and apart from civil RICO liability. "The predicate act itself is insufficient to establish that § 1962 was violated." *James*, 90 F. Supp. 2d at 812. A predicate act violation is only one

required element a plaintiff must establish before a defendant may be found liable under 18 U.S.C. § 1964, the civil RICO statute. As discussed in Movie Gallery's motion to dismiss, Plaintiffs completely failed to plead these elements. Plaintiffs certainly do not satisfy their burden through conclusory statements. *See* Response, p. 2 ("Plaintiffs allege violations of Section 1962 (c) and (d)").

Furthermore, the news releases Plaintiffs have attached as Exhibits 2-6 do absolutely nothing to prove the Plaintiffs, in this case, have properly plead a civil RICO claim entitling them to relief under the law. Plaintiffs inability to set forth facts with proper specificity demonstrating that Movie Gallery violated § 1962 is fatal to Plaintiffs' attempt to bring a civil RICO claim.

4      Plaintiffs' devote the majority of their response to an excerpt from the Eleventh Circuit decision in *United States v. Pipkins*, 378 F.3d 1281 (11th Cir. 2004). Plaintiffs apparently recognize the elements they must establish to assert a RICO claim, but omit any discussion of how the allegations in their Complaint satisfy these elements. The reason is simple -- there has never been an agreement between Movie Gallery and other defendants to participate in an enterprise designed to place Plaintiffs, or any other industry competitor for that matter, at a competitive disadvantage.

As stated by the court in *Pipkins*, "[t]o establish a RICO conspiracy, the government had to prove that the Defendants 'objectively manifested through words or actions, an *agreement to participate* in . . . the affairs of [an] *enterprise* through the commission of two or more predicate acts.'" 378 F.3d at 1288 (quoting *United States v. To*, 144 F.3d 737, 744 (11th Cir. 1998)) (emphasis added). Notably absent from Plaintiffs' Complaint or Response is an allegation of an

agreement between the Defendants. There is no allegation because there is no existence of any such agreement.

Furthermore, even assuming Plaintiffs could demonstrate the existence of an enterprise, Plaintiffs fail to show that Movie Gallery used the enterprise as a vehicle to conduct its "pattern of racketeering activity." *Pipkins* actually illustrates the flaws in Plaintiffs' Complaint that preclude them from bringing a claim under civil RICO. In *Pipkins*, the court found there was sufficient evidence of an informal, ongoing organization between fifteen Atlanta pimps to prove the existence of a RICO enterprise that was formed to make money through juvenile prostitution. To substantiate this finding, the court pointed to the fact that the pimps recruited and swapped prostitutes with one another, commingled funds and profits, geographically divided the Atlanta market to reduce competition and provided the prostitutes housing, meals, clothing, drugs and condoms.

In contrast, the Plaintiffs have introduced no evidentiary materials, as this Court required in its April 9, 2007 Order, that would validate the conclusory allegations set forth in their Complaint. For instance, the requisite nexus between the purported distribution of allegedly obscene material and an enterprise is lacking. And there is absolutely no evidence an alleged civil RICO violation led directly and proximately to the Plaintiffs' injuries. *Anza et al. v. Ideal Steel Supply Corp.*, 547 U.S. ___, 126 S. Ct. 1991.

5.   For the foregoing reasons, as well as for all the reasons set forth in Movie Gallery's Motion to Dismiss, Plaintiffs' Complaint should be dismissed as a matter of law. Plaintiffs' Response, and the absence of any evidentiary materials to support their position, confirm that there is no merit to this claim. Even under the most liberal reading, Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

                                        Respectfully submitted by,

                                        /s/ Jeffrey M. Grantham
                                        Jeffrey M. Grantham
                                        John Thomas A. Malatesta, III
                                        Attorneys for Defendant Movie Gallery US, LLC

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, AL 35203-2618
Telephone: (205) 254-1000
Fax: (205) 254-1999
E-mail: jgrantham@maynardcooper.com
E-mail: jmalatesta@maynardcooper.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Malcolm R. Newman
Malcolm R. Newman, P.C.
P.O. Box 6137
Dothan, AL 36302-6137

Robert K. Spotswood
Michael T. Sansbury
Spotswood LLC
2100 Third Avenue North
Concord Center, 940
Birmingham, AL 35203

Alan C. Livingston
Lee & McInish, P.C.
P.O. Box 1665
Dothan, AL 36302-1665

A copy of the foregoing has been served upon the following parties who have yet to enter an appearance by placing a copy of same in the U.S. Mail, first-class postage prepaid, and properly addressed:

**Digital Sin, Inc.**
21345 Lassen Street
Chatsworth, CA 91311

**Fraserside Holding, LTD**
10947 Pendleton Street
Sun Valley, CA 91352

**LFP, Inc.**
8484 Wilshire Blvd.
Suite 900
Beverly Hills, CA 90211

**Mile High Media, Inc.**
20652 Bahama Street
Chatsworth, CA 91311

on this the 30th day of April, 2007.

                                                  s/ Jeffrey M. Grantham
                                                  Of Counsel