**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**MICHAEL WILLIAMS AND MARCO WILLIAMS, d/b/a FIRST CHOICE VIDEO,**

**Plaintiffs,**

**vs.**

**MGA, Inc., and all Holding Companies and Affiliated Entities, d/b/a MOVIE GALLERY, UNITED PARCEL SERVICE, INC. (UPS), SELECT MEDIA SERVICES LLC, MILE HIGH MEDIA, INC., LFP, INC., DIGITAL SIN, INC., AND FRASERSIDE HOLDING LTD,**

**Defendants.**

**Civil Action No.: 1:07-CV-228-MEF**

**MOTION FOR SANCTIONS**

COMES NOW Defendant Movie Gallery US, LLC, successor to M.G.A., Inc., ("Movie Gallery") and respectfully moves this Court pursuant to Federal Rule of Civil Procedure 11 to impose sanctions against Plaintiffs' attorney Malcolm R. Newman ("Attorney Newman") for the continued prosecution of a legal claim the United States District Court for the Middle District of Alabama and other courts has repeatedly found deficient in fact and law.[1] In support of its motion, Defendant Movie Gallery states the following:

[1] Pursuant to Fed. R. Civ. P. 11(c), this motion was first served on Attorney Newman on April 5, 2007 – more than 21 days before the filing of this motion. A letter dated April 5, 2007 to Attorney Newman enclosing the motion is attached as Exhiibt A, and a copy of the green return of service card is attached hereto as Exhibit B.

## Introduction

This lawsuit represents the **seventh** facially deficient complaint, without a good faith basis in law or fact, Attorney Newman has filed against Movie Gallery and other defendants.[2] Movie Gallery has incurred tens of thousands of dollars in needless defense costs over the past two years as a result of these frivolous and baseless lawsuits filed on behalf of local video store operators in Alabama, Georgia, Texas and, most recently, Mississippi.

These lawsuits are nothing more than unwarranted and vindictive claims that serve to abuse the judicial process and harass Movie Gallery. The United States District Court for the Northern District of Alabama found that a similar lawsuit filed by Attorney Newman constituted vexatious litigation under 28 U.S.C. § 1927. The United States Court of Appeals for the Eleventh Circuit has found three appeals from District Court dismissals of complaints virtually identical to the one before this Court frivolous. Nevertheless, Attorney Newman continues to advance the exact same claim (on behalf of different clients) the federal judiciary has shown time and again has no possible chance of success.

Attorney Newman should not be able to recycle the very same deficient pleading free of consequences. Movie Gallery and other defendants continue to incur significant attorneys' fees to defend lawsuits Attorney Newman knows are frivolous. A member of this bar engaging in such bad faith litigation should be held accountable under Fed. R. Civ. P. 11. Accordingly, this motion requests sanctions sufficient to deter Attorney Newman from adding yet another complaint to his laundry list of frivolous, vexatious litigation, and finally bring to a close the needless time and costs expended by Movie Gallery to defend these lawsuits.

[2] An eighth lawsuit, *Karriem v. M.G.A., Inc. et al.*, 3:05-CV-2079-P (N.D. Tex. 2005), setting forth the exact same averments was filed by Ray Jackson of Dallas, Texas. It is not known whether or not this case was referred by Attorney Newman, but the complaints are virtually identical.

## Related Cases

On six other occasions, Attorney Newman has filed complaints practically identical to the one filed in this action -- accusing Movie Gallery of distributing and selling purportedly obscene material in concert with the co-defendants in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").

Plaintiffs claim that, because Movie Gallery offers for sale and rent alleged obscene materials in its video retail stores, they are unable to compete with Movie Gallery and thus, Movie Gallery is somehow liable to them under RICO. Movie Gallery has moved to dismiss each case. **All six times, the District Court presented with the complaint has dismissed the lawsuit**. **Whenever Attorney Newman has appealed a decision to the Eleventh Circuit, it has been affirmed**. For the convenience of the court, a summary of the procedural posture of these related cases initially set forth in Movie Gallery's motion to dismiss is provided below.

