IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS AND ) | |
| MARCO WILLIAMS ) | |
| d/b/a FIRST CHOICE VIDEO ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| ) | |
| v. ) | CASE NO. 1:07-cv-228-MEF |
| ) | |
| ) | |
| MGA, INC., and all Holding ) | |
| Companies And Affiliated ) | |
| Entities d/b/a MOVIE ) | |
| GALLERY, UNITED PARCEL ) | |
| SERVICE, INC. (UPS), ) | |
| SELECT MEDIA SERVICES, ) | |
| LLC, MILE HIGH MEDIA, ) | |
| INC., LFP, INC., DIGITAL SIN,) | |
| INC., And FRASIERSIDE ) | |
| HOLDING, LTD., ) | |

ANSWER TO MOTION TO DISMISS BY DEFENDANT
UNITED PARCEL SERVICE

Come now Plaintiffs, Michael Williams and Marco Williams, and in response to the Defendant's Motion to Dismiss, says as follows:

A
GOVERNING RULE

All Pleadings in Federal Practice are governed by Rule 8 FRCP which requires that a Complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. This is called "Notice Pleading." Fifty years ago in Conley v. Gibson, 355 U.S. 41 (1957) the U.S. Supreme Court spelled out these requirements and it has re-affirmed them since then at various times. (See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507

1

U.S. 163 (1993); Crawford-El v. Britton, 523 U.S. 574 (1988) and Swierkiewicg v. Sorema, N.A., 534 U.S. 506 (2002)).  (See, also, Exhibit 1)

B
CLAIMS BY UNITED PARCEL SERVICE

At this juncture, Plaintiffs do not have to show the precise manner in which they were harmed by these Defendants.  However, Plaintiffs are prepared to show that this Defendant participated in the conspiracy to distribute obscenity by transporting the contraband from the California producers to Defendant Movie Gallery's corporate office and to its Distribution Center in Columbus, Georgia.

Once again, the purpose of a Motion to Dismiss under Rule 12(b) 6 is to test the legal sufficiency.  A Court should only grant a Rule 12(b) 6 Motion to Dismiss if "it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief".  Centers v. Mortgage, Inc. 398 F. 3d, 930, 933 (7th Cir. 2005) quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957).  In making its determination the Court must assume the truth of the facts alleged in the pleadings, construe these allegations liberally, and view them in the light most favorable to the Plaintiff.  Lee v. City of Los Angeles, 250 F. 3d 668 (9th Cir. 2001)l EEOC v. St. Francis Xavier Parochial School, 117 F. 3d 621 (D.C. Cir. 1997).  Even our own 11th Circuit acknowledges that this is so.  See Linder v. Portocarrero, 963 F. 2d 332 (11th Cir. 1992); Quality Foods de Centro America S.A. v. Latin American Agribusiness Dev. Corp. S.A., 711 F.2d 989, 994-995 (11th Cir. 1983).  And, that generally, Notice pleading is all that is required for a valid Complaint.  Lombard's Inc. v. Prince Mfq., Inc., 753 F.2d 974, 975 (11th Cir. 1985).

Neither the Defendant, nor this Court, can read any of the charging paragraphs of the Complaint and honestly say that Plaintiffs can prove no set of facts captured therein and cannot possibly prevail at trial.  This Defendant has transported obscenity for years as most producers are clever enough to know that delivery by U.S. Mail is yet another federal crime.  Once in Discovery, Plaintiffs will request the production of documents that will show this Defendant did not accidentally begin to pick up and deliver from distributors/producer

to retailer (MGA) but was paid to do so. Ignorance is not a viable defense for this Defendant.

## CONCLUSION

If the Court will perform the analysis that the cited Rules mandate, it is beyond clear that this Motion as well as those previously filed, should be denied. And there is no intellectually honest reason for the Court to not deny these motions; to do otherwise is tantamount to rendering the rules (and the law) a mockery. If the Court won't respect its own rules (and federal Law) how can others be expected to comply. America's enemies succeed when we ignore our own announced rules or regulations.

                Malcolm R. Newman, Attorney, P.C.

                /s/ Malcolm R. Newman
                Malcolm R. Newman (NEW017)
                Attorney for the Plaintiff
                P.O. Box 6137
                Dothan, Alabama 36302
                (334) 792-2132
                ASB-2826-M39M

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2007, that I have filed a copy of the foregoing via the CM/ECF System which will send notification to the following:

    Jeffrey M. Grantham, Esq.
    Maynard, Cooper & Gale, P.C.
    1901 Sixth Avenue, North
    2400 AmSouth/Harbert Plaza
    Birmingham, Alabama 35203

    Jeffrey A. Lee, Esq.

Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue, North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

John Thomas A. Malatesta, III, Esq.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue, North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

Michael T. Sansbury, Esq.
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, Alabama 35213

Alan C. Livingston
983 West Main Street
Dothan, Alabama 36301

Betsy P. Collins
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

/s/ Malcolm R. Newman