IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS AND ) <br> MARCO WILLIAMS ) <br> d/b/a FIRST CHOICE VIDEO ) <br>   ) <br>   PLAINTIFFS, ) <br>   ) <br>   ) <br> v. ) <br>   ) <br>   ) <br> MGA, INC., and all Holding ) <br>  Companies And Affiliated ) <br>  Entities d/b/a MOVIE ) <br> GALLERY, UNITED PARCEL ) <br> SERVICE, INC. (UPS), ) <br>  SELECT MEDIA SERVICES, ) <br> LLC, MILE HIGH MEDIA, ) <br> INC., LFP, INC., DIGITAL SIN,) <br>  INC., And FRASIERSIDE ) <br>  HOLDING, LTD., ) | CASE NO. 1:07-cv-228-MEF |

ANSWER TO MOTION FOR SANCTIONS

Comes now Counsel for the Plaintiffs, Malcolm R. Newman, and in response to the Motions for Sanctions submits that both Motions are due to be denied for the following reasons:

1) The Defendants have failed to meet the requirements for Sanctions under Rule 11 in the following ways, to wit:

a) The Complaint meets the requirements of a RICO Complaint as found in <u>Williams, et. al. v. Mohawk Industries, Inc.</u>, No. 04-13740, (September 27, 2006) wherein the 11th Circuit after remand from the U.S. Supreme Court reinstated its prior opinion (in part) wherein it turned back to the Defendant's Rule 12(b)6 challenge to a RICO Complaint… which cited the very same statutes Plaintiffs here used. And, where the Defendant Mohawk Industries used the same arguments used by these Defendants. Mohawk, supra, is a

1

published decision thereby having precedential value as opposed to the un-published opinion in Carter et. al. v. MGA, et. al., 2006 WL 1933788 (11th Cir. 2006). In nearly every respect the per curium opinion in Mohawk stands as a beacon lighting the way for this Court why Sanctions are due to be denied and why the previously files Motions to Dismiss are also due to be denied;

2)      Previously filed evidence more than gives Notice to the Court and Defendants that Counsel already had documentation that suggested (if no proved) that the Plaintiffs could easily establish factually the allegations of the Complaint;

3)      There is no evidence nor can there be, that Counsel engaged in "judge shopping". Any allegation of the same is ridiculous on its face given how cases are allegedly assigned (by random). And, moreover, there would be little incentive to "judge shop" in that all judges are bound by the same precedent (and presumably same oath). Defense Counsel could not possibly know any ulterior motives Plaintiffs' counsel might harbor in that Counsels have only spoken face-to-face once and that was completely salutatory;

4)      From Conley v. Gibson, 355 U.S. 41 (1957) to Mohawk, supra, the case law supports Counsel's position and actions. The Defense's fear is that a Court will finally decide to apply those precedents to the Complaint in this case and their clients will have to defend on the merits--- a battle they are destined to lose.


## CONCLUSION

This Court can be true to the law and to the oath taken. The Defendants are afraid to defend on the merits and have spent countless hours seeking to divert attention from the real issue which is the Plaintiffs' challenge to their ability to continue to grow rich from criminal activity while legitimate businesses struggle or close. Counsel would pray this Court is clear-eyed enough to see that these defendants are employing the time-worn tactic of focusing attention away from the real issue, and, counsel equally prays that this Court will resist defense efforts to have it look the other way and deny Plaintiffs their chance to present on the merits their claims.

Malcolm R. Newman, Attorney, P.C.

/s/  Malcolm R. Newman
Malcolm R. Newman (NEW017)
Attorney for the Plaintiff
P.O. Box 6137
Dothan, Alabama 36302
(334) 792-2132
ASB-2826-M39M

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2007, that I have filed a copy of the foregoing via the CM/ECF System which will send notification to the following:

Jeffrey M. Grantham, Esq.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue, North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

Jeffrey A. Lee, Esq.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue, North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

John Thomas A. Malatesta, III, Esq.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue, North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

Michael T. Sansbury, Esq.
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, Alabama 35213

Alan C. Livingston
983 West Main Street
Dothan, Alabama 36301

Betsy P. Collins
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

/s/ Malcolm R. Newman