IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL WILLAMS AND<br>MARCO WILLIAMS<br>d/b/a FIRST CHOICE VIDEO,<br><br>      Plaintiffs,<br><br>v.<br><br>MGA, INC. and all Holding Companies<br>and affiliated Entities, d/b/a MOVIE<br>GALLERY, UNITED PARCEL SERVICE,<br>INC. (UPS), SELECT MEDIA SERVICES, LLC,<br>MILE HIGH MEDIA, INC., LFP, INC.,<br>DIGITAL SIN, INC., and FRASERSIDE<br>HOLDING, LTD,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 1:07-CV-228-MEF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## REPLY BRIEF IN SUPPORT OF DEFENDANT UNITED PARCEL SERVICE, INC.'S MOTION TO DISMISS

**I.    INTRODUCTION**

Plaintiffs have done nothing to overcome the fatal pleading deficiencies in their Complaint with the filing of their slim response to Defendant United Parcel Service, Inc.'s ("UPS") Motion to Dismiss, and UPS' Motion should be granted without further delay.[1]

---

[1] As discussed in detail in UPS' Motion to Dismiss, this suit marks the seventh frivolous suit based on essentially-identical allegations filed by Plaintiffs' counsel within this Circuit over the past two years. *See Carter v. MGA, Inc.*, No. 2:05-CV-1662-WMA (N.D. Ala.); *Clark v. MGA, Inc.*, No. 2:05-CV-208-WMA (N.D. Ala.) ("*Clark I*"); *Clark v. MGA, Inc.*, No. 2:05-CV-633-SLB (N.D. Ala.) ("*Clark II*"); *Odom v. MGA, Inc.*, No. 1:05-CV-59-MEF-DRB (M.D. Ala.); *Whitaker v. MGA, Inc.*, No. 1:05-CV-99 (WLS) (M.D. Ga.); and *Holland v. MGA, Inc.*, No. 1:05-CV-237-WKW (M.D. Ala.). Each of these previous suits has been dismissed voluntarily by Plaintiffs' counsel or has been dismissed by the district courts for failure to state a claim upon which relief may be granted. Moreover, the United States Court of Appeals for the Eleventh Circuit, to which Plaintiffs' counsel has appealed the dismissal of four of these lawsuits, has affirmed each dismissal in summary, unpublished opinions. *See Carter v. MGA, Inc.*, No. 05-15402, 2006 WL 1933788, at *1 (11th Cir. July 13, 2006) (unpublished opinion) (petition for rehearing en banc

In its Motion to Dismiss, UPS identified multiple independent reasons why Plaintiffs' Complaint fails to state a cause of action:

* Plaintiffs fail to allege any facts, much less legally-sufficient ones, sufficient to establish a RICO conspiracy claim against UPS.

* Plaintiffs do not sufficiently allege a RICO enterprise.

* Plaintiffs do not sufficiently allege any predicate act violations by UPS.

* Plaintiffs do not sufficiently allege a pattern of racketeering activity.

* Plaintiffs do not sufficiently allege that any act or omission by UPS is the proximate cause of their alleged injuries.

* Plaintiffs' claims for injunctive relief are barred as a matter of law, because RICO injunctive relief is not available to private citizens bringing civil RICO claims.

* Plaintiffs' claims against UPS are preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706, which established a wide-ranging and all-encompassing federal framework governing liability of carriers such as UPS.

* Plaintiffs have no private right of action to enforce federal obscenity law.[2]

Notwithstanding Plaintiffs' assertions in their brief in response to UPS' Motion to Dismiss that Rule 8 of the Federal Rules of Civil Procedure requires only "Notice Pleading," the issue remains that Plaintiffs have not alleged facts sufficient to state a claim that Defendants conspired to distribute obscenity in violation of RICO under governing federal law. *See* 18

---

denied), *cert. denied*, No. 06-1062, 2007 WL321165 (U.S. Apr. 16, 2007); *Clark v. MGA, Inc.*, No. 06-12857, 2006 WL 3422345, at *1 (11th Cir. Nov. 29, 2006) (unpublished opinion) (affirmed on res judicata grounds); *Whitaker v. MGA, Inc.*, No. 06-15025, 2007 WL 763977, at *1 (11th Cir. Mar. 15, 2007) (unpublished opinion); and *Holland v. MGA, Inc.* No. 06-16187, 2007 WL 951449, at *1 (11th Cir. Mar. 30, 2007) (unpublished opinion).
[2] Additionally, Plaintiffs are not properly before this Court because they fail to invoke the jurisdiction of this Court pursuant to a civil jurisdiction statute. [Complaint at ¶ 2].

U.S.C. § 1962(d); *Bell Atlantic Corp. v. Twombly*, No. 05-1126, 2007 WL 1461066, at *5 (U.S. May 21, 2007); *Lombards, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Plaintiffs have, therefore, failed to refute the first independent basis for dismissal, as well as any of the remaining bases listed above, and dismissal of their Complaint is warranted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

II. **ARGUMENT AND AUTHORITIES**

   A. **Pursuant To Rule 8, Plaintiffs Must Allege Facts Sufficient To State A Claim For Relief.**

In the instant case, this Court is asked to decide whether Plaintiffs have sufficiently alleged facts to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for alleged civil RICO violations. Plaintiffs contend that Rule 8 requires only "Notice Pleading" [*see* Answer to UPS' Motion to Dismiss ("Response Brief") at ¶ A] and respond in conclusory fashion that the allegations in their Complaint are sufficient to withstand a Motion to Dismiss. However, it is well established within this Circuit that "[c]onclusory allegations 'will not survive a motion to dismiss if not supported by the facts constituting a legitimate claim for relief.'" *Lombards, Inc.*, 753 F.2d at 975; *see also Halliburton Co. v. Norton Drilling Co.*, 302 F.2d 431, 435 (5th Cir. 1962) ("[A] naked conclusion of law, unsupported by the factual allegations of the complaint . . . need be given no weight in determining the sufficiency of the complaint.").[3]

Most recently, the United States Supreme Court affirmed that a plaintiff clearly must allege some facts sufficient to support a claim for relief: "While a complaint attacked by a Rule

---

[3] Decisions of the Fifth Circuit decided prior to October 1, 1981, are binding within the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 2007 WL 1461066, at *5 (internal citations omitted).[4] As discussed herein, in the instant case, Plaintiffs have failed to allege facts sufficient to state a claim and are, therefore, subject to dismissal pursuant to Rule 12(b)(6).

