IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS<br>AND MARCO WILLIAMS<br>d/b/a FIRST CHOICE VIDEO,<br><br>Plaintiffs,<br><br>v.<br><br>MGA, INC. and all Holding Companies<br>and affiliated Entities, d/b/a MOVIE<br>GALLERY, UNITED PARCEL SERVICE,<br>INC. (UPS), SELECT MEDIA SERVICES,<br>LLC, MILE HIGH MEDIA, INC., LFP, INC.,<br>DIGITAL SIN, INC., and FRASERSIDE<br>HOLDING, LTD,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:07-CV-228-MEF |

## DEFENDANT UNITED PARCEL SERVICE, INC.'S BRIEF IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO RULE 11

This case marks the seventh frivolous lawsuit against UPS and its Co-Defendants filed by

Plaintiffs' counsel, Malcolm Newman ("Attorney Newman"), over the past two years. Attorney

Newman is aware of the baseless nature of the claims as a result of the dismissals of six previous

lawsuits, none of which have been reversed on appeal, that are all based on allegations

essentially identical to those in the instant Complaint. Yet, Attorney Newman continues to file

these suits containing the same substantive allegations against the same Defendants. UPS now

respectfully requests this Court sanction Attorney Newman pursuant to Federal Rule of Civil

Procedure 11(b)(2), and (3) because he has continued to prosecute claims lacking both factual

and legal bases and pursuant to Federal Rule of Civil Procedure 11(b)(1) because he has

prosecuted these claims for the improper purpose of harassing UPS.

## BACKGROUND

Since 2005, Attorney Newman has filed seven nearly-identical suits on behalf of movie rental or retail businesses and their owners alleging that UPS and its Co-Defendants participated in a conspiracy to disseminate obscenity in violation of the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962.[1]

As in each of the previous cases filed by Attorney Newman, Plaintiffs' Complaint in the instant case appears to allege that Defendants, including UPS, participated in an anti-competitive scheme in which Defendant Movie Gallery, a movie rental chain, could under-price Plaintiffs due to Movie Gallery's purported willingness to acquire, sell and profit from the rental and sale of sexually-explicit movies. [*See* Complaint at ¶¶ 1, 8]. Plaintiffs allege that, as a result of this purported anti-competitive scheme, they could not compete with Movie Gallery because Movie Gallery was able to sell at a lower price the same non-sexually explicit products that Plaintiffs were attempting to sell to consumers. [*See* Complaint at ¶¶ 4-6, 8].

As in the previous suits filed by Attorney Newman, Plaintiffs' Complaint does not provide any factual basis for its claims against UPS. Instead, Plaintiffs' scant, 13-paragraph Complaint makes generalized allegations against the "Defendants" collectively with only an unsupported and conclusory allegation that UPS knew that it was engaged in the illegal transportation of obscenity by virtue of only one thing – the names of three companies that it allegedly provided transportation services to in California, namely Pleasure Productions, Digital Sin, and Mile High Media, Inc. [Complaint at ¶ 9].

---

[1] In addition to the instant case, Attorney Newman has filed the following cases based on essentially-identical allegations in the Eleventh Circuit: *Odom v. MGA, Inc.*, No. 1:05-CV-59-F (M.D. Ala.); *Clark v. MGA, Inc.*, No. 2:05-CV-208-WMA (N.D. Ala.) (*"Clark I"*); *Holland v. MGA, Inc.*, No. 1:05-CV-237-WKW (M.D. Ala.); *Clark v. MGA, Inc.*, No. 2:05-CV-633-SLB (N.D. Ala.) (*"Clark II"*); *Whitaker v. MGA, Inc.*, No: 1:05-CV-099 (WLS) (M.D. Ga.); and *Carter v. MGA, Inc.*, No. 2:05-CV-1662-WMA (N.D. Ala.).

Plaintiffs' counsel, Attorney Newman, is well aware that multiple federal courts, including this Court, have held these allegations insufficient to state a claim upon which relief may be granted. Each of the six previous suits against UPS has been dismissed voluntarily by Attorney Newman or has been dismissed following motions pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.[2] Attorney Newman appealed the dismissal of four of these suits to the United States Court of Appeals for the Eleventh Circuit, which has affirmed the dismissal of each of those actions in summary unpublished opinions.[3] Most recently, in one such case, the United States Supreme Court denied a Petition for Writ of Certiorari filed by Attorney Newman.[4] Now, Attorney Newman has taken to filing this seventh repetitive Complaint, this time on behalf of Plaintiffs Michael Williams and Marco Williams, based on virtually the same allegations as those in the previous cases. The United States District Court for the Northern District of Alabama is currently considering whether to bar Attorney Newman from filing additional complaints on that Court's docket without prior permission, *see* May 8, 2007, letter from Defendants to the Honorable Sharon Blackburn.[5] UPS requests this Court utilize the sanctions available and appropriate under Rule

---

[2] *See Odom v. MGA, Inc.*, No. 1:05-CV-59-F (M.D. Ala. Mar. 10, 2005), attached hereto as Exhibit 1; *Clark v. MGA, Inc.*, No. 2:05-CV-208-WMA (N.D. Ala. Mar. 30, 2005) (*"Clark I"*) (dismissed without prejudice on Mar. 15, 2005, with leave to file an amended complaint), attached hereto as Exhibit 2; *Holland v. MGA, Inc.*, No. 1:05-CV-237-WKW (M.D. Ala. Nov. 1, 2006), attached hereto as Exhibit 3; *Clark v. MGA, Inc.*, No. 2:05-CV-633-SLB (N.D. Ala. Mar. 17, 2006) (*"Clark II"*) (dismissed on *res judicata* grounds), attached hereto as Exhibit 4; *Whitaker v. MGA, Inc.*, No: 1:05-CV-099 (WLS Dec. 30, 2005) (M.D. Ga. Dec. 30, 2005), attached hereto as Exhibit 5; and *Carter v. MGA, Inc.*, No. 2:05-CV-1662-WMA (N.D. Ala. Sept. 19, 2005), attached hereto as Exhibit 6.
[3] *See Carter v. MGA, Inc.*, No. 05-15402, 2006 WL 1933788, at *1 (11th Cir. July 13, 2006) (unpublished opinion) (petition for rehearing en banc denied), *cert. denied*, No. 06-1062, 2007 WL 321165 (Apr. 16, 2007); *Clark v. MGA, Inc.*, No. 06-12857, 2006 WL 3422345, at *1 (11th Cir. Nov. 29, 2006) (unpublished opinion) (affirmed on *res judicata* grounds); *Whitaker v. MGA, Inc.*, No. 06-15025, 2007 WL 763977, at *1 (11th Cir. Mar. 15, 2007) (unpublished opinion); and *Holland v. MGA, Inc.* No. 06-16187, 2007 WL 951449, at *1 (11th Cir. Mar. 30, 2007) (unpublished opinion).
[4] *See Carter v. MGA, Inc.*, No. 06-1062, 2007 WL321165 (U.S. Apr. 16, 2007).
[5] Letter attached hereto as Exhibit 7.

11 in this case to prevent Attorney Newman from needlessly continuing to waste additional time

or resources of the Court or Defendants.

**ARGUMENT AND AUTHORITIES**

Rule 11 sanctions are properly assessed when "(1) a party files a pleading that has no

reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that

has no reasonable chance of success and that cannot be advanced as a reasonable argument to

change existing law; or (3) when the party files a pleading in bad faith for an improper purpose."

*Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996); *see* Fed. R. Civ. P.

11(b). In the instant case, Attorney Newman has filed a Complaint without a reasonable factual

or legal basis, as demonstrated not only by the lack of facts supporting the Complaint's

conclusory allegations, which is described in the pending motion to dismiss, but also by the

multiple opinions of Courts within this Circuit, and the Eleventh Circuit, summarily dismissing

all of the previous related suits for failure to state a claim upon which relief may be granted.

Moreover, Attorney Newman has filed the instant Complaint in bad faith for the improper

purpose of harassing UPS.

I.    **Sanctions Are Warranted Because The Complaint Lacks A Reasonable Factual Or Legal Basis.**

To determine whether the imposition of sanctions is warranted, courts conduct a two-step

inquiry. *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001) (quoting *Baker v. Alderman*, 158

F.3d 516, 524 (11th Cir. 1998) (internal quotation marks omitted)). First, courts consider

"whether the party's claims are objectively frivolous." *Id.* Second, courts consider "whether the

person who signed the pleadings should have been aware that they were frivolous." *Id.*

**A.     Plaintiffs' RICO Claim Is Objectively Frivolous.**

A claim is objectively frivolous if it lacks a reasonable factual or legal basis.  *See Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1573 (11th Cir. 1995).  "A complaint is factually groundless and merits sanctions where the plaintiff has absolutely no evidence to support its allegations." *Id.*  Each of Attorney Newman's seven essentially-identical complaints are devoid of any factual support and lack any legal basis for establishing a violation of 18 U.S.C. § 1962.  In each of these complaints, Attorney Newman has alleged that Defendants conspired to import obscene and pornographic videos, DVDs, and magazines into various states, including Alabama, Georgia, and Mississippi, for sale and distribution, yet has provided no factual support for the allegations.  In fact, in the instant case, as in the previous cases, Attorney Newman's sole, conclusory allegation against Defendant UPS is that UPS knew that it was engaged in the illegal transportation of obscenity by virtue of one thing – the names of three companies that it allegedly provided transportation services to in California, namely Pleasure Productions, Digital Sin, and Mile High Media, Inc. [Complaint at ¶ 9].

