IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS AND ) <br> MARCO WILLIAMS ) <br> d/b/a FIRST CHOICE VIDEO ) <br> ) <br>     PLAINTIFFS, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> MGA, INC., and all Holding ) <br>  Companies And Affiliated ) <br>  Entities d/b/a MOVIE ) <br> GALLERY, UNITED PARCEL ) <br> SERVICE, INC. (UPS), ) <br>  SELECT MEDIA SERVICES, ) <br> LLC, MILE HIGH MEDIA, ) <br> INC., LFP, INC., DIGITAL SIN,) <br>  INC., And FRASIERSIDE ) <br>  HOLDING, LTD., ) | CASE NO. 1:07-cv-228-MEF |

ANSWER TO MOTION FOR SANCTIONS

    Comes now Counsel for the Plaintiffs, Malcolm R. Newman, and in response to the Motion for Sanctions submits that the Motion is due to be denied for the following reasons:

    1)    The Defendant has failed to meet the requirements for Sanctions under Rule 11 in the following ways, to wit:

    a)    The Complaint meets the requirements of a RICO Complaint as found in <u>Williams, et. al. v. Mohawk Industries, Inc.</u>, No. 04-13740, (September 27, 2006) wherein the 11th Circuit after remand from the U.S. Supreme Court reinstated its prior opinion (in part) wherein it turned back to the Defendant's Rule 12(b)6 challenge to a RICO Complaint… which cited the very same statutes Plaintiffs here used.  And, where the Defendant Mohawk Industries used the same arguments used by this Defendant.  <u>Mohawk</u>, supra, is a

1

published decision thereby having precedential value as opposed to the un-published opinion in <u>Carter et. al. v. MGA, et. al.</u>, 2006 WL 1933788 (11th Cir. 2006). In nearly <u>every</u> respect the per curium opinion in <u>Mohawk</u> stands as a beacon lighting the way for this Court as to why Sanctions are due to be denied;

    2)    Previously filed evidence more than gives Notice to the Court and this Defendant that Counsel already had documentation that suggested (if no proved) that the Plaintiffs could easily establish factually the allegations of the Complaint;

    3)    There is no evidence nor can there be, that Counsel has acted in "bad faith". Counsel has zealously represented his Client(s) and applied the factual evidence gathered to the statutes that govern the substantive law and the Rules on pleading. None of the opinions rendered to date address with particularity the deficiencies of any of the Complaints but simply parrot the pleadings of defense counsel. If "bad faith" means prompted by sinister motives, then every contrarian action taken by Plaintiffs Bar could be so construed; yet, no reasonable, un-biased mind could hold such a view... in good faith. All the evidence indicates that Plaintiffs and Counsel for Plaintiffs have pursued proper redress in those channels available to them, and in many ways simply mirrored the defendant(s) ;

    4)    From <u>Conley v. Gibson</u>, 355 U.S. 41 (1957) to <u>Mohawk</u>, supra, the case law supports Counsel's position and actions. The Defense's fear is that a Court will finally decide to apply those precedents to the Complaint in this case and UPS will have to defend on the merits--- a battle they are destined to lose.

CONCLUSION

This Court can be true to the law and to the oath taken. This Defendant is afraid to defend on the merits and has spent countless hours seeking to divert attention from the real issue which is the Plaintiffs' challenge to its ability to continue to profit from criminal activity while legitimate businesses struggle or close. Counsel would pray this Court is clear-eyed enough to see that these defendants are employing the time-worn tactic of focusing attention away from the real issue, and, counsel equally prays that this Court will resist

defense efforts to have it look the other way and deny Plaintiffs their chance to present on the merits their claims.

        Malcolm R. Newman, Attorney, P.C.

        /s/ Malcolm R. Newman
        Malcolm R. Newman (NEW017)
        Attorney for the Plaintiff
        P.O. Box 6137
        Dothan, Alabama 36302
        (334) 792-2132
        ASB-2826-M39M

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2007, that I have filed a copy of the foregoing via the CM/ECF System which will send notification to the following:

Jeffrey M. Grantham, Esq.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue, North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

Jeffrey A. Lee, Esq.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue, North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

John Thomas A. Malatesta, III, Esq.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue, North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

Michael T. Sansbury, Esq.
SPOTSWOOD SANSOM & SANSBURY LLC
940 Concord Center
2100 Third Avenue North
Birmingham, Alabama 35213

Alan C. Livingston
983 West Main Street
Dothan, Alabama 36301

Betsy P. Collins
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

/s/ Malcolm R. Newman