**1. The First RICO Case: *Odom v. MGA, Inc. et al.*, 1:05-CV-59-F (M.D. Ala. 2005) (filed Jan. 24, 2005 -- dismissed Mar. 11, 2005)**

Attorney Newman filed the first of these lawsuits on behalf of a plaintiff named Timothy R. Odom in the United States District Court for the Middle District of Alabama (the *Odom* Complaint). The Honorable Chief Judge Mark E. Fuller was assigned to this case. Movie Gallery and other defendants filed motions to dismiss for failure to state a claim upon which relief can be granted. Judge Fuller entered an order in the *Odom* case requiring Attorney Newman to file a response and any "evidentiary materials" supporting his opposition to the motions to dismiss. Rather than comply with Judge Fuller's Order, Attorney Newman voluntarily dismissed the *Odom* case and attempted to shop this claim elsewhere.

**2. The Second RICO Case: *Clark v. MGA, Inc. et al.*, 2:05-CV-208 (N.D. Ala. 2005) (filed Jan. 31, 2005 -- dismissed Mar. 30, 2005)**

Seven days after filing the first RICO case, Attorney Newman filed a second RICO lawsuit against Movie Gallery and other defendants in the United States District Court for the Northern District of Alabama on behalf of another plaintiff, William Eric Clark (the *Clark* Complaint). Judge William B. Acker, Jr. presided over the *Clark* action, marking the first time Judge Acker would be confronted with this RICO claim against Movie Gallery and the other six named co-defendants. Faced with essentially the same Complaint as in *Odom*, Movie Gallery and other defendants similarly filed motions to dismiss for failure to state a claim upon which relief can be granted.

Judge Acker entered an order in the *Clark* case granting the defendants' motions to dismiss without prejudice, but ordering the plaintiff to file an amended Complaint within fourteen (14) days to "allege with much more specificity the acts of each defendant that, in concert, constitute a RICO enterprise." Instead of complying with Judge Acker's Order, Attorney Newman filed another totally separate lawsuit on behalf of William Eric Clark in the United States District Court for the Northern District of Alabama. Yet again, Attorney Newman sought to shop this lawsuit before other federal judges in the state of Alabama rather than comply with the presiding court's order. Because Attorney Newman failed to comply with Judge Acker's Order, Judge Acker dismissed the original *Clark* case with prejudice. *Clark v. M.G.A., Inc. et al.*, 2:05-CV-208 (N.D. Ala. Mar. 30, 2005)

**3. The Third RICO Case: *Holland v. MGA, Inc. et al.*, 1:05-CV-237-M (M.D. Ala. 2005) (filed Mar. 14, 2005 – dismissed November 1, 2006) (Affirmed Mar. 30, 2007)**

Three days after voluntarily dismissing the *Odom* case, Attorney Newman filed a second lawsuit in the United States District Court for the Middle District of Alabama, this time on behalf

of Plaintiff Barbara Holland. Movie Gallery and other defendants again moved to dismiss for failure to state a claim. On November 1, 2006, Judge Watkins issued the sixth district court decision dismissing Attorney Newman's RICO complaint. "Consistent with the Eleventh Circuit's opinion in *Carter*, this court concludes Plaintiff has failed to state any cognizable RICO cause of action. Not only is this outcome consistent with the *Carter* opinion, but it comports with the conclusions of three district courts considering identical claims on Rule 12 motions to dismiss." *Holland v. MGA, Inc. et al.*, 1:05-CV-237-M (M.D. Ala. Nov. 1, 2006). Attorney Newman elected to appeal this decision, making it the fourth time Attorney Newman has extended his frivolous conduct to the appellate level. And for the fourth time, the Eleventh Circuit affirmed the District Court's dismissal. *Holland v. MGA, Inc. et al.*, 2007 U.S. App. LEXIS 7433 (Mar. 30, 2007) (unpublished). Much like the complaints themselves, Attorney Newman simply proffered the very same argument the Eleventh Circuit had previously considered and rejected. "The argument in Holland's brief in this appeal is *identical* to the arguments in the briefs Holland's counsel submitted on appeal in *Carter*, *Clark*, and *Whitaker*." For this reason, the court granted Movie Gallery's motion for damages and costs for the **third** time.