### B. Plaintiffs Have Failed To Allege Facts Sufficient To State A Claim For Conspiracy To Violate RICO.

As discussed in detail in UPS' Motion to Dismiss, Plaintiffs' bald allegation that UPS has transported allegedly obscene materials to Co-Defendant Movie Gallery (or even that Plaintiffs will show once in discovery that UPS provided transportation services for multiple Co-Defendants) is insufficient to state a claim for conspiracy. *See Republic of Panama v. BCCI Holdings (Luxembourg), S.A.*, 119 F.3d 935, 950 (11th Cir. 1997) (affirming Rule 12(b)(6) dismissal of RICO conspiracy claims because the complaint did not allege sufficient facts to show that there was an agreement to engage in the scheme or to commit two predicate acts); *O'Malley v. O'Neill*, 887 F.2d 1557, 1560 (11th Cir. 1989) (affirming dismissal of RICO conspiracy claim because "no facts [were] alleged that would indicate that [defendants] were willing participants in a conspiracy").

Here, the Complaint contains no factual allegations sufficient to claim that UPS was a willing participant in any alleged conspiracy or that UPS entered into an agreement to engage in

---

[4] Notably, the Supreme Court held that "'the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'" as stated in *Conley v. Gibson* "has earned its retirement" and that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard; once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 2007 WL 1461066, at ** 7, 8 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

a scheme to commit two or more predicate acts, as would be necessary for a valid RICO suit. Plaintiffs' conclusory allegation against Defendant UPS is that UPS knew that it was engaged in the illegal transportation of obscenity by virtue of one thing, and one thing only — the names of three companies that it allegedly provided transportation services to in California, Pleasure Productions, Digital Sin, and Mile High Media, Inc. [Complaint at ¶ 9]. Plaintiffs also fail to identify who at UPS was involved in any alleged conspiracy, who at Co-Defendants' companies entered into an agreement to engage in a course of conduct with UPS, or where, when, and how any such agreement was made. And, after UPS raised all of these issues in its Motion to Dimiss, Plaintiffs' Response Brief did not attempt in any substantive way to rebut or remedy these deficiencies.

Civil RICO conspiracy claims are properly subject to dismissal under Rule 12(b)(6) for failure to allege any facts substantiating where, when and by whom the alleged conspiratorial agreement was made. *See Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999) (affirming Rule 12(b)(6) dismissal of civil RICO conspiracy claims). It follows from *BCCI Holdings* and *O'Malley*, as well as the rulings of the Eleventh Circuit affirming the dismissals of the series of essentially-identical complaints filed by Plaintiffs' counsel, that Plaintiffs' Complaint should now be dismissed.

### III.    CONCLUSION

Notwithstanding their contentions in their brief in response to UPS' Motion to Dismiss, Plaintiffs have failed to allege facts sufficient to support their claim that UPS conspired with Co-Defendants to violate RICO. Likewise, Plaintiffs have failed to allege facts sufficient to show a RICO enterprise, any predicate act violations by UPS, a pattern of racketeering activity, or that

any act or omission by UPS is the proximate caused of their alleged injuries, all of which constitute independent bases for dismissal of this action. Additionally, the Carmack Amendment is applicable to the case at bar because the conduct at issue involves that transportation of goods by a common carrier, and, therefore, Plaintiffs' claims against UPS are preempted. Plaintiff's multi-million dollar Complaint against UPS – based solely on the names of three alleged customers of UPS in California – is frivolous and should be dismissed with prejudice pursuant to Rule 12(b)(6). UPS respectfully submits that this Court should grant its Motion to Dismiss.

Respectfully submitted, this 22nd day of May, 2007.

/s/ *Alan C. Livingston*
Alan C. Livingston (LIV007)
LEE and McINISH, P.C.
283 West Main Street
Dothan, Alabama 36301
Phone:    (334) 792-4156
Facsimile: (334) 794-8342

Betsy P. Collins (COL055)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Phone:    (404) 881-7000
Facsimile: (404) 881-7777

Attorneys for Defendant
United Parcel Service, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Malcolm R. Newman
>Malcolm R. Newman, P.C.
>P. O. Box 6137
>Dothan, AL  36302
>
>Jeffrey M. Grantham
>Jeffrey Allen Lee
>John T. A. Malatesta, III
>Maynard, Cooper & Gale, P.C.
>1901 Sixth Avenue North
>Birmingham, AL  35203
>
>Robert K. Spotswood
>Michael T. Sansbury
>Spotswood Sansom & Sansbury LLC
>2100 Third Avenue, North
>Concord Center, Suite 940
>Birmingham, AL  35203

>/s/ *Alan C. Livingston*
>Alan C. Livingston (LIV007)
>LEE and McINISH, P.C.
>283 West Main Street
>Dothan, Alabama  36301
>Phone:    (334) 792-4156
>Facsimile:  (334) 794-8342

Error! Unknown document property name.