In UPS's motions to dismiss the previous RICO lawsuits filed by Attorney Newman, UPS asserted numerous, independent reasons why the suits, like the instant matter, fail on their face to begin to state a RICO claim:[6]

- Plaintiffs fail to allege any facts, much less legally-sufficient ones, sufficient to establish a RICO conspiracy claim against UPS.

- Plaintiffs do not sufficiently allege a RICO enterprise.

- Plaintiffs do not sufficiently allege any predicate act violations by UPS.

---

[6] UPS's Motion to Dismiss and brief in support thereof, filed April 30, 2007, more fully set forth the law showing that Plaintiffs' RICO claim fails to satisfy federal pleading standards.

- Plaintiffs do not sufficiently allege a pattern of racketeering activity.

- Plaintiffs do not sufficiently allege that any act or omission by UPS is the proximate cause of their alleged injuries.

- Plaintiffs' claims for injunctive relief are barred as a matter of law, because RICO injunctive relief is not available to private citizens bringing civil RICO claims.

- Plaintiffs' claims against UPS are preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, which established a wide-ranging and all-encompassing federal framework governing liability of carriers such as UPS.

- Plaintiffs have no private right of action to enforce federal obscenity law.

Notwithstanding these deficiencies, Attorney Newman has filed virtually the same complaint seven times. Other than adding descriptions of acts depicted in films purportedly rented or sold at Movie Gallery stores in Mississippi, the instant Complaint is essentially identical to the previous complaints that have been dismissed. [Complaint at ¶ 8]. These descriptions, however, do not overcome the fatal pleading deficiencies noted above, in particular the failure to allege a conspiracy, an enterprise, predicate act violations, or a pattern of racketeering activity, or that any purported violation was the proximate cause of Plaintiffs' injuries.

As discussed above, multiple courts within this Circuit have found the essentially-identical allegations filed by Attorney Newman in the previous complaints insufficient to state a RICO claim. For instance, the Eleventh Circuit Court of Appeals held in *Carter* that "Plaintiffs' conclusory allegations that Defendants conspired with each other are insufficient to survive a motion to dismiss" and that "Plaintiffs did not allege facts sufficient to support their claims and

thus did not meet the requirements of Rule 8." *Carter*, 2006 WL 1933788, at *2.[7] In *Whitaker*,

the United States District Court for the Middle District of Georgia granted UPS and other

defendants' motions to dismiss, holding: "Plaintiffs' total disregard of the local and federal rules

and the failure to even address the obvious deficiencies of the Complaint require this Court to

dismiss the Complaint against all defendants." *Whitaker v. MGA, Inc.*, No: 1:05-CV-099 (WLS),

slip op. at 1-2 (M.D. Ga. Dec. 30, 2005). In *Holland*, this Court held that "Plaintiff has failed to

state any cognizable RICO cause of action," noting that the plaintiff "failed to plead a

sufficiently direct causal connection [between the RICO violation and the alleged injury]."

*Holland v. MGA, Inc., et al.*, 1:05-CV-WKW, slip op. at 3, n.12 (M.D. Ala. Nov. 1, 2006).

Plaintiffs' RICO claim in the instant Complaint is substantively no different from the

facially defective lawsuits previously filed in this and other Courts within this Circuit, and it

lacks both a reasonable factual and legal basis. Thus, its filing by Attorney Newman in this

Court is objectively frivolous and deserving of sanctions under Rule 11(b)(2) and (3).

**B.     Attorney Newman Should Have Been Aware That Plaintiffs' RICO Claim Was
         Frivolous.**

The second prong for awarding sanctions is "whether the person who signed the

pleadings should have been aware that they were frivolous." *Byrne*, 261 F.3d at 1105. "When

filing a claim in federal court, an attorney certifies that he or she has conducted a reasonable

inquiry and that the pleading is well-grounded in fact, legally-tenable, and is not presented for

---

[7] As noted above, the addition of descriptions of acts depicted in films purportedly rented or sold at Movie Gallery stores does not change the fact that Plaintiffs have failed to sufficiently state a RICO claim. Although it appears that Attorney Newman was attempting to address the Eleventh Circuit's opinion in *Carter*, which held in part that the plaintiffs' conclusory statements that the purported subject materials were obscene was insufficient to withstand a motion to dismiss, 2006 WL 1933788, at *1, Attorney Newman has done nothing to address the second part of the Eleventh Circuit's opinion, which held that the plaintiffs' conclusory allegations of conspiracy were insufficient to state a RICO claim. 2006 WL 1933788, at *2.

any improper purpose. *Id.* (quoting *Baker*, 158 F.3d at 524) (internal quotation marks omitted). "Thus, if, after dismissing a party's claim as baseless, the court finds that the party's attorney failed to conduct a reasonable inquiry into the matter, then the court is obligated to impose sanctions even if the attorney had a good faith belief that the claim was sound." *Id.* at 1105-06. (quoting *In re Mroz*, 65 F.3d 1567, 1573 (11th Cir. 1995)). Proof of bad faith is not a requirement of Rule 11. *Donaldson v. Clark*, 819 F.2d 1551, 1560 (11th Cir. 1987).

Whether the conduct was reasonable at the time the pleading was submitted depends on the following factors: (1) how much time was available to the signer for investigation of the facts; (2) whether the signer had to rely on the client for information as to the underlying facts; (3) whether the pleading was based on a plausible view of the law; and (4) whether the signer was relying on another member of the bar. *Id.* at 1556.

In this case, the third factor alone warrants the award of sanctions against Attorney Newman. It is clear that the Complaint was not based upon a plausible view of the law when filed by Attorney Newman. Attorney Newman, as the individual who signed the pleadings in each of the previous essentially-identical lawsuits, was well aware that each district court confronted with the previous cases dismissed them for failure to state a claim upon which relief may be granted. Further, he was aware that the Eleventh Circuit Court of Appeals had affirmed the dismissals.

Given the consistent history of previous dismissals, Attorney Newman's conduct in filing the instant case in March 2007 was unreasonable. *See Byrne*, 261 F.3d at 1115 (noting that an attorney's "responsibility to act with professional judgment only after a thorough, reasonable, and objective investigation of the claims at issue was heightened" when the attorney was aware

- 8 -

that similar claims had recently been dismissed in another suit.)  Sanctions are, therefore,

warranted and necessary to fulfill the purposes of Rule 11(b)(2) and (3), including preservation

of the limited resources of the federal judicial system and prevention of baseless litigation.  *See*

*Pelletier v. Zweifel*, 921 F.2d 1465, 1522 (11th Cir. 1991).

**II.    Sanctions Are Warranted Because Attorney Newman Filed This Lawsuit For An Improper Purpose.**

The Federal Rules of Civil Procedure also authorize the imposition of sanctions when a

party files a pleading for any improper purpose, such as to harass or to cause unnecessary delay

or to needlessly increase the cost of litigation.  Fed. R. Civ. P. 11(b)(1); *see also Pelletier v.*

*Zweifel*, 921 F.2d at 1514 (Sanctions are warranted "when a party files a pleading in bad faith for

an improper purpose.").  "Improper purpose may be shown by excessive persistence in pursuing

a claim or defense in the face of repeated adverse rulings . . . Rule 11 is intended to reduce

frivolous claims and to deter costly meritless maneuvers, thereby eliminating delay, and reducing

the cost of litigation." *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434,

1448 (11th Cir. 1998).

Attorney Newman's filing of this Complaint, when nearly-identical complaints have been

determined by multiple Courts within this Circuit and by the Eleventh Circuit to be insufficient

to state a claim upon which relief may be granted, can only be attributed to filing a pleading for

the improper purpose of harassing UPS and its Co-Defendants.  In fact, a website discussing this

series of RICO cases, which is apparently affiliated with Attorney Newman's office,[8] provides

that complaints will continue to be filed even in the face of the previous adverse rulings: "What

---

[8] *See* Illegal Advantage, www.illegaladvantage.com (last accessed May 18, 2007). Jonah Phelps has been identified as the administrator of this website, *see* Exhibit 7 – Appendix A, and is the very same individual who signed a certified mail return receipt card at Attorney Newman's law firm to acknowledge receipt of Movie Gallery's motion for sanctions, *see* Exhibit 7 – Appendix B.

the judges and defendants apparently do not understand is that simply having the cases dismissed is not going to stop our cause. We will continue to file more cases. We will continue to appeal each case." Illegal Advantage, http://www.illegaladvantage.com/Main.html. (last accessed May 18, 2007).

Attorney Newman's persistence in pursuing claims known to be baseless constitutes an improper purpose. *See Pelletier*, 921 F.2d at 1515 (holding that litigant's decision to pursue complaint that he knew to have no factual basis amounted to bad faith and warranted the imposition of sanctions). For this additional, independent reason, sanctions are warranted and necessary under Rule 11(b)(1) to deter Attorney Newman from filing frivolous complaints.

## CONCLUSION

"In filing a pleading in federal court, an attorney certifies that he or she has conducted a reasonable inquiry and the pleading is well-grounded in fact, legally-tenable, and 'is not presented for any improper purpose.'" *Baker*, 158 F. 3d at 524. Attorney Newman has repeatedly prosecuted claims lacking both a factual and legal basis and is aware of the baseless nature of the claims as a result of the dismissals of his six previous lawsuits based on allegations essentially identical to those in the instant Complaint by this and other Courts. Furthermore, he has prosecuted these claims for the improper purpose of harassing UPS.