**4. The Fourth RICO Case: *Clark v. MGA, Inc., et al.,* 2:05-CV-633, (N.D. Ala. 2005) ("*Clark II*") (filed Mar. 29, 2005 -- dismissed Mar. 17, 2006) (Affirmed, Nov. 29, 2006)**

On March 29, 2005, instead of complying with Judge Acker's Order in the original *Clark* case to replead the RICO claim "with much more specificity," Attorney Newman elected to file a totally separate lawsuit on behalf of William Eric Clark in the very same district court (the *Clark II* case). Judge Sharon Blackburn drew the *Clark II* case. Movie Gallery, UPS, Select Media and Mile High Media filed motions to dismiss the *Clark II* case on the grounds of *res judicata*.

On March 17, 2006, Judge Blackburn granted Movie Gallery's and other defendants' motions to dismiss, holding that this Complaint was clearly barred against them by the doctrine of *res judicata*. Judge Blackburn also ruled that this lawsuit constituted a vexatious, frivolous action against Movie Gallery that warranted the award of attorney fees and costs pursuant to 28 U.S.C. § 1927. Judge Blackburn also granted co-defendants LFP's and Fraserside's motions to dismiss for failure to state a claim upon which relief can be granted, finding that the Plaintiff's Complaint failed to state the necessary elements of a civil RICO claim. *Clark v. MGA, Inc., et al.,* 2:05-CV-633 (N.D. Ala. Mar. 17, 2006). Attorney Newman filed a notice of appeal on April 14, 2006. *Clark v. MGA, Inc., et al.,* 2:05-CV-633 (N.D. Ala. Apr. 14, 2006). The Eleventh Circuit Court of Appeals affirmed the dismissal, and awarded Movie Gallery damages and costs pursuant to Fed. R. App. P. 38. *Clark v. MGA, Inc., et al.*, 2006 WL 3422345 (11th Cir. 2006) (unpublished).

**5. The Fifth RICO Case: *Whitaker v. MGA, Inc., et al.*, 1:05-CV-99-WLS (M.D. Ga. 2005) (filed July 20, 2005 -- dismissed Dec. 30, 2005) (Affirmed, Mar. 15, 2007)**

Unable to find a sympathetic ear in Alabama, Attorney Newman crossed state lines and filed another virtually identical Complaint on July 20, 2005 in the Middle District of Georgia in search of a federal judiciary that would allow him to pursue his frivolous RICO lawsuit.[3]

Movie Gallery and other defendants once again filed motions to dismiss. Yet again, a federal district court found the Complaint deficient, holding that "Plaintiffs' total disregard of the local and federal rules and the failure to even address the obvious deficiencies of the Complaint require this Court to dismiss the Complaint against all defendants." *Whitaker v. MGA, Inc. et al*,

[3] It should be noted that Attorney Newman filed this lawsuit even though Attorney Newman is not licensed to practice law in the state of Georgia. Because Attorney Newman did not associate local counsel, he engaged in the unauthorized practice of law by filing the Complaint. It was only after Movie Gallery highlighted this egregious behavior in its Motion to Dismiss that Attorney Newman secured the services of an attorney licensed to practice before the Middle District of Georgia.

1:05-CV-99 (M.D. Ga. Dec. 30, 2005). Attorney Newman elected to appeal this decision by Judge W. Louis Sands as well. *Whitaker v. MGA, Inc. et al.*, No. 06-15025-DD. The Eleventh Circuit affirmed the dismissal, and for the second time found an appeal of one of these cases to be frivolous. *Whitaker v. MGA, Inc. et al.*, 2007 U.S. Dist. Lexis 14458 (Mar. 15, 2007) (unpublished).

**6. The Sixth RICO Case: *Carter, et al. v. MGA, Inc., et al.*, 2:05-CV-01662-WMA (N.D. Ala. 2005) (filed Aug. 4, 2005 -- dismissed Sept. 19, 2005) (Affirmed, July 13, 2006).**

Despite having countless opportunities to properly plead a civil RICO claim, Attorney Newman elected to file yet another virtually identical, facially deficient Complaint on behalf of three more plaintiffs, making it the sixth such civil RICO action Attorney Newman has filed and served against Movie Gallery.[4] In a matter of months, Judge Acker was once again confronted with nearly the exact same Complaint he had previously ordered to be amended to properly allege the essential elements of a civil RICO claim. The *Carter* Complaint made no attempt to cure the pleading deficiencies Judge Acker had previously noted in the original *Clark* case. Accordingly, he dismissed the *Carter* Complaint with prejudice, finding the arguments presented by Movie Gallery and other defendants in their motions to dismiss were again well taken and due to be granted. *Carter, et al. v. MGA, Inc., et al.*, 2:05-CV-01662 (N.D. Ala. Sept. 19, 2005).