WHEREFORE, UPS respectfully requests this Court impose all available sanctions under Rule 11(c) upon Attorney Newman, including attorney's fees, costs, dismissal of this action with prejudice, and non-monetary remedies sufficient to punish Attorney Newman for filing this baseless lawsuit and to prevent him from filing such lawsuits in the future.

- 10 -

Respectfully submitted, this 15th day of June, 2007.


/s/ *Alan C. Livingston*
Alan C. Livingston (LIV007)
LEE and McINISH, P.C.
283 West Main Street
Dothan, Alabama  36301
Phone:     (334) 792-4156
Facsimile:  (334) 794-8342

Betsy P. Collins (COL055)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
Phone:     (404) 881-7000
Facsimile:  (404) 881-7777


Attorneys for Defendant
United Parcel Service, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2007, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing

to the following:

Malcolm R. Newman
Malcolm R. Newman, P.C.
P. O. Box 6137
Dothan, AL  36302

Jeffrey M. Grantham
Jeffrey Allen Lee
John T. A. Malatesta, III
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
Birmingham, AL  35203

Robert K. Spotswood
Michael T. Sansbury
Spotswood Sansom & Sansbury LLC
2100 Third Avenue, North
Concord Center, Suite 940
Birmingham, AL  35203

*/s/ Alan C. Livingston*
Alan C. Livingston (LIV007)
LEE and McINISH, P.C.
283 West Main Street
Dothan, Alabama  36301
Phone:      (334) 792-4156
Facsimile: (334) 794-8342

# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **TIMOTHY R. ODOM,** | * | |
| **d/b/a K & T ENTERPRISES,** | * | |
| | * | |
| **PLAINTIFF,** | * | |
| | * | |
| **VS.** | * | **CASE NO.: 1:05-CV-59-F** |
| | * | |
| **MGA, Inc., and all Holding** | * | |
| **Companies and affiliated** | * | |
| **Entities, d/b/a** | * | |
| **MOVIE GALLERY,** | * | |
| **UNITED PARCEL SERVICE,** | * | |
| **INC., (UPS), SELECT MEDIA** | * | |
| **SERVICES, LLC., MILE HIGH** | * | |
| **MEDIA, INC., LFP, INC.,** | * | |
| **DIGITAL SIN, INC., and** | * | |
| **FRASERSIDE HOLDING, LTD.,** | * | |
| | * | |
| **DEFENDANTS.** | * | |

## NOTICE OF DISMISSAL

Comes now Plaintiff, Timothy R. Odom, pursuant to Rule 41 (a) (1) Fed. R.

Civ. Proc. and hereby gives Notice of Voluntary Dismissal of all claims against

defendants.


Malcolm R. Newman, Attorney, P.C.


/s/ Malcolm R. Newman
Malcolm R. Newman (NEW017)
Attorney for Plaintiff
P.O. Box 6137
Dothan, Alabama 36302
(334) 792-2132
ASB-2826-M39M

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon:

Jeffery Grantham
1901 Sixth Avenue, North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618

R. Ryan Stoll
333 West Wacker Drive
Chicago, Illinois 60606-1285

Alan Livingston
Lee & McInish
P.O.Box 1665
Dothan, Alabama 36302-1665

Mark S. Hoffman
Labowe, Labowe & Hoffman, LLP
1631 West Beverly Blvd.
2nd Floor
Las Angeles, California 90026-5746

by placing a copy of the same in the United States mail, postage prepaid this the 10th

day of March, 2005.


/s/ Malcolm R. Newman, Esq.
Malcolm R. Newman, Esq.

# Exhibit 2

FILED
2005 Mar-30  PM 03:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIAM ERIC CLARK,            }
                               }
        Plaintiff,             }
                               }      CIVIL ACTION NO.
v.                             }      05-AR-0208-S
                               }
MGA, INC., et al.,             }
                               }
        Defendants.            }

### ORDER

On March 15, 2005, the court entered an order dismissing the action as against defendants, MGA, Inc. ("MGA"), United Parcel Service, Inc. ("UPS"), Mile High Media, Inc. ("Mile High"), and Digital Sin, Inc. ("Digital Sin"):

> The motions to dismiss filed by the various defendants in the above-entitled cause are all GRANTED, and action is DISMISSED as against all said defendants, **but without prejudice to plaintiff's right within fourteen (14) days to file an amended complaint...**

More than fourteen (14) days have elapsed without plaintiff amending his complaint. Accordingly, the action is now DISMISSED WITH PREJUDICE as against MGA, UPS, Mile High, and Digital Sin.

DONE this 30th day of March, 2005.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

FILED

2005 Mar-15  PM 01:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM ERIC CLARK, | } |
| | } |
|     Plaintiff, | } |
| | }    CIVIL ACTION NO. |
| v. | }    05-AR-0208-S |
| | } |
| MGA, INC., et al., | } |
| | } |
|     Defendants. | } |

## ORDER

The motions to dismiss filed by the various defendants in the above-entitled cause are all GRANTED, and the action is DISMISSED as against all said defendants, but without prejudice to plaintiff's right **within fourteen (14) days** to file an amended complaint, which, *inter alia*, must invoke the jurisdiction of this court pursuant to 28 U.S.C. § 1331, and not pursuant to 18 U.S.C. § 3231, which is a criminal jurisdictional statute. The amended complaint must allege with much more specificity the acts of each defendant that, in concert, constituted a RICO enterprise.

The motions to transfer venue are DENIED, based on the fact that the parallel prior action pending in the Middle District of Alabama has been voluntarily dismissed by plaintiff in that case.

DONE this 15th day of March, 2005.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BARBARA HOLLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-cv-237-WKW |
| | ) | (WO) |
| MGA, INC., *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This case is the sixth in the series of civil actions under the Racketeer Influenced and Corrupt

Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968 (2000 Ed. and Supp. III) against MGA, Inc.

("MGA") and others, all of which were filed in 2005 by the same plaintiffs' counsel representing six

distinct plaintiffs.  Three cases were filed in the Northern District of Alabama,[1] and this is the second

case in the Middle District of Alabama.[2]   One case was filed in the Middle District of Georgia.[3]

This case is before the court on the motions to dismiss of MGA (Docs. #12 and #62), United Parcel

Service, Inc. ("UPS") (Doc. #49), Select Media Services, LLC ("SMS") (Doc. #55), LFP, Inc.

("LFP") (Doc. #30), Mile High Media ("MHM") (Docs. #19 and #63), Digital Sin, Inc. ("DSI")

---

[1]  *See William Eric Clark v. MGA, Inc., et al.,* CV-05-AR-0208-S (N.D. Ala. 2005) (hereinafter "*Clark I*")
filed on April 11, 2005. *See also William Eric Clark v. MGA, Inc., et al.,* CV-05-B-0633-S (N.D. Ala. 2005) on
appeal U.S.C.A. #06-12857DD (hereinafter "*Clark II*").   On August 4, 2005, the same plaintiff's counsel filed *Angie
Carter, et al. v. MGA, Inc., et al.,* CV-05-AR-1662 (M.D. Ala.) (hereinafter "*Carter*").

[2]  *See Timothy R. Odom v. MGA, Inc., et al.,* 1:05-CV-00059-MEF-DRB (M.D. Ala. 2005) (hereinafter
"*Odom*"), filed on January 24, 2005.

[3]  *See Russell Whitaker, et al. vs. MGA, Inc., et al.,* 1:05-CV-99, (M.D. Ga.) on appeal U.S.C.A. #06-
15025DD (hereinafter "*Whitaker*").  The *Whitaker* complaint was filed on July 20, 2005.

(Docs. #45 and #61), and Fraserside Holding, LTD ("Fraserside") (Doc. #79).[4]  Also pending is a

Motion to Strike Response filed by Fraserside (Doc. #86), and Plaintiff's Motion for Leave to Join

Additional Defendants (Doc. #87).  For the reasons set forth herein, the court finds that all the

motions to dismiss are due to be granted, the motion to strike is due to be denied as moot, and

plaintiff's motion for leave to join additional defendants is due to be denied.

## PROCEDURAL AND FACTUAL BACKGROUND

The Complaint as amended (Doc. #37) purports to state a cause of action against all

defendants for economic injuries to Plaintiff caused by the actions of Defendants under 18 U.S.C.

§§ 1462, 1465 and 18 U.S.C. § 1466.  Plaintiff avers that these Defendants "conspired to transport

obscene materials into Alabama and across the United States and Canada for commercial sale, and

operated an enterprise for that purpose in order to make money." (*Id. at ¶ 1)*  Plaintiff claims to be

a competitor of MGA who "rents and sells videotapes/CDs/DVDs of motion pictures . . ." (*Id.* at

¶ 4), and who suffered damages because she is unable to compete with MGA.[5]  This latter

circumstance is alleged to be due to MGA's substantially profitable distribution of obscene materials,

allowing MGA to distribute non-obscene materials "at a much lower price than plaintiff. . . ." (*Id.*

*at ¶ 8)*  Plaintiff seeks $15,000,000 in damages, plus costs and a reasonable attorney's fee.

---

[4]  Each defendant in this case has been a defendant in each of the other five cases, except LFP, MHM, DSI and Frasierside were not defendants in *Clark I*.

[5]  Plaintiff does not dispute, however, that defendant MGA has never had a store in Samson, Alabama, the location of Plaintiff's business.