On appeal, the Eleventh Circuit affirmed the District Court's dismissal of the *Carter* complaint. The Eleventh Circuit issued a *per curiam* opinion holding that the appellants had failed to allege facts sufficient to maintain a civil RICO claim against Movie Gallery and other defendants. *Carter, et al. v. MGA, Inc., et al.*, 2006 WL 1933788 (11th Cir. 2006) (unpublished).

[4] Attorney Newman originally attempted to join these Plaintiffs in the *Clark II* case before Judge Blackburn. After considering Judge Blackburn's comments from the bench during a hearing on June 6, 2005, he decided to shop the lawsuit to a different judge and filed these claims as a separate, sixth RICO lawsuit.

A petition for rehearing *en banc* was denied. Attorney Newman then filed a petition for writ of certiorari to the United States Supreme Court, which was denied.

The averments in *Williams* are no different than the allegations set forth in the preceding six lawsuits. *Williams* is evidently the latest attempt to harass Movie Gallery through the judicial process. This string of cases constitutes an egregious pattern of frivolous, duplicative and vexatious litigation that must end. Attorney Newman should be sanctioned for continuing to assert this meritless RICO claim against Movie Gallery and other defendants.

**<u>The Standard for Sanctions Under Rule 11</u>**

The Federal Rules of Civil Procedure authorize sanctions for filing papers that are frivolous, lacking in factual support, or presented for any improper purpose, such as to harass. F.R.C.P. Rule 11(b). In *Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir. 1991), a case in which the Eleventh Circuit held Plaintiffs' RICO claim had no reasonable factual basis when plead, the court noted that three types of conduct warrant the imposition of Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose. As stated more fully herein, sanctions are due to be granted in this case because (1) the complaint filed on behalf of the Plaintiffs has absolutely no support in fact or in law; (2) the universal condemnation of this complaint by the federal judiciary confirms this pleading is not based on a legal theory that has a reasonable chance of success, and cannot be advanced to change existing law; and (3) filing baseless civil RICO claims to vex Movie Gallery is improper.

## Argument

### 1. Sanctions are Warranted Because This Complaint is Frivolous, Legally Unreasonable and Without Factual Foundation.

It is well-settled law that a court must conduct a two-step inquiry to determine if the circumstances warrant the imposition of sanctions. *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001); *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). The court must first ask if the party's claims are objectively frivolous. *Id.* If so, the court must then determine if the attorney who signed the pleading(s) should have realized the claim was frivolous had the attorney properly conducted a reasonable inquiry. *Id.*

#### A. Plaintiffs' RICO claim is objectively frivolous.

A claim is objectively frivolous if there is no reasonable basis -- factual or legal -- for the claim. "A complaint is factually groundless and merits sanctions where the plaintiff has absolutely no evidence to support its allegations." *In re Mroz*, 65 F.3d 1567, 1573 (11th Cir. 1995). As asserted in Movie Gallery's Motion to Dismiss, Plaintiffs' Complaint is noticeably absent of any facts establishing a violation of 18 U.S.C. § 1962. In each and every civil RICO lawsuit filed by Attorney Newman, Movie Gallery has highlighted several independent reasons the complaint fails to state a RICO claim.[5]

- Plaintiff(s) fails to plead any facts that would establish the Plaintiff(s) have been directly injured in their business by reason of a violation of 18 U.S.C. § 1962 -- the RICO statute.

- Plaintiff(s) fails to identify the existence of any enterprise, or Movie Gallery's association with that enterprise.

[5] The Motion to Dismiss filed by Movie Gallery on April 5, 2007 establishes more fully therein the body of law showing this RICO claim has no merit.

- Plaintiff(s) fail to show how Movie Gallery and others used this alleged enterprise as a vehicle to conduct its purported pattern of racketeering activity.

- Plaintiff(s) Complaints does not set forth any facts establishing that Movie Gallery entered into any conspiracy to violate § 1962.

- Plaintiff(s) Complaint does not establish that any act or omission by Movie Gallery was or is the direct and proximate cause of the alleged injuries.