## DISCUSSION

The allegations in the amended complaint are for all practical purposes identical to the allegations in the five previous cases cited above. *Odom*[6] and *Clark I*[7] were voluntarily dismissed pursuant to Fed. R Civ. P. 41(a)(1);  *Clark* II was dismissed by order;[8]  *Carter* was ordered dismissed,[9] appealed, and affirmed on appeal;[10]  and *Whitaker* was dismissed.[11]  In *Carter*, the Eleventh Circuit held: (1) "Plaintiffs' statements that the materials are obscene are insufficient to survive a motion to dismiss." *Carter* at 4;  (2) "Plaintiffs' conclusory allegations that Defendants conspired with each other are insufficient to survive a motion to dismiss." *Id.*; and (3) "Plaintiffs did not allege facts sufficient to support their claims and thus did not meet the requirements of Rule 8." *Id. at 5.*

Consistent with the Eleventh Circuit's opinion in *Carter*, this court concludes Plaintiff has failed to state any cognizable RICO cause of action.[12]  Not only is this outcome consistent with the *Carter* opinion, but it comports with the conclusions of three district courts[13] considering identical

---

[6]  Doc #34.

[7]  Doc. #30.

[8]  Doc. #55.

[9]  Docs. #23, #38 and #43.

[10]  *Carter, et al. v. MGA, Inc. et al.*, 2006 WL 1933788 (11th Cir. 2006) (unpublished).

[11]  Doc. #39.

[12]  Not addressed in *Carter* or other MGA related district court opinions is the difficulty in proving the direct causal relation between the RICO violation and the alleged injury as required in RICO cases under *Anza v. Ideal Steel Supply Corp.*, 126 S. Ct. 1991 (2006).  Certainly Plaintiff failed to plead a sufficiently direct casual connection.

[13]  *Carter, Clarke II and Whittaker.*

3

claims on Rule 12 motions to dismiss. Though the plaintiffs are not identical, the claims and

allegations are identical for all relevant purposes. As the beneficiary of, in essence, six opportunities

through counsel to state a valid claim, and having had the opportunity to amend the complaint once,

plaintiff will not be allowed to replead or add parties.

## **CONCLUSION**

For the foregoing reasons, it is ORDERED:

(1)    The Motion to Strike Response (Doc. #86) is DENIED as moot;

(2)    Plaintiff's Motion for Leave to Join Additional Defendants (Doc. #87) is DENIED;

(3)    The motions to dismiss of MGA (Docs. #12 and #62), UPS (Doc. #49), SMS (Doc.

#55), LFP (Doc. #30), MHM (Docs. #19 and #63), DSI (Docs. #45 and #61), and Fraserside (Doc.

#79) are GRANTED.

(4)    A separate judgment dismissing all claims with prejudice will be entered.

DONE this 1st day of November, 2006.

_____/s/  W.  Keith Watkins_____
UNITED STATES DISTRICT JUDGE

4

# Exhibit 4

FILED

2006 Mar-17 PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM ERIC CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 05-B-0633-S |
| | ) | |
| MGA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This case is presently before the court on Motions to Dismiss, filed by defendants

MGA, (doc. 8); UPS, (doc. 9); Select Media Services, L.L.C., (doc. 22); Mile High Media,

(doc. 36); LFP, Inc., (doc. 11); and Fraserside Holding, Ltd., (doc. 32). Plaintiff has sued

defendants alleging defendants violated the Racketeer Influenced and Corrupt Organization

Act ["RICO"]. For the reasons set forth below, the court finds defendants MGA, UPS, Select

Media Services, and Mile High Media, are due to be dismissed as the claims against these

defendants are barred by res judicata based on the dismissal with prejudice of plaintiff's

claims in *Clark v. MGA*, CV 05-AR-0208-S [hereinafter *Clark I*]. The court finds Fraserside

is due to be dismissed for lack of personal jurisdiction, and defendants LFP and Fraserside

are due to be dismissed because plaintiff's Complaint fails to state a claim against these

defendants upon which relief can may be granted.

## I. RES JUDICATA

Defendants MGA, UPS, Select Media Services, and Mile High Media contend that plaintiff's claims against them are due to be dismissed as such claims are precluded by the prior order of this court in *Clark I*. In response, plaintiff states that he "does not challenge that res judicata would bar this present action." (Doc. 23.) In light of plaintiff's concession, all his claims against defendants MGA, UPS, Select Media Services and Mile High Media are due to be dismissed with prejudice.

## B. PERSONAL JURISDICTION

On a Motion to Dismiss for lack of personal jurisdiction, "[w]hen the district court does not conduct a discretionary evidentiary hearing . . . , the plaintiff must establish a prima facie case of personal jurisdiction over the nonresident defendant." *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990)(citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988); *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988)). "A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for directed verdict," and "[t]he district court must accept the facts alleged in the complaint as true, to the extent that they are uncontroverted by the defendant's affidavits." *Id.* (citing *Morris*, 843 F.2d at 492 (citing *Delong Equip. Co.*, 840 F.2d at 845)) (internal quotations omitted).

Defendant Fraserside contends that this court lacks personal jurisdiction over it. Fraserside has presented evidence that it is a foreign corporation with its principal place of

2

business in Europe. (Doc. 32, Ex. 1.) Moreover, it has presented evidence that it does not

ship any goods to Alabama, as its distribution in the United States is handled by contractor.

(*Id.*) Plaintiff did not present any argument or evidence to the contrary. (*See* doc. 43.)

Therefore, defendant Fraserside Holding's Motion to Dismiss for lack of personal

jurisdiction is due to be granted.

## III. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Eleventh Circuit Court of Appeals has stated that a Motion to Dismiss "is viewed

with disfavor and rarely granted." *Brooks v. Blue Cross and Blue Shield*, 116 F.3d 1364,

1369 (11th Cir. 1997)(citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969);

*International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471

(5th Cir. 1968)). When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the

court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*,

980 F.2d 1418, 1419 (11th Cir. 1993)(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73

(1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986)); *see also Jackson v.*

*Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994). The court will dismiss a claim only

when it is clear that no relief could be granted under any set of facts consistent with the

allegations in the Complaint. *Hishon*, 467 U.S. at 73; *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957). "A complaint may not be dismissed because the plaintiff's claims do not support the

legal theory he relies upon since the court must determine if the allegations provide for relief

on *any* possible theory." *Brooks*, 116 F.3d at 1369 (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967))(emphasis in original).

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). "[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)), *cited in McClendon v. May*, 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999).

Defendant Fraserside and LFP contend that plaintiff's Complaint is due to be dismissed for failure to state a claim. The heart of plaintiff's claim is his allegation that defendants participated in an enterprise that existed to deal in obscenity in violation of RICO. With regard to defendants Fraserside and LFP, plaintiff's Complaint alleges:

> 1. Fraserside and LFP "conspired [with the other named defendants] to transport obscene material into Alabama and across the United States and Canada for commerical sale and operated an enterprise for that purpose in order to make money." (Doc. 1 ¶ 1.)

> 2. Fraserside and LFP are "producers of pornography." (*Id.* ¶ 3.)

> 3. Fraserside and LFP and the other named defendants –

> since at least 1999 conspired to and in fact did import for sale and distribution tens of thousands, or more, of obscene and pornographic

4

videotapes and DVDs and magazines into Alabama and all across the
U.S. and Canada.

Defendant MGA Executives . . . were Co-Conspirators with each
other and the other defendants in this racketeering activity as defined
in 18 U.S.C. 1961(1) (dealing in obscene matter).  (*Id.* ¶ 7.)

4.    Fraserside and LFP "produced many of the obscene
videotapes/DVDs purchased by . . . Defendant [MGA] for sale or rental. They
placed their goods with Defendant UPS for shipment via interstate commerce
for delivery to Defendant MGA . . . . (*Id.* ¶ 11.)

5.    Fraserside and LFP "did knowingly combine and confederate
together with each other and others on thousands of dates before the filing of
this Complaint, to disseminate and distribute hard-core, obscene
videotapes/DVDs and magazines through interstate commerce throughout the
United States . . . to profit and obtain benefits therefrom, and in violation of 18
U.S.C. Section [1962] (c)-(d) . . . ." (*Id.* ¶ 12.)

6.    "All Defendants conspired to violate 18 U.S.C. 1962(c) which is
prohibited under 18 U.S.C. 1962(d) by Defendant MGA selling and/or renting
the obscenity it ordered from . . . LFP . . . and Fraserside . . . . (*Id.* ¶ 13.)

In his Complaint, plaintiff identifies two subsections of 18 U.S.C. § 1962 he contends

defendants violated – § 1962(c) and (d).  (*Id.* ¶ 13.)

In order to state a claim under § 1962(c), plaintiff must allege that defendants

Fraserside and LFP "participate[d] in the operation or management of the enterprise itself

That is, [Fraserside and LFP] must have some part in directing the affairs of the enterprise."

*Williams v. Mohawk Industries*, 411 F.3d 1252, 1258 (11th Cir. 2005)(quoting *Reves v. Ernst*

*& Young*, 507 U.S. 170, 179, 185 (1993))(internal quotations and citations omitted).

Assuming that the defendants had a loose association for the purpose of distributing

obscenity, nothing in the Complaint even hints that Fraserside and LFP exercised any

5

direction over any part of the enterprise. Indeed, plaintiff's Complaint alleges that MGA and

UPS – not Fraserside and LFP – operated the enterprise. (Doc. 1 ¶ 13.)

Therefore, the court finds that plaintiff's Complaint fails to state a cause of action

against defendants Fraserside and LFP for a violation of 18 U.S.C. § 1962(c).