- The alleged wrongful conduct – the sale of purportedly obscene videos and magazines – is not racketeering activity

Notwithstanding these glaring deficiencies, Attorney Newman has re-filed the identical, or virtually identical, complaint at least seven different times.

"The rule [F.R.C.P. 11] continues to require litigants to 'stop and think' before initially making legal and factual contentions." *Pac. Enters. Oil Co. v. Howell Petroleum Corp.*, 614 So.2d 409, 421 (Ala. 1993). The legal and factual contentions set forth in this complaint have been previously considered and denied by four district court judges and four panels of the Eleventh Circuit. Other than adding descriptions of the acts depicted in certain films purportedly rented/sold at Movie Gallery's stores in Meridian, Mississippi to the Complaint, the pleading is virtually identical to those previously filed. These movie descriptions do nothing to overcome the fatal pleading deficiencies noted above -- namely, the absence of any enterprise, the absence of any agreement to conspire, and the failure to allege that a violation of the racketeering laws (and not the purported violation of a predicate act) imposed a direct and proximate injury upon his clients' business.

When instructed to introduce evidentiary support in support of his civil RICO claim against Movie Gallery and other defendants in this case and others, Attorney Newman has not been able to validate these conclusory allegations. In both *Odom* and *Holland*, Judge Fuller

required Attorney Newman to submit evidentiary materials in support of his clients' positions. In *Odom*, Attorney Newman elected to voluntarily dismiss the case without prejudice whereas in *Holland*, Attorney Newman merely introduced invoices documenting the shipment of adult films to Movie Gallery's corporate office and e-mail correspondence discussing the construction of video stores that would include adult rooms. Plaintiffs presumably allude to these very same documents in paragraphs seven and thirteen of this Complaint, although no such evidence was submitted in response to Movie Gallery's motion to dismiss pursuant to this Court's order dated April 9, 2007. This "evidence," however, even if presumed to be true at this preliminary stage, in no way sustains Plaintiffs' civil RICO claim. Ordering purportedly obscene movies and magazines from the co-defendants, as alleged, does not equate to civil RICO liability.

This complaint fails to set forth a cognizable claim as repeatedly noted by the courts and the defendants. In *Carter v. M.G.A., Inc. et al.*, 2006 WL 1933788 (11th Cir. 2006) (unpublished), the Eleventh Circuit held that "Plaintiffs' conclusory allegations that Defendants conspired with each other are insufficient to survive a motion to dismiss" and that "Plaintiffs did not allege facts sufficient to support their claims." In *Holland v. M.G.A., Inc. et al.*, 1:05-cv-237 (Nov. 1, 2006 M.D. Ala. 2006), Judge Watkins remarked that "Plaintiff failed to plead a sufficiently direct causal connection [between the RICO violation and the alleged injury]." In *Clark v. M.G.A., Inc. et al.*, 2:05-cv-633 (Mar. 17, 2006 N.D. Ala. 2006), Judge Blackburn also noted that "[t]he Complaint, however, contains only conclusory allegations of a conspiracy, which is insufficient to support the conspiracy claim"; "plaintiff's Complaint would still be due to be dismissed because it fails to allege an actionable RICO injury"; "[t]he Court finds that plaintiff's Complaint does not allege a injury that was proximately and directly caused by the alleged racketeering activity." Attorney Newman is certainly aware of the multiple problems

with his complaint. Rather than acknowledge these facts do not give rise to liability, Attorney Newman chose to file the exact same claim, perhaps hoping to draw a judge with a sympathetic ear to his unfounded claim. Quite simply, from an objective standpoint, an ordinary person standing in counsel's shoes would not have filed this complaint for the seventh time. *Pelletier v. Zweifel*, 921 F.2d at 1515. There is no legal support whatsoever for this unfounded and objectively frivolous lawsuit.