Plaintiff also alleges that Fraserside and LFP conspired to violate 18 U.S.C. § 1962(c),

which is a violation of 18 U.S.C. § 1962(d). The Eleventh Circuit has held:

> Section 1962(d) makes it unlawful to conspire to violate any of the substantive
> provisions of RICO, including § 1962(c). A plaintiff can establish a RICO
> conspiracy claim in one of two ways: (1) by showing that the defendant
> agreed to the overall objective of the conspiracy; or (2) by showing that the
> defendant agreed to commit two predicate acts. *United States v. Church*, 955
> F.2d 688, 694 (11th Cir.)(internal quotations and citations omitted), *cert.
> denied*, 506 U.S. 881 (1992); *United States v. Kopituk*, 690 F.2d 1289, 1323
> (11th Cir. 1982)(noting that it is sufficient that defendant knows of the
> "essential nature of the plan")(citations omitted), *cert. denied*, 461 U.S.
> 928(1983).

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 950 (11th Cir.

1997). The complaint must allege facts sufficient to allow an inference that defendants

"agreed to the overall objective of the conspiracy" or that they "agreed to commit two

predicate acts." *Id.* (citing *O'Malley v. O'Neill*, 887 F.2d 1557, 1559 (11th Cir. 1989)).

To establish a conspiracy claim against LFP and Fraserside, plaintiff must allege

sufficient facts to allow an inference that LFP and Fraserside agreed to distribute obscene

material or that they agreed to transport obscene material on two occasions. The Complaint,

however, contains only conclusory allegations of a conspiracy, which is insufficient to

6

support the conspiracy claim. *Hansel v. All Gone Towing Co.*, 132 Fed. Appx. 308, 310

(11th Cir. 2005)(citing *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984)).

Also, plaintiff's Complaint contains no specific allegations to support his assertion that

LFP or Fraserside transported "obscene" videotapes or DVDs that were sold or rented by

MGA, or that they agreed to participate with the other defendants in a conspiracy to distribute

obscene material. Specifically, the court notes:

> Section 1961 requires that a RICO plaintiff establish that a defendant could be
> convicted for violating any of its predicate statutes. Therefore, in order to
> survive a motion to dismiss, a plaintiff must allege facts sufficient to support
> each of the statutory elements for at least two of the pleaded predicate acts.

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 948-49 (11th Cir.

1997)(citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 486-88 (1985); *Central

Distributors of Beer, Inc. v. Conn*, 5 F.3d 181, 183-84 (6th Cir. 1993), *cert. denied*, 512 U.S.

1207 (1994); 18 U.S.C. § 1961).

Plaintiff does not identify even one videotape or DVD transported by LFP or

Fraserside to MGA in violation of federal anti-obscenity law. Indeed, whether a particular

videotape or DVD was obscene, so that it violated 18 U.S.C. § 1461-65, requires a factual

determination based upon, among other considerations, the standards of the relevant

community. Plaintiff has not alleged with any particularity that videotapes or DVDs

produced by these defendants were actually obscene under federal law. *Ashcroft v. American

Civil Liberties Union*, 542 U.S. 656, 678 (2004) ("Material is legally obscene if (a) the

average person, applying contemporary community standards would find that the work, taken

7

as a whole, appeals to the prurient interest; (b) the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) the work, taken as a whole, lacks serious literary, artistic, political, or scientific value." (quoting *Miller v. California*, 413 U.S. 15, 24 (1973)))(internal quotations omitted).

Moreover, plaintiff has submitted invoices from LFP and defendant Mile High Media, which specifically state that the videotapes and DVDs produced by these defendants are not to resold where such sale would be illegal. (Doc. 24, Ex. E (Mile High's invoice states, "NOT TO BE RESOLD WHERE PROHIBITED BY LAW. This order contains X-Rated Adult Material that your buyer has declared legal in the jurisdiction where they will be sold"); *id.*, Ex. F (LFP's invoice states, "The purchaser agrees that, as an essential part of this purchase agreement, they are familiar with the laws and community standards of their customer base and represent and agree that they will not ship any of the products purchased from LFP Video, Inc. into any community in violation of such laws and/or standards.").) Such evidence rebuts any inference that Mile High or LFP agreed to transport or participate in the distribution of obscene material.

Therefore, plaintiff's claims based on § 1962(d) are due to be dismissed for failure to state a claim.

Even if the court were to find that the Complaint stated a RICO claim against defendants LFP and Fraserside, plaintiff's Complaint would still be due to be dismissed because it fails to allege an actionable RICO injury. The Eleventh Circuit has held:

8

In order for a pattern of racketeering activity to be a cognizable cause
of civil RICO injury to a private plaintiff, one or more of the predicate acts
must not only be the "but for" cause of the injury, but the proximate cause as
well. [*Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268
(1992); *Beck v. Prupis*, 162 F.3d 1090, 1095-96 (11th Cir. 1998)]. A wrongful
act is "a proximate cause if it is a substantial factor in the sequence of
responsible causation." *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d
1386, 1399 (11th Cir. 1994)(internal quotation omitted). Plaintiffs must show
a "direct relation between the injury asserted and the injurious conduct
alleged." *Holmes*, 503 U.S. at 268.

*Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1307-08 (11th Cir.

2003). A "plaintiff only has standing if, and can only recover to the extent that, he has been

injured in his business . . . by the conduct constituting the violation." *Williams v. Mohawk*

*Industries*, 411 F.3d 1252, 1263 (11th Cir. 2005)(quoting *Sedima S.P.R.L. V. Imrex Co.*, 473

U.S. 479, 496-97 (1985)).

Plaintiff's Complaint alleges that he operated a "comparatively small" business selling

videotapes and DVDs. (Doc. 1 ¶ 4.) He contends that he "found it increasingly difficult to

compete with the *more established video merchants as they could charge less for the same*

*product*," (*id.* ¶ 5 [emphasis added]), and that he closed his business because "he could not

make a profit," (*id.* ¶ 6.) He also contends that defendant MGA "was able to offer its non-

obscene material at a much lower price than Plaintiff could since [MGA] made substantial

profit on the sale of its pornography inventory . . . ." (*Id.* ¶ 8.)

The court finds that plaintiff's Complaint does not allege a injury that was proximately

and directly caused by the alleged racketeering activity. As the Complaint states, plaintiff's

difficulty in maintaining a competitive business was affected by "more established video

9

merchants" and their ability to under price him, not MGA's alleged dealings in obscene material. Even assuming that MGA was able to underprice plaintiff based on the profit gained from the *sale* of allegedly obscene videotapes, DVDS, and movies, such activity is not racketeering activity.[1] Plaintiff's alleged injury is too remote from the transporting of obscene material, which is racketeering activity, to support a RICO claim.

The court finds that plaintiff has not alleged an injury for which he is entitled to relief. Therefore, plaintiff's Complaint is due to be dismissed against LFP and Fraserside for failure to state a claim for which relief can be granted.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that plaintiff's claims against defendants MGA, UPS, Select Media Services, L.L.C., Mile High Media, LFP, Inc., and Fraserside Holding, Ltd., are due to be dismissed.[2] An Order granting defendants' Motions

---

[1]The RICO statute defines "racketeering activity" as including violations of "sections 1461-1465," *see* 18 U.S.C. § 1961; these statutes deal with mailing, importing, transporting, and broadcasting obscene material, *see* 18 U.S.C. §§ 1461-1465. RICO does not include 18 U.S.C. § 1466, "Engaging in the business of selling or transferring obscene matter," within the definition of racketeering activity. Plaintiff alleges that defendant MGA sold obscene material and that the sale of this material caused his injury; however, selling obscene material is not racketeering activity.

[2]The court notes that plaintiff, who is represented by counsel, has not asked for permission to amend his Complaint. "A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).

to Dismiss, (docs. 8, 9, 11, 22, 32, 36), will be entered contemporaneously with this

Memorandum Opinion.

**DONE**, this 16th day of March, 2006.

*Sharon Lovelace Blackburn*

SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

11

FILED
2006 Mar-17  PM 04:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIAM ERIC CLARK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CV 05-B-0633-S** |
| | ) | |
| **MGA, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

In accordance with the Memorandum Opinion entered contemporaneously herewith, it is hereby **ORDERED** that defendants' Motions to Dismiss, (docs. 8, 9, 11, 22, 32, 36) are **GRANTED**.    Plaintiff's claims against these defendants are **DISMISSED WITH PREJUDICE**.  Costs are taxed against plaintiff.

**DONE**, this 16th day of March, 2006.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

# Exhibit 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

RUSSELL WHITAKER, ET. AL.,      :

      Plaintiff,             :

vs.                         :        1:05-CV-99 (WLS)

MGA, INC., ET. AL.,          :

      Defendants.        :

---

### ORDER

Presently pending before the Court are Defendants' various motions to dismiss the complaint. (Tabs 35, 23, 17, 11, 7, 8). While each Defendant makes argument for dismissal on slightly different grounds unique to the individual Defendant, all Defendants agree that Plaintiffs' complaint fails to state a claim under the federal RICO statute and that the complaint fails to comply with the local rule governing RICO complaints. L.R. 33.3, USDC M.D.