### B. Attorney Newman should have been aware the RICO claim was frivolous.

This second prong demands an objective review of the circumstances at the time of the filing. The seminal question is whether Attorney Newman would have been aware of the frivolousness if he had made a reasonable inquiry. *Worldwide Primates, Inc. v. McFreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). Rule 11 stresses the need for some prefiling inquiry. *Mike Ousley Productions, Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir. 1992). The reasonableness of this inquiry requires an analysis of several factors, including: the time available for investigation; whether the attorney had to rely on a client for information as to the underlying facts; and whether the paper was based upon a plausible view of the law. *In re Mroz*, 65 F. 3d at 1573; *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987) (en banc); *Mike Ousley Productions, Inc. v. WBJF-TV*, 952 F.2d at 382 (11th Cir. 1992). If the attorney does not make a reasonable inquiry, then the court must impose sanctions notwithstanding the attorney's good faith belief that the claims are sound. *Pelletier v. Zweifel*, 921 F.2d at 1514.

The third factor cited above from *In re Mroz* in and of itself warrants Rule 11 sanctions. As discussed above, this complaint is not based upon a plausible view of the law. Four district judges and four Eleventh Circuit panels have determined that this complaint fails to state a claim upon which relief can be granted. This Complaint is no different.

The very essence of Plaintiffs' Complaint is that Movie Gallery can offer non-obscene movies at a much lower price because Movie Gallery makes "substantial profit on the sale of its pornography stock/inventory." Complaint, ¶ 8. To quote Judge Blackburn's opinion in *Clark II*,

> The RICO statutes defines 'racketeering activity' as including violations of 'section 1461-1465,' see 18 U.S.C. § 1961; these statutes deal with mailing, importing, transporting, and broadcasting obscene material; see 18 U.S.C. §§ 1461-1465. RICO does not include 18 U.S.C. § 1466, "Engaging in the business of selling or transferring obscene matter," within the definition of racketeering activity. Plaintiff alleges that defendant MGA sold obscene material and that the sale of this material caused his injury; however, **selling obscene material is not racketeering activity**.

*Clark v. M.G.A., Inc. et al.*, 2:05-cv-633 (Mar. 17, 2006 N.D. Ala. 2006), n. 1 (emphasis added). A reasonable inquiry into the law would have revealed the frivolous nature of this case since the RICO statute specifically excludes the sale of obscene matter as a basis for liability. But Attorney Newman also had the added benefit of Judge Blackburn specifically informing him of this fact. Even so, Attorney Newman still pursued this cause of action one year later. Having affixed his signature as a certification to a wholly frivolous complaint, Attorney Newman has clearly violated Rule 11 and sanctions are due to be imposed against him.

**2. Sanctions Are Warranted Because Attorney Newman Filed This Lawsuit For An Improper Purpose.**

The Federal Rules of Civil Procedure also authorize the imposition of sanctions when a party files a pleading for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *See* F.R.C.P. 11(b)(1). "Improper purpose may be shown by excessive persistence in pursuing a claim or defense in the face of repeated adverse rulings . . . Rule 11 is intended to reduce frivolous claims and to deter costly meritless maneuvers, thereby eliminating delay, and reducing the cost of litigation." *Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434 (11th Cir. 1998). As stated

earlier, Attorney Newman has been engaged in this vexatious litigation for far too long. This complaint is one of seven frivolous lawsuits that have been filed over the past two and a half years.

Attorney Newman's excessive persistence of this RICO claim can only be reasonably explained by his blatant attempt at judge shopping this lawsuit, conduct that clearly constitutes an improper purpose. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("Judge-shopping clearly constitutes 'conduct which abuses the judicial process'"); *Lane v. City of Emeryville*, 1995 U.S. App. LEXIS 11629, *4 (9th Cir. 1995) ("Judge shopping is a practice that has been 'universally condemned'"). Attorney Newman is re-filing the same complaint over and over again hoping to find a more sympathetic ear for this baseless complaint. This is the third time he has filed a complaint in the Middle District of Alabama, presumably hoping to draw a judge who may give this claim a more lenient examination. Such gamesmanship did not work, and should not be tolerated by the United States civil justice system. "Suits are easy to file and hard to defend. The best way to control unjustified tactics in litigation is to ensure that those who create costs also bear them. When an attorney recklessly creates needless costs the other side is entitled to relief." *Godwin v. Marsh*, 266 F. Supp. 2d 1355, 1358 (M.D. Ala. 2002) (quoting *In re TCI, Ltd.* 269 F.2d 441, 446 (7th Cir. 1985)).