Defendants point out that six (6) virtually identical law suits have been filed in the Northern District and Middle District of Alabama. Most or all of those complaints have been voluntarily dismissed or dismissed with prejudice for failure to state a RICO claim for which relief can be granted. Besides the fact that Plaintiffs' attorney has yet to be admitted to practice in this Court, Plaintiff failed to timely respond to any of the Defendants' motions to dismiss. (Tabs 7, 8, 11, 17, 23, 35). Plaintiffs did eventually file an untimely response to all of the motions. (Tab 37). That response consisted of a one paragraph statement stating the complaint was sufficient and nothing further. Plaintiffs' untimely response did not address **any** of the grounds raised by **any** of the Defendants, including Plaintiffs' failure to comply with the local rule requiring the filing of RICO interrogatories. L.R. 33.3, USDC M.D. Plaintiffs' total disregard of the local and federal rules and the failure to even address the

1

obvious deficiencies of the complaint require this Court to dismiss the complaint against all

Defendants. Accordingly, Defendants' motions to dismiss (Tab 7, 8, 11, 17, 23, 35) are

**GRANTED** and the above-styled action is **DISMISSED.**

      **SO ORDERED**, this __30th__ day of December, 2005.

                          __/s/W. Louis Sands_____
                          **W. LOUIS SANDS, CHIEF JUDGE**
                          **UNITED STATES DISTRICT COURT**

# Exhibit 6

FILED

2005 Sep-19  PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANGIE CARTER, d/b/a FAIRVIEW    }
VIDEO, et al.,                  }
                                }
        Plaintiffs,             }        CIVIL ACTION NO.
                                }        05-AR-1662-S
v.                              }
                                }
MGA, INC., d/b/a MOVIE          }
GALLERY, et al.,                }
                                }
        Defendants.             }

## MEMORANDUM OPINION

The complaint in the above-entitled action is identical, or virtually identical, to the complaint in *William Eric Clark v. MGA, et al.*, CV-05-AR-208-S, an action which this court finally dismissed on May 18, 2005, after earlier dismissals as to some of the defendants. The motions to dismiss filed in the above-entitled cause by defendants, MGA, Inc., United Parcel Service, Inc., Digital Sin, Inc. and LFP, Inc., contain the same arguments with which this court has previously agreed. Those arguments are again well taken, and the motions accompanying them are due to be granted. They will be granted by separate order.

DONE this 19th day of September, 2005.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

FILED
2005 Sep-19  PM 04:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGIE CARTER, d/b/a FAIRVIEW VIDEO, et al., | } |
| | } |
| Plaintiffs, | } CIVIL ACTION NO. |
| | } 05-AR-1662-S |
| v. | } |
| | } |
| MGA, INC., d/b/a MOVIE GALLERY, et al., | } |
| | } |
| Defendants. | } |

## ORDER

In accordance with the accompanying memorandum opinion, the motions to dismiss filed by defendants, MGA, Inc., United Parcel Service, Inc., Digital Sin, Inc. and LFP, Inc., are GRANTED, and the above-entitled action is DISMISSED WITH PREJUDICE as against the said four defendants.  This renders MOOT the alternative motions of MGA, Inc. and United Parcel Service, Inc. to reassign the case.

Pursuant to Rule 54(b), F.R.Civ.P., the court DIRECTS entry of final judgment against plaintiff and in favor of the said four defendants, expressly determining that there is no just reason for delay of entry of final judgment as against said defendants.

As to said defendants, costs are taxed against plaintiff.

This case shall proceed as against the other defendants.

DONE this 19th day of September, 2005.


WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

# Exhibit 7

May 8, 2007

**VIA HAND DELIVERY**

The Honorable Sharon Blackburn
Chief Judge
United States District Court
Northern District of Alabama
Hugo Black United States Courthouse
1759 North 5th Avenue
Birmingham, AL 35203

    Re:    **Civil RICO cases filed by Malcolm R. Newman**

Dear Judge Blackburn:

        At the hearing on April 17, 2007 in the case styled *William Eric Clark v. MGA, Inc. et al.*, 2:05-CV-633 ("*Clark*"), counsel for Movie Gallery US, LLC ("Movie Gallery") notified this Court about a third website (www.illegaladvantage.com) that purports to be "dedicated to the lawsuits currently pending against Movie Gallery, Inc., UPS, Inc. Digital Sin, Select Media Services, Larry Flynt Productions, and several other companies which partake in the illegal distribution of pornography and obscene materials."[1]  A courtesy copy of the website materials as of April 17, 2007 were provided to you at the hearing.  Following the hearing, we learned that Malcolm R. Newman's law firm is affiliated with this website.  Jonah Phelps has been identified as the administrator of this website (*see* Appendix A).  Jonah Phelps is the very same individual who signed the green return of service card at Mr. Newman's law firm to acknowledge receipt of a motion for sanctions that Movie Gallery served in a related case (*see* Appendix B).

        To date, seven virtually identical lawsuits have been filed in federal court by Mr. Newman on behalf of local movie store operators in Alabama, Georgia, and, most recently, Mississippi.  Three of these civil actions, including *Clark*, were filed in the United States District Court for the Northern District of Alabama.  The first six cases were all dismissed for failure to state a claim upon which relief can be granted.  Four of these decisions were appealed to the United States Court of Appeals for the Eleventh Circuit.  All four cases were affirmed, and the Eleventh Circuit found three to be frivolous (copies of these four opinions are attached as Appendices C-F).  Most recently, the United States Supreme Court denied certiorari in the case styled *Angie Carter et al. v. MGA, Inc. et al.*, 2:05-CV-01662-WMA, which was initially filed in the Northern District of Alabama (*see* Appendix G).

---

[1] The two other websites discussing these cases, and which list the attorneys and judges who are involved, can be found at www.mailprostitution.com and www.thepoliticsinporn.com.

01483097.1

The Honorable Sharon Blackburn
May 8, 2007
Page 2

Notwithstanding this overwhelming, adverse precedent, Mr. Newman recently filed a seventh civil RICO case against these same seven defendants on March 14, 2007 in the United States District Court for the Middle District of Alabama, *Williams v. MGA, Inc., et al.*, 1:07-CV-228. Even though this Court and others have found this civil RICO claim to have no merit and to be frivolous, Mr. Newman is continuing to pursue this claim.

Based on the materials found on www.illegaladvantage.com, it is very likely Mr. Newman will file yet another lawsuit in the Northern District of Alabama. The home page for this website specifically states that additional complaints will continue to be filed. "What the judges and defendants apparently do not understand is that simply having the cases dismissed is not going to stop our cause. We will continue to file more cases. We will continue to appeal each case. We will continue to go to the U. S. Supreme Court until that Court decides that Obscenity Laws are null and void for everyone who desires to trade in obscenity, and opens the door for small retailers to do so without fear of prosecution -- just like MGA and Larry Flynt!"

This Court should not be burdened with yet another filing of the same lawsuit. This Court should not allow an attorney to continue to practice before it when that attorney fails to appear for scheduled hearings without excuse, or extend the courtesy of informing the Court and opposing counsel that he would not be attending. Furthermore, our clients should no longer have to incur legal fees to defend unwarranted and unfounded complaints that have been universally condemned by the federal judiciary.

Movie Gallery and other defendants have pursued every available procedural and statutory remedy to reprimand Mr. Newman's conduct. The imposition of sanctions by both trial and appellate courts, however, apparently is not a sufficient deterrent, as evidenced by the filing of a seventh lawsuit two months ago. These seven defendants now respectfully request this Court to intervene, and to bar Mr. Newman from filing yet another complaint naming these seven defendants to a civil RICO case in the United States District Court for the Northern District of Alabama without Mr. Newman first receiving permission from this Court to file the complaint.

Respectfully submitted,

Jeffrey M. Grantham, Counsel for Movie Gallery US, LLC

Donald R. James, Jr., Counsel for United Parcel Service, Inc.

Michael T. Sansbury, Counsel for Select Media Services, LLC

Howard P. Walthall, Jr., Counsel for Mile High Media, Inc.

Daniel J. Burnick, Counsel for LFP, Inc.

01483097.1

The Honorable Sharon Blackburn
May 8, 2007
Page 3


Randall D. Quarles, Counsel for
Digital Sin, Ino.

Todd A. Edson, Counsel for Fraserside
Holding, Ltd.

cc:    Malcolm R. Newman, Esq.

01483097.1

# EXHIBIT A



**DNSstuff.com**

HOME | DNSreport | How Stuff Works | DNS Forums

## Test Results:

**IP Route Analysis**
Real time monitoring & analysis of EIGRP, OSPF, IS-IS, BGP networks
www.packetdesign.com

**IP Phone Systems - Quotes**
Easily Compare Prices & Services Free Quotes from Multiple Dealers
www.BuyerZone.com

**Free DNS Service**
Flexible DNS service for every domain - .com, .net, .org, and more
www.pairNIC.com

WHOIS results for illegaladvantage.com

Generated by www.DNSstuff.com

```
Registrar:     MELBOURNE IT, LTD. D/B/A INTERNET NAMES WORLDWIDE
Status:        clientTransferProhibited
Dates:         Created 15-jan-2007   Updated 15-jan-2007   Expires 15-jan-2008
DNS Servers:   YNS1.YAHOO.COM   YNS2.YAHOO.COM

I was referred to whois.melbourneit.com; I'm looking it up there.


I was referred to whois.melbourneit.com; I'm looking it up there.



Using 14 day old cached answer (or, you can get fresh results).
Hiding E-mail address (you can get results with the E-mail address).

Domain Name.......... illegaladvantage.com
  Creation Date........ 2007-01-16
  Registration Date.... 2007-01-16
  Expiry Date.......... 2008-01-16
  Organisation Name.... Jonah R Phelps
  Organisation Address. 397 Blake Dr
  Organisation Address.
  Organisation Address. Ozark
  Organisation Address. 36360
  Organisation Address. AL
  Organisation Address. UNITED STATES

Admin Name........... Jonah R Phelps
  Admin Address........ 397 Blake Dr
  Admin Address........
  Admin Address........ Ozark
  Admin Address........ 36360
  Admin Address........ AL
  Admin Address........ UNITED STATES
  Admin Email.......... ****************@yahoo.com
  Admin Phone.......... +1.3343797784
  Admin Fax...........

Tech Name............ YahooDomains TechContact
  Tech Address........ 701 First Ave.
  Tech Address........
  Tech Address........ Sunnyvale
  Tech Address........ 94089
  Tech Address........ CA
  Tech Address........ UNITED STATES
  Tech Email.......... *********@YAHOO-INC.COM
  Tech Phone.......... +1.6198813096
  Tech Fax...........
  Name Server.......... yns1.yahoo.com
  Name Server.......... yns2.yahoo.com
```



{If E-mail address(es) were hidden on this page, you can click here to get the results with the E-mail

---

When the server was last reloaded, we had <u>65456 IP addresses banned</u>. We encourage you to
widget/extension.
You are not allowed to use automated programs to access this information, or

© Copyright 2000-2007 DNSstuff, LLC. All Rights Reserved.