Movie Gallery should no longer have to endure these "costly meritless maneuvers" that serve to abuse the judicial process, harass the defendant, and needlessly increase the cost of litigation. *See Donaldson v. Clark*, 819 F.2d at 1556 ("Rule 11 sanctions are designed to discourage dilatory or abusive tactics and to help streamline the litigation process by lessening frivolous claims or defenses."). Attorney Newman's callous disregard for the obligations a litigant owes to the court should not escape discipline.

**Conclusion**

"In filing a pleading in federal court, an attorney certifies that he or she has conducted a reasonable inquiry and the pleading is well-grounded in fact, legally tenable, and 'is not presented for any improper purpose.'" *Baker v. Alderman*, 158 F. 3d 516, 524 (11th Cir. 1998). Attorney Newman insists upon a position the courts have proven time and time again, in its current posture, is not legally tenable. Rule 11 sanctions are designed to deter and punish such vexatious and frivolous litigation.

WHEREFORE, Movie Gallery respectfully requests this Court impose a sanction that is adequate to punish Attorney Newman for filing this meritless lawsuit and to deter him from continuing to do so in the future.

Respectfully submitted,

/s Jeffrey M. Grantham_________________
Jeffrey M. Grantham
John Thomas A. Malatesta, III
Attorneys for Defendant Movie Gallery US, LLC

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Malcolm R. Newman
Malcolm R. Newman, P.C.
P.O. Box 6137
Dothan, AL 36302-6137

Robert K. Spotswood
Michael T. Sansbury
Spotswood LLC
2100 Third Avenue North
Concord Center, 940
Birmingham, AL 35203

Alan C. Livingston
Lee & McInish, P.C.
P.O. Box 1665
Dothan, AL 36302-1665

Betsy P. Collins
Alston & Bird LLP
1201 W. Peachtree Street
One Atlantic Center

A copy of the foregoing has been served upon the following parties who have yet to enter an appearance by placing a copy of same in the U.S. Mail, first-class postage prepaid, and properly addressed:

**Digital Sin, Inc.**
21345 Lassen Street
Chatsworth, CA 91311

**Fraserside Holding, LTD**
10947 Pendleton Street
Sun Valley, CA 91352

**LFP, Inc.**
8484 Wilshire Blvd.
Suite 900
Beverly Hills, CA 90211

**Mile High Media, Inc.**
20652 Bahama Street
Chatsworth, CA 91311

on this the 1st day of May, 2007.

s/ Jeffrey M. Grantham
Of Counsel



J. T. Malatesta
DIRECT 205.254.1180
EMAIL jmalatesta@maynardcooper.com

April 5, 2007

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Malcolm R. Newman, P.C.
Attorney at Law
219 W. Crawford Street
Dothan, AL 36301

7006 3450 0003 6762 4531

**Re:** ***Michael Williams v. MGA, Inc., et al.***
**Civil Action No. 1:07-CV-228-MEF**
**In the United States District Court for the Middle District of Alabama**

Dear Malcolm:

You continue to file a civil RICO claim that the courts have repeatedly dismissed and found to be frivolous. Four district court judges have held that this claim fails to state a legally cognizable injury, and four separate panels of the Eleventh Circuit Court of Appeals have affirmed these decisions. Yet you continue to file the identical, or virtually identical, complaint. This frivolous and vexatious litigation must cease.

Judge Blackburn already has directed your firm to reimburse Movie Gallery $20,828.72, and the Eleventh Circuit has instructed three district courts to award fees and costs for the frivolous appeals filed in *Clark II*, *Whitaker*, and *Holland*.

Please let this letter serve as 21 days advance notice of Movie Gallery's intent to file the enclosed motion for sanctions if this complaint is not dismissed with prejudice.

Sincerely,

J. T. Malatesta

JTM:kwk
Enclosure




01472184.1

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Malcolm R. Newman
219 N. Crawford St.
Dothan, AL 36301

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X [signature] ☐ Agent ☐ Addresse

B. Received by (*Printed Name*) JONAH R PHELPS

C. Date of Deliver 9 APR07

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number
*(Transfer from service label)* 7006 3450 0003 6762 4531

PS Form **3811**, February 2004 Domestic Return Receipt 102595-02-M-154

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

J. T. Malatesta
Maynard Cooper & Gale, P.C.
1901 Sixth Ave. North
2400 AmSouth/Harbert Plaza
Birmingham, AL
35203-2618

M.R. Newman
4854-260

EXHIBIT
B