<u>ABOUT US</u>          <u>ADVERTISE</u>          <u>JOBS</u>          <u>SITE MAP</u>          <u>PRIVACY POLICY</u>          <u>TER</u>

# EXHIBIT B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Malcolm R. Newman
219 N. Crawford St.
Dothan, AL 36301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____    ☐ Agent
                     ☐ Address

B. Received by ( Printed Name)    C. Date of Del
Jonah R Philips    9 APRO

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchan
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7006 3450 0003 6762 4531

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1

---

UNITED STATES POSTAL SERVICE    First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Sender: Please print your name, address, and ZIP+4 in this box



# EXHIBIT C

FILED
2007 Jan-05  AM 10:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# United States Court of Appeals

### For the Eleventh Circuit

06 DEC 29  PM 2: 28

U.S. DISTRICT COURT
N.B. OF ALABAMA     No. 06-12857

District Court Docket No.
05-00633-CV-2-SLB

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Nov 29, 2006

THOMAS K. KAHN
CLERK

WILLIAM ERIC CLARK,

Plaintiff-Appellant,

versus

MGA, INC.,
and all Holding Companies and affiliated entities,
d.b.a. Movie Gallery,
UNITED PARCEL SERVICE, INC.,
SELECT MEDIA SERVICES, LLC,
MILE HIGH MEDIA, INC.,
LFP, INC.,
DIGITAL SIN, INC.,
FRASERSIDE HOLDING, LTD,

Defendants-Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Northern District of Alabama

---

### JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by
reference, is entered as the judgment of this Court.

Entered:     November 29, 2006
For the Court:     Thomas K. Kahn, Clerk
By:     Gilman, Nancy



ISSUED AS MANDATE

DEC 2 8 2006

U.S. COURT OF APPEALS
ATLANTA, GA.



[DO NOT PUBLISH]

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

----

No. 06-12857
Non-Argument Calendar

----

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 29, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00633-CV-2-SLB

WILLIAM ERIC CLARK,

Plaintiff-Appellant,

versus

MGA, INC.,
and all Holding Companies and affiliated entities,
d.b.a. Movie Gallery,
UNITED PARCEL SERVICE, INC., et al.,

Defendants-Appellees.

----

Appeal from the United States District Court
for the Northern District of Alabama

----

**(November 29, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

This is an appeal by appellant William Eric Clark ("Clark") from a judgment of dismissal entered by the district court in favor of the defendants.

This court reviews *de novo* the dismissal of a complaint for failure to state a claim upon which relief may be granted. *Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). This court also reviews *de novo* the decision of a district court to bar a claim on the basis of res judicata. *Israel Disc. Bank Ltd, v. Entin*, 951 F.2d 311, 314 (11th Cir. 1992).

After reviewing the record and reading the parties' briefs, we conclude, as did the district court, that the instant complaint was due to be dismissed on grounds of res judicata. In comparing the dispositive order in the present case entered by Judge Blackburn with an earlier dispositive order entered by Judge Acker, we conclude that the instant case undeniably involves the identical parties, identical subject matter, and identical facts as in the first *Clark* case. The district court's dismissal with prejudice of the first *Clark* case asserting the very same civil RICO claim presented here barred Clark from refiling an identical claim before the district court. Accordingly, we affirm the district court's judgment of dismissal.[1]

**AFFIRMED.**

---

[1] We also grant appellees' motions for damages and costs filed pursuant to Rule 38 of the Fed. R. App. P. and remand this case to the district court to determine the amount of fees and costs to be awarded.

2

# EXHIBIT D

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

<table>
<tr><td>FILED</td></tr>
<tr><td>U.S. COURT OF APPEALS</td></tr>
<tr><td>ELEVENTH CIRCUIT</td></tr>
<tr><td>MAR 30, 2007</td></tr>
<tr><td>THOMAS K. KAHN</td></tr>
<tr><td>CLERK</td></tr>
</table>

No. 06-16187
Non-Argument Calendar

D. C. Docket No. 05-00237-CV-W-S

BARBARA HOLLAND,
d.b.a. Choice Video,

Plaintiff-Appellant,

versus

MGA, INC., and all Holding Companies and
affiliated Entities d.b.a. Movie Gallery,
UNITED PARCEL SERVICE, INC., (UPS),
SELECT MEDIA SERVICES, LLC,
MILE HIGH MEDIA, INC.,
LFP, INC.,
DIGITAL SIN, INC.,
FRASERSIDE HOLDING, LTD.,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Alabama

(March 30, 2007)



Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Barbara Holland ("Holland") appeals the district court's order granting motions to dismiss filed by defendants, MGA, Inc.; United Parcel Service, Inc.; Select Media Services, LLC; LFP, Inc.; Mile High Media, Digital Sin, Inc.; and Fraserside Holding, LTD.  Holland's counsel filed six identical suits, including this one, against the same defendants in district courts in Alabama and Georgia.  We previously affirmed the district court's dismissal in two of the suits: *Carter v. MGA, Inc.*, Nos. 05-15402 & 05-16523 (11th Cir. Jul. 13, 2006) and *Clark v. MGA, Inc.*, No. 06-12857 (11th Cir. Nov. 29, 2006).  A third case is currently pending before us: *Whitaker v. MGA, Inc.*, No. 06-15025 (11th Cir. filed Sep. 13, 2006).  Holland's claims and allegations are identical to those in *Carter*, in which we affirmed the district court's dismissal for failure to state a claim.[1]  Accordingly, we AFFIRM the judgment of the district court for the reasons stated in *Carter*, Nos. 05-15402 & 05-16523 (11th Cir. Jul. 13, 2006).[2]

---

[1] The argument in Holland's brief in this appeal is *identical* to the arguments in the briefs Holland's counsel submitted on appeal in *Carter, Clark*, and *Whitaker*.

[2] We also grant appellees' motions for damages and costs filed pursuant to Fed. R. App. P. 38 and remand this case to the district court to determine the fees and costs to be awarded.

2

# EXHIBIT E

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 06-15025
Non-Argument Calendar

---

| FILED |
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| MARCH 15, 2007 |
| THOMAS K. KAHN |
| CLERK |

D.C. Docket No. 05-00099-CV-WLS-1

RUSSELL WHITAKER,
C. R. GREGORY,
f.d.b.a. Tiffany's Movie's,
ROBERT KNIGHTON,
f.d.b.a. C.J.'s Video Plus,

Plaintiffs-Appellants,

versus

MGA, INC.,
UNITED PARCEL SERVICE, INC., (UPS), et al.,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Middle District of Georgia

---

(March 15, 2007)

Before ANDERSON, BARKETT, and COX, Circuit Judges.

PER CURIAM:



Plaintiffs Russell Whitaker, C. R. Gregory, and Robert Knighton appeal the district court's dismissal of their civil RICO claim against Defendants MGA, Inc., United Parcel Service, Select Media Services, LLC, Mile High Media, Inc., LFP, Inc., Digital Sin, Inc., and Fraserside Holdings, Ltd. We find no reversible error in the dismissal and therefore affirm.

Plaintiffs' complaint does not allege facts to support the conclusory allegations that Defendants combined and conspired to manufacture, transport, and distribute obscene materials. Thus, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) was proper.

**AFFIRMED.**

2

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

MAR 1 5 2007

THOMAS K. KAHN
CLERK
```

No. 06-15025-DD

D.C. Docket No. 05-00099-CV-WLS-1

RUSSELL WHITAKER,
C. R. GREGORY,
f.d.b.a. Tiffany's Movie's,
ROBERT KNIGHTON,
f.d.b.a. C.J.'s Video Plus,

Plaintiffs-Appellants,

versus

MGA, INC.,
UNITED PARCEL SERVICE, INC., (UPS), et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Georgia

(                              )

Before ANDERSON, BARKETT, and COX, Circuit Judges.

BY THE COURT:

Defendants MGA, Inc. and Mile High Media, Inc. have moved this court for

awards of attorneys' fees and double costs pursuant to Federal Rule of Appellate

Procedure 38.  We find that continued prosecution of this appeal after our decision in *Carter v. MGA, Inc., et al.*, Nos. 05-15402 and 05-16523, 2006 WL 1933788 (11th Cir. July 13, 2006) is frivolous.  The instant appeal was brought by plaintiffs represented by the same attorney as those in *Carter* and makes the same arguments presented in *Carter*, in defense of virtually identical complaints.

Therefore, we GRANT the motions in part.  MGA, Inc. and Mile High Media, Inc. may recover reasonable fees and expenses incurred in defense of this appeal after July 13, 2006.  We REMAND the case to the district court for determination of the amounts of the awards.  The motions for fees and costs are otherwise DENIED.

2

# EXHIBIT F

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

Nos. 05-15402 & 05-16523

---

D. C. Docket No. 05-01662-CV-AR-S

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 13, 2006
THOMAS K. KAHN
CLERK

ANGIE CARTER,
d.b.a. Fairview Video,
MARY HALL, et al.,

                                               Plaintiffs-Appellants,

        versus

MGA, INC., and all Holding
Companies and Affiliated Entities
d.b.a. Movie Gallery,
UNITED PARCEL SERVICE, INC. (UPS),
SELECT MEDIA SERVICES, LLC, et al.,

                                               Defendants-Appellees.

---

Appeals from the United States District Court
for the Northern District of Alabama

---

(July 13, 2006)

Before EDMONDSON, Chief Judge, and DUBINA and HULL, Circuit Judges.



PER CURIAM:

Plaintiffs Angie Carter, Mary Hall, Maurice King, and William Harris appeal the district court's dismissal under Rule 12(b)(6) of their civil RICO claim. No reversible error has been shown; we affirm.

We review de novo the district court's grant of the motion to dismiss under 12(b)(6), accepting the factual allegations in the complaint as true and construing them in the light most favorable to Plaintiffs. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

Plaintiffs are the owners of video rental stores in Alabama. Plaintiffs sell and rent only nonpornographic materials. Defendant Movie Gallery, successor in interest to M.G.A., Inc., sells and rents pornographic and nonpornographic materials. Defendants Mile High Media, Inc., LFP, Inc., Digital Sin, Inc., and Fraserside Holding produce pornographic movies. Defendant UPS transported in interstate commerce pornographic materials from these companies to Movie Gallery. Defendant Select Media sold pornographic magazines to Movie Gallery.

Plaintiffs allege that Defendants violated 18 U.S.C. 1962(c)-(d)[1] by conspiring to distribute and by actually distributing obscenity and by using the

---

[1] Plaintiffs did not actually state that Defendants violated section 1962(c) in the complaint, but instead that Defendants violated 1462(c). As the text of that paragraph seemed to indicate section 1962(c) was intended, we will address that claim.

2

proceeds of that distribution to allow Movie Gallery to sell and to rent

nonpornographic materials at a price less than Plaintiffs were able to sell and rent

nonpornographic materials.

To state a claim for violation of section 1962(c), Plaintiffs must allege facts

showing "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering

activity." Jones v. Childers, 18 F.3d 899, 910 (11th Cir. 1994) (quoting Sedima

S.P.R.L. v. Imrex Co., 105 S.Ct. 3275, 3285 (1985). A pattern of racketeering

activity is defined as two predicate acts committed within a ten-year period. Green

Leaf Nursery v. E.I. DuPont De Nemours Co., 341 F.3d 1292, 1306 (11th Cir.

2003). Plaintiffs alleged that Defendants violated two federal obscenity statutes,

18 U.S.C. §§ 1462 and 1465, on 27 September 2004 and 22 October 2004. Both

violation of the statutes are identified as predicate acts in 18 U.S.C. 1961.[2]

Plaintiffs must allege facts sufficient to show a violation of these obscenity

statutes to survive a motion to dismiss. See Republic of Panama v. BCCI

Holdings (Luxembourg) S.A., 119 F.3d 935, 949 (11th Cir. 1997) ("In order to

survive a motion to dismiss, a plaintiff must allege facts sufficient to support each

of the statutory elements for at least two of the pleaded predicate acts.").

---

[2]Plaintiffs also alleged that Defendants violated 18 U.S.C. § 1466, but this statute is not listed in
18 U.S.C. § 1961 as a possible predicate act.

3

Plaintiffs, however, did not allege facts that would show — or create a reasonable inference -- that the pertinent materials were obscene. The only facts Plaintiffs state about the pertinent materials are their titles. These titles create a reasonable inference that at least some of the materials were pornographic but are insufficient to create a reasonable inference that the materials were obscene. Plaintiffs' statements that the materials are obscene are insufficient to survive a motion to dismiss. See Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."). Therefore, the district court properly dismissed the section 1962(c) claim.

Section 1962(d) makes it illegal to conspire to violate a substantive RICO provision. To state a claim under this section, Plaintiffs must allege facts to support an agreement to violate a substantive provision of the RICO statute. Jackson v. Bell South Telecomm., 372 F.3d 1250 (11th Cir. 2004). But Plaintiffs alleged no facts to show or to create a reasonable inference that Defendants made an agreement. Plaintiffs' conclusory allegations that Defendants conspired with each other are insufficient to survive a motion to dismiss. Therefore, the section 1962(d) claims were properly dismissed.

4

Plaintiffs argue that they were held to a higher standard of pleading than that required by Federal Rule of Civil Procedure 8. But the district court never said it applied a higher standard to RICO pleadings, and Defendants never argued that a higher standard should be used. As discussed above, Plaintiffs did not allege facts sufficient to support their claims and thus did not meet the requirements of Rule 8.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____

Deputy Clerk
Atlanta, Georgia

5

# EXHIBIT G

(ORDER LIST: 549 U.S.)

MONDAY, APRIL 16, 2007

CERTIORARI -- SUMMARY DISPOSITIONS

06-8747    SANDOVAL-VALLEJO, ALFREDO V. UNITED STATES

06-8755    ARRIAGA-LOPEZ, JOSE J. V. UNITED STATES

The motions of petitioners for leave to proceed *in forma pauperis* and the petitions for writs of certiorari are granted. The judgments are vacated and the cases are remanded to the United States Court of Appeals for the Fifth Circuit for further consideration in light of *Lopez* v. *Gonzales*, 549 U. S. ____ (2006).

06-9442    JORGENSEN, KENNETH A. V. CALIFORNIA

The motion of petitioner for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment is vacated and the case is remanded to the Court of Appeal of California, First Appellate District for further consideration in light of *Cunningham* v. *California*, 549 U. S. ____ (2007).

06-9459    MOORE, CALVIN L. V. CALIFORNIA

The motion of petitioner for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment is vacated and the case is remanded to the Court of Appeal of California, Sixth Appellate District for further consideration in light of *Cunningham* v. *California*, 549 U. S. ____ (2007).

06-9543    JOHNSON, JOSEPH E. V. CALIFORNIA

1



**CERTIORARI DENIED**

| | |
|---|---|
| 06-622 | OREGON TROLLERS ASS'N., ET AL. V. GUTIERREZ, SEC. OF COMMERCE |
| 06-759 | COMPUTERVISION CORP. V. UNITED STATES |
| 06-850 | CINERGY CORP., ET AL. V. UNITED STATES, ET AL. |
| 06-886 | AUSTIN, SHERMAN V. MICHIGAN |
| 06-892 | YUSUF, FATHI Y. M., ET AL. V. UNITED STATES |
| 06-907 | COUNTY BANK OF REHOBOTH BEACH V. MUHAMMAD, JALIYAH |
| 06-913 | ADAMS-HEDRICK, DONNA, ET VIR V. LIBERTY MUTUAL INSURANCE CO. |
| 06-948 | SACKS, BERTRAM V. OFFICE OF FOREIGN ASSETS, ET AL. |
| 06-952 | TARIQ, MUHAMMAD V. GONZALES, ATT'Y GEN. |
| 06-954 | ARTHUR, THOMAS D. V. ALLEN, COMM'R, AL DOC |
| 06-956 | PROMEDICA HEALTH SYSTEMS, ET AL. V. NLRB |
| 06-965 | LUBBOCK, TX, ET AL. V. OSCAR RENDA CONTRACTING, INC. |
| 06-1061 | CHEVRON U.S.A. INC., ET AL. V. DIR., OWCP, ET AL. |
| 06-1062 | CARTER, ANGIE, ET AL. V. MGA, INC., ET AL. |
| 06-1063 | ESCALERA, JAMIE M. V. CALIFORNIA |
| 06-1064 | FEIED, FREDERICK V. REGENTS OF UNIV. OF CA, ET AL. |
| 06-1065 | GABBARD, BERLE E. V. FIRST TENNESSEE BANK, ET AL. |
| 06-1072 | MIYASHIRO, GEORGE V. MASUOKA, JUDGE, ETC. |
| 06-1074 | BUTLER, RUSSELL P. V. USDC SD TX, ET AL. |
| 06-1075 | ROSS, RICHARD S. V. STATE CONTRACTING & ENGINEERING |
| 06-1078 | DEJA VU OF NASHVILLE, INC. V. METRO. GOVT. OF NASHVILLE, TN |
| 06-1079 | LOGAN, BRADLEY S. V. EVERETT, LEON E., ET AL. |
| 06-1080 | O'HANDLEY, CHAD P. V. JOHNSON, DIR., VA DOC |
| 06-1089 | HAYES, JAMES J. V. DENVER MEAT CUTTERS, ET AL. |
| 06-1090 | KOFOED, JOSEPH V. SHIPRACK, STEVEN |
| 06-1091 | CHALUPOWSKI, CHESTER J., ET UX. V. MEYERS, SHARON D. |
| 06-1096 | ROSE, MAXINE V. NEWTON-EMBRY, WARDEN |

3