**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL WILLIAMS AND MARCO WILLIAMS, d/b/a FIRST CHOICE VIDEO,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **Civil Action No.: 1:07-CV-228-MEF** |
| **MGA, Inc., and all Holding Companies and Affiliated Entities, d/b/a MOVIE GALLERY, UNITED PARCEL SERVICE, INC. (UPS), SELECT MEDIA SERVICES LLC, MILE HIGH MEDIA, INC., LFP, INC., DIGITAL SIN, INC., AND FRASERSIDE HOLDING LTD,** | ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |

**MOVIE GALLERY'S RESPONSE TO SHOW CAUSE ORDER**

COMES NOW Movie Gallery US, LLC ("Movie Gallery") and hereby submits this response to the Order issued by this Court on November 14, 2007 requesting any party to show cause why Movie Gallery should not be dismissed without prejudice from the above styled action.

1.     On October 16, 2007, Movie Gallery and other Movie Gallery entities (collectively, the "Debtors")[1] each filed a petition with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") (the "Chapter 11 Cases").

2.     On October 18, 2007, Movie Gallery filed a Suggestion of Bankruptcy in this case to notify the Court, and the parties to this action, that as a result of the commencement of the

---

[1] The Debtors in the Chapter 11 Cases include Movie Gallery Inc., Hollywood Entertainment Corporation, MG Digital, LLC, M.G.A. Realty I, LLC, MG Automation LLC, and Movie Gallery US, LLC.

Chapter 11 Cases, the automatic stay arising pursuant to section 362 of the Bankruptcy Code had stayed this matter.

3.     On November 27, 2007 the Debtors filed the attached motion in the Bankruptcy Court.  This motion seeks the Bankruptcy Court's entry of an order modifying the automatic stay for the limited purpose of allowing the cases styled *Whitaker et al. v. MGA, Inc. et al*, 1:05-CV-99-WLS (M.D. Ga. 2005) and *Williams v. MGA, Inc. et al.*, 1:07-CV-228 (M.D. Ala. 2007) to proceed to the conclusion of litigation.

4.     As stated in Movie Gallery's Motion to Dismiss and Motion for Sanctions currently pending before the Court, Movie Gallery believes the complaint filed by Malcolm R. Newman on behalf of the Plaintiffs contains nothing more than unwarranted and vindictive claims that serve to abuse the judicial process and harass Movie Gallery.  For the ***eighth time***, Movie Gallery has been named as a defendant to a complaint that fails to state a valid civil RICO cause of action.   Neither Plaintiffs' response to Movie Gallery's Motion to Dismiss, nor counsel's remarks at the hearing, do anything to suggest that this Complaint should not be summarily dismissed pursuant to Fed. R. Civ. P. 12(b)(6) yet again.

5.     Movie Gallery believes its interests are best served by adjudicating these claims at the present time, rather than delaying the matter until the conclusion of the Chapter 11 Cases. Accordingly, Movie Gallery respectfully requests this Court to refrain from issuing its proposed order dismissing the claims against Movie Gallery without prejudice at this time.  If the motion attached hereto is granted by the Bankruptcy Court, Movie Gallery would ask the Court to rule on those matters presently pending on the Court's docket.   An omnibus hearing before the Bankruptcy Court is currently scheduled for December 18, 2007.

Respectfully submitted by,


/s/ Jeffrey M. Grantham
Jeffrey M. Grantham
John Thomas A. Malatesta, III
Attorneys for Defendant Movie Gallery US,
LLC


OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203-2618
Telephone: (205) 254-1000
Fax: (205) 254-1999
E-mail: jgrantham@maynardcooper.com
E-mail: jmalatesta@maynardcooper.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using

the CM/ECF system which will send notification of such filing to the following:

Malcolm R. Newman                           Alan C. Livingston
Malcolm R. Newman, PC                       Lee & McInish
P.O. Box 6137                               283 West Main Street
Dothan, AL 36302                            Dothan, AL 36301

Robert K. Spotswood                         Betsy Collins
Spotswood Sansom & Sansbury LLC             Alston & Bird LLP
2100 Third Avenue North                     1201 West Peachtree Street
Concord Center, Suite 940                   Atlanta, GA 30309
Birmingham, AL 35203

        on this the 27th day of November, 2007.


                                     s/ Jeffrey M. Grantham
                                    Of Counsel

EXHIBIT

A

Richard M. Cieri (NY 4207122)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022-4611
Telephone:  (212) 446-4800

and

Anup Sathy, P.C. (IL 6230191)
Marc J. Carmel (IL 6272032)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601-6636
Telephone:  (312) 861-2000

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia  23219-3500
Telephone:  (804) 644-1700

Co-Counsel to the Debtors

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Case No. 07-33849 |
| | ) Jointly Administered |
| MOVIE GALLERY, INC., et al.,[1] | ) Chapter 11 |
| | ) Hon. Douglas O. Tice, Jr. |
| Debtors. | ) |
| | ) |
| MOVIE GALLERY, INC., et al., | ) |
| | ) |
| Movants, | ) |
| v. | ) |
| | ) |
| RUSSELL WHITAKER D/B/A C&B VIDEO'S, | ) |
| C.R. GREGORY FORMALLY D/B/A | ) |
| TIFFANY'S MOVIES AND ROBERT | ) |
| KNIGHTON FORMALLY D/B/A C.J.'S VIDEO | ) |
| PLUS | ) |
| | ) |
| and | ) |
| | ) |
| MICHAEL WILLIAMS AND MARCO | ) |
| WILLIAMS D/B/A FIRST CHOICE VIDEO | ) |
| | ) |
| Respondents. | |

---

[1]    The Debtors in these proceedings include:  Movie Gallery, Inc.; Hollywood Entertainment Corporation; M.G. Digital, LLC; M.G.A. Realty I, LLC; MG Automation LLC; and Movie Gallery US, LLC.

## MOTION OF THE DEBTORS FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO PERMIT CERTAIN LITIGATION TO PROCEED

The above-captioned debtors (collectively, the "Debtors") hereby move the Court, pursuant to this motion (the "Motion"), for the entry of an order, substantially in the form of **Exhibit A**, modifying the automatic stay to permit certain litigation to proceed.  In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief requested herein are section 362 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules").

### Background

**A.      These Chapter 11 Cases Generally**

4.      On October 16, 2007 (the "Commencement Date"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.  On October 18, 2007, the Court entered an order jointly administering the Debtors' Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  On October 18, 2007, the United States trustee appointed an official

committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

5.     The Debtors are the second largest North American home entertainment specialty retailer. They currently operate approximately 3,650 retail stores located throughout all 50 states. They rent and sell DVDs, videocassettes and video games through three distinct brands — Movie Gallery, Hollywood Video and Game Crazy.

6.     In 2006, the aggregate annual revenues of the Debtors and their non-Debtor affiliates, including rental revenue and product sales, exceeded $2.5 billion. Of this amount, approximately 56% was attributed to DVD rentals, 15% to the sale of previously-rented DVDs, VHS cassettes and video games, 13% to the sale of new and used gaming products, 7% to game rentals, 4% to the sale of concessions and other miscellaneous products, 3% to the sale of movie-related products and merchandise and 2% to VHS cassette rentals. As of September 2, 2007, the Debtors and their non-Debtor affiliates employed approximately 38,800 employees, including approximately 7,500 full-time employees and 31,300 part-time employees.

7.     Several factors have led to the filing of these Chapter 11 Cases. First, the video rental industry is highly competitive. The Debtors face direct competition from competitors such as Blockbuster and Netflix and indirect competition from pay-per-view, cable television and big-box retailers who sell DVDs at increasingly lower prices. Furthermore, recent box office receipts of rental releases have declined over the previous year, contributing to an industry-wide decline in demand for video rentals. Finally, as the Debtors' financial performance has deteriorated, they have experienced contracting trade terms, which have had a negative impact on the Debtors' liquidity, which, in turn, has contributed to the Debtors' inability to comply with certain financial covenants under their credit agreements.

**B.     The Litigation Pending in the United States District Court for the Middle District of Georgia, Albany Division**

8.      On July 20, 2005, (a) Russell Whitaker d/b/a C&B Video's, (b) C.R. Gregory formally d/b/a Tiffany's Movies and (c) Robert Knighton formally d/b/a C.J.'s Video Plus (collectively, the "Whitaker Plaintiffs") commenced a civil action against MGA, Inc., and "all Holding Companies and Affiliated Entities, d/b/a Movie Gallery" and certain other defendants in the United States District Court for the Middle District of Georgia, Albany Division (the "Whitaker District Court"), styled as *Russell Whitaker, et al., v. MGA, Inc., et al.*, Case Number 1:05-CV-99-WLS (the "Whitaker RICO Litigation").[2]

9.      On August 23, 2005, Debtor-Movie Gallery US, LLC (the "Defendant Debtor") filed a Motion to Dismiss the Whitaker RICO Litigation, which the Whitaker District Court granted on December 30, 2005 and the United States Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit") affirmed on March 15, 2007 (the "Whitaker Motion to Dismiss," a copy of which is attached hereto as **Exhibit B**). The Defendant Debtor also filed a Motion for Damages and Costs pursuant to Federal Rule of Appellate Procedure 38 with the Eleventh Circuit (the "Whitaker Motion for Damages"). The Eleventh Circuit granted the Whitaker Motion to Dismiss and the Whitaker Motion for Damages in part, specifying that the Defendant Debtor was entitled to an award of attorneys' fees and costs, and remanded the Whitaker Motion for Damages to the Whitaker District Court for a determination of the amounts of those awards (a copy of the Eleventh Circuit's opinion is attached hereto as **Exhibit C**). As noted in the Whitaker Motion to Dismiss and the Eleventh Circuit's opinion granting the Whitaker Motion for Damages, the Whitaker RICO

---

[2]     Debtor-Movie Gallery US, LLC is the successor to MGA, Inc.

Litigation is just one of several frivolous lawsuits filed against the Defendant Debtor by the attorney to the Whitaker Plaintiffs (and the Williams Plaintiffs, as described below).

10.    As of the Commencement Date, a determination of the amount of attorneys' fees and costs to be awarded pursuant to the Defendant Debtor's Motion for Damages was still pending in the Whitaker District Court.    On and after the Commencement Date, the automatic stay arising pursuant to section 362 of the Bankruptcy Code has stayed the Whitaker RICO Litigation and any continued prosecution thereof by the Whitaker Plaintiffs.

C.    **The Litigation Pending in the United States District Court for the Middle District of Alabama, Southern Division**

11.    On March 14, 2007, Michael Williams and Marco Williams d/b/a First Choice Video (the "Williams Plaintiffs" and with the Whitaker Plaintiffs, the "Plaintiffs") commenced a civil action against MGA, Inc., and "all Holding Companies and Affiliated Entities, d/b/a Movie Gallery" and certain other defendants in the United States District Court for the Middle District of Alabama, Southern Division (the "Williams District Court" and with the Whitaker District Court, the "District Courts"), styled as *Michael Williams, et al., v. MGA, Inc., et al.*, Case Number 1:07-CV-228-MEF (the "Williams RICO Litigation" and with the Whitaker RICO Litigation, the "RICO Litigation").

12.    On April 5, 2007, the Defendant Debtor filed a Motion to Dismiss, which is currently pending before the Williams District Court (the "Williams Motion to Dismiss," a copy of which is attached hereto as **Exhibit D**).    On April 23, 2007, the Williams Plaintiffs filed their response to the Williams Motion to Dismiss.    On April 30, 2007, the Defendant Debtor filed its reply to the Williams Plaintiffs' response.    On May 1, 2007, the Defendant Debtor filed a Motion for Sanctions, which is also currently pending before the Williams District Court (the "Williams Motion for Sanctions" and with the Whitaker Motions for Sanctions, the "Motions for Sanctions") and is attached hereto as **Exhibit E**.

13.    As of the Commencement Date, a ruling on the Williams Motion to Dismiss and a determination of the amount of attorneys' fees and costs to be awarded pursuant to the Williams Motion for Sanctions were pending in the Williams District Court.    On and after the Commencement Date, the automatic stay arising pursuant to section 362 of the Bankruptcy Code has stayed the Williams RICO Litigation and any continued prosecution thereof by the Williams Plaintiffs.

14.    On November 14, 2007, the Williams District Court entered an order to show cause by November 27, 2007, requesting any party to show the court why it should not enter an order dismissing Defendant Debtor, without prejudice, from the Williams RICO Litigation.  Such order to show cause also attached the Williams District Court's proposed order, which provides that any party "has the right to petition to reinstate this action to pursue any claim embraced herein not adjudicated in or discharged by proceedings in the bankruptcy court."   This proposed order is attached hereto as **Exhibit F**.

## Relief Requested

15.    By this Motion, the Debtors seek an order modifying the automatic stay imposed by section 362(a) of the Bankruptcy Code solely to the extent necessary to permit the Defendant Debtor to pursue, obtain and enforce dismissal of the Williams RICO Litigation pursuant to the Williams Motion to Dismiss and possible sanctions against the Williams Plaintiffs pursuant to the Williams Motion for Sanctions, and a determination of an award of attorneys' fees and costs against the Whitaker Plaintiffs pursuant to the Eleventh Circuit's instructions on remand of the Whitaker Motion for Damages.

16.    On November 12, 2007, the Debtors' counsel contacted the Plaintiffs' counsel to propose a joint stipulation and agreed order granting the relief requested in this Motion.  To date, Plaintiffs' counsel has indicated that he is still considering this proposal.

### Basis for Relief

17.    The automatic stay imposed pursuant to section 362 of the Bankruptcy Code applies to the RICO Litigation because the RICO Litigation was initially brought against the Defendant Debtor.  See In re Byrd, 357 F.3d 433, 439 (4th Cir. 2004) ("The plain language of Section 362 stays appellate proceedings in actions originally brought against the debtor, even when it is the debtor who files the appeal.").  Accordingly, for the RICO Litigation to recommence during these Chapter 11 Cases, the automatic stay must be modified.

18.    Section 362(d)(1) of the Bankruptcy Code provides that a court may modify the automatic stay for "cause."  See 11 U.S.C. § 362(d)(1).  Section 362(d)(1), however, does not define what constitutes sufficient "cause."  Thus, courts in this district have determined that, in examining whether cause exists, courts must consider the particular circumstances of the case and ascertain what is just to the claimants, the debtor and the estate.  See In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992) ("The court must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied.").  Some of the relevant factors courts in this circuit consider include:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*          *          *          *

"[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere."

Id. at 345 (quoting S. Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836).

19.     Here, the relevant factors weigh heavily in favor of modifying the automatic stay to permit the Debtors to proceed with the RICO Litigation and collect attorneys' fees and costs against the Plaintiffs, which will benefit the Debtors' estates.  While this Motion presents the relatively rare instance in which the Debtors themselves are seeking relief from the automatic stay to proceed with prepetition litigation pending against them, in this instance the interests of the Debtors and the purpose for seeking relief from the automatic stay are aligned.

20.     Moreover, continuing the RICO Litigation in accordance with the relief requested herein will not interfere with these Chapter 11 Cases or prejudice the rights of the Debtors' other creditors because, as discussed above, the Debtors are only seeking modification of the automatic stay to the extent necessary to permit the pursuit, obtainment and enforcement of the pending determination of an award of attorneys' fees and costs against the Whitaker Plaintiffs and the Motion to Dismiss and Motion for Sanctions against the Williams Plaintiffs for the benefit of the Debtors' estates and creditors.  Accordingly, modifying the automatic stay is necessary to allow the Debtors to proceed with efforts to augment the Debtors' estates with amounts recovered from the Plaintiffs and deter the Plaintiffs' counsel from pursuing further frivolous litigation against the Debtors (through filing frivolous claims or otherwise).

21.     Finally, it is appropriate to allow the District Courts to determine the amount to be awarded to the Defendant Debtor pursuant to the Defendant Debtor's Motions for Sanctions.  The District Courts have presided over the RICO Litigation from start to finish and the only remaining

issues to be decided are the Williams Motion to Dismiss, the Williams Motion for Sanctions and the determination of awards that should be provided for the benefit of the Defendant Debtor and against the Whitaker Plaintiffs. Accordingly, the Debtors submit that cause exists to modify the automatic stay for the limited purpose of permitting the Defendant Debtor to pursue dismissal of the Williams RICO Litigation and the District Courts' determination of awards of attorneys' fees and costs against both the Williams and Whitaker Plaintiffs, and the enforcement of any such awards.

### Notice

22.    Notice of this Motion has been given to the Core Group and the 2002 List as required by the Case Management Procedures and counsel to the Plaintiffs.[3]  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is required.

### No Prior Request

23.    No prior motion for the relief requested herein has been made to this or any other court.

---

[3]    Capitalized terms used in this paragraph 22 but not otherwise defined herein shall have the meanings set forth in the Notice, Case Management and Administrative Procedures established by the Order Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 88] entered on October 17, 2007.

K&E 12224783

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, (a) modifying the automatic stay solely to the extent necessary to permit the Defendant Debtor to pursue, obtain and enforce relief granted under the Williams Motion to Dismiss, the Williams Motion for Sanctions and a determination of awards of attorneys' fees and costs against the Whitaker Plaintiffs in the District Courts and (b) granting such other and further relief as is just and proper.

## NOTICE OF MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER MODIFYING THE AUTOMATIC STAY TO PERMIT CERTAIN LITIGATION TO PROCEED AND NOTICE OF HEARING UPON OBJECTION

**PLEASE TAKE NOTICE THAT** the above-captioned debtors (collectively, the "Debtors") have filed with the Court the Motion of the Debtors for Entry of an Order Modifying the Automatic Stay to Permit Certain Litigation to Proceed (the "Motion").

**PLEASE TAKE FURTHER NOTICE THAT <u>your rights may be affected</u>.** You should read these papers carefully and discuss them with your attorney, if you have one in these bankruptcy cases. (If you do not have an attorney, you may wish to consult one.)

**PLEASE TAKE FURTHER NOTICE THAT** in connection with the Debtors' chapter 11 cases, an Order Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 88] (the "Case Management Order") was entered by the Court on October 17, 2007, which, among other things, prescribes the manner in which objections must be filed and served and when hearings will be conducted. A copy of the Case Management Order may be obtained at no charge at www.kccllc.net/moviegallery or for a fee via the Court's electronic docket "PACER" at http://www.vaeb.uscourts.gov/.

4840-3605-6066.1

K&E 12224783

**PLEASE TAKE FURTHER NOTICE THAT** if you do not timely file and serve a written objection to the relief requested in the Motion, the Court may deem any opposition waived, treat the Motion as conceded and enter an order granting the relief requested in the Motion without further notice or a hearing.

**PLEASE TAKE FURTHER NOTICE THAT** in accordance with the Case Management Order, if you wish to oppose the Motion, then **on or before 5:00 p.m. prevailing Eastern Time on December 12, 2007, or such shorter time as the Court may hereafter order and of which you may receive subsequent notice (the "Objection Deadline")**, you must file with the Court, at the address shown below, a written objection pursuant to Local Bankruptcy Rule 9013-1 and the Case Management Order:

> Clerk of the Court
> United States Bankruptcy Court
> 1100 East Main Street, Room 301
> Richmond, Virginia 23219

**PLEASE TAKE FURTHER NOTICE THAT** in accordance with the Case Management Order, you must also serve a copy of your written objection on the Core Group, the 2002 List and the Affected Entities, as such terms are defined in Exhibit 1 to the Case Management Order so that the documents **are received on or before the Objection Deadline**.

**PLEASE TAKE FURTHER NOTICE THAT** no hearing is requested in this matter. If an objection is filed, however, the matter will be scheduled for the next applicable Omnibus Hearing, as such term is defined in Exhibit 1 of the Case Management Order, which hearing will be conducted on December 18, 2007 at 2:00 p.m. prevailing Eastern Time, in the United States Bankruptcy Court, 1100 East Main Street, Room 335, Richmond, Virginia 23219.

**PLEASE TAKE FURTHER NOTICE THAT** you should consult the Case

Management Order before filing any written objection to the Motion.

Richmond, Virginia
Dated: November 26, 2007

/s/ Michael A. Condyles

Richard M. Cieri (NY 4207122)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

Anup Sathy, P.C. (IL 6230191)
Marc J. Carmel (IL 6272032)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

and

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone: (804) 644-1700
Facsimile: (804) 783-6192

Co-Counsel to the Debtors

Richard M. Cieri (NY 4207122)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
Telephone: (212) 446-4800

and

Anup Sathy, P.C. (IL 6230191)
Marc J. Carmel (IL 6272032)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone: (312) 861-2000

Co-Counsel to the Debtors

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219-3500
Telephone: (804) 644-1700

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Case No. 07-33849 |
| | ) Jointly Administered |
| MOVIE GALLERY, INC., et al.,[1] | ) Chapter 11 |
| | ) Hon. Douglas O. Tice, Jr. |
| Debtors. | ) |
| | ) |
| MOVIE GALLERY, INC., et al., | ) Contested Matter No._____ |
| | ) |
| Movants, | ) |
| v. | ) |
| | ) |
| RUSSELL WHITAKER D/B/A C&B VIDEO'S, | ) |
| C.R. GREGORY FORMALLY D/B/A | ) |
| TIFFANY'S MOVIES AND ROBERT | ) |
| KNIGHTON FORMALLY D/B/A C.J.'S VIDEO | ) |
| PLUS | ) |
| | ) |
| and | ) |
| | ) |
| MICHAEL WILLIAMS AND MARCO | ) |
| WILLIAMS D/B/A FIRST CHOICE VIDEO | ) |
| | ) |
| Respondents. | ) |

---

[1]    The Debtors in these proceedings include: Movie Gallery, Inc.; Hollywood Entertainment Corporation; M.G. Digital, LLC; M.G.A. Realty I, LLC; MG Automation LLC; and Movie Gallery US, LLC.

## ORDER MODIFYING THE AUTOMATIC STAY TO PERMIT CERTAIN LITIGATION TO PROCEED

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors") for the entry of an order (the "Order") modifying the automatic stay to permit certain litigation to proceed; it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; proper notice of the Motion having been provided to all necessary and appropriate parties, including pursuant to the Order Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 88] entered by the Court on October 17, 2007, and no further notice being necessary; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUDGED and DECREED** that

1.      The Motion is granted in its entirety.

2.      The automatic stay imposed pursuant to section 362 of the Bankruptcy Code is modified to the extent necessary to permit the Defendant Debtor to proceed with the Williams Motion to Dismiss and the Williams Motion for Sanctions and any collection efforts related to sanctions awarded thereunder, and the determination of the amount of an award of attorneys' fees and costs against the Plaintiffs in the Whitaker RICO Litigation and collection efforts related thereto.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

3.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

4.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

_____
United States Bankruptcy Judge

We ask for this:

/s/
_____
Richard M. Cieri (NY 4207122)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022-4611
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
and

Anup Sathy, P.C. (IL 6230191)
Marc J. Carmel (IL 6272032)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601-6636
Telephone:     (312) 861-2000
Facsimile:     (312) 861-2200
and

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
KUTAK ROCK LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia  23219-3500
Telephone:     (804) 644-1700
Facsimile:     (804) 783-6192

Co-Counsel to the Debtors

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | | |
|---|---|---|
| RUSSELL WHITAKER d/b/a C & B VIDEOS, C.R. GREGORY, formerly d/b/a/ TIFFANY'S MOVIES, ROBERT KNIGHTON, formerly d/b/a C.J.'s VIDEO PLUS, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: 1:05-CV-99-WLS |
| vs. | ) ) ) | |
| MGA, Inc., and all Holding Companies and Affiliated Entities, d/b/a MOVIE GALLERY, UNITED PARCEL SERVICE, INC., SELECT MEDIA SERVICES, LLC, MILE HIGH MEDIA, INC., LFP, INC., DIGITAL SIN, INC., and FRASERSIDE HOLDING LTD, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MOTION TO DISMISS

COMES NOW Defendant Movie Gallery US, Inc., successor to M.G.A., Inc. ("Movie Gallery") and respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) and the local rules of this Court to dismiss Plaintiffs Russell Whitaker, C.R. Gregory, and Robert Knighton's Complaint with prejudice for failure to state a claim upon which relief can be granted. In support of its Motion, Defendant Movie Gallery states the following:

### Introduction

On July 20, 2005, Plaintiffs Russell Whitaker, C.R. Gregory, and Robert Knighton ("Plaintiffs") filed this lawsuit against Defendants Movie Gallery, United Parcel Service, Inc. ("UPS"), Select Media Services, LLC ("Select Media"), Mile High Media, Inc. ("Mile High"), LFP, Inc. ("LFP"), Digital Sin, Inc. ("Digital Sin"), and Fraserside Holding, LTD ("Fraserside"). For the past eight months, Plaintiffs' attorney Malcolm R. Newman ("Attorney Newman") has

filed similar lawsuits on behalf of local video store operators throughout the state of Alabama. Attorney Newman now looks to Georgia's courts to find a sympathetic ear to what amounts to an unfounded and outrageous civil claim for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). However, simply crossing state lines will not rectify the numerous pleading deficiencies of Plaintiffs' Complaint. Moreover, in so doing, Attorney Newman has violated the local rules of this Court -- failing to associate local counsel and not filing detailed responses to the Court's interrogatories in conjunction with the Complaint.

Plaintiffs claim that, because Movie Gallery offers for sale alleged pornographic materials in its video retail stores, Plaintiffs are unable to compete with Movie Gallery in the sale of other video items. Plaintiffs appear to believe that Movie Gallery is liable to them under RICO because of this.[1] However, Plaintiffs could not be more wrong. The RICO statute has nothing whatsoever to do with the commercial activity engaged in by Movie Gallery, much less the allegations made in Plaintiffs' Complaint.

As Judge Posner aptly warned, "there is a danger of [RICO] being applied to situations absurdly remote from the concerns of the statute's framers." *Fitzgerald v. Chrysler Corp.*, 116 F.3d 225, 226 (7th Cir. 1997). This is a textbook example of that absurdly remote situation. Plaintiffs' Complaint exceeds the ambit of the RICO statute since Movie Gallery's commercial activity does not entail the type of corrupt business operations Congress intended to remedy through RICO legislation. Even more important, the specific allegations made by Plaintiffs in their Complaint completely fail to state any type of RICO violation.

---

[1] Plaintiffs set out in their Complaint that the Defendants' actions are prohibited under 18 U.S.C. §§1462, 1465 and 1466. To the extent you can understand it, Plaintiff's Complaint does not appear to seek recovery against the defendants under these statutes. However, in the event that it does, MGA moves to dismiss any such claims under Rule 12(b)(6) because these criminal statutes do not provide any private civil cause of action. *See Dworkin v. Hustler Magazine, Inc.*, 634 F. Supp. 727, 729 (D. Wyo. 1986).

2

01220996.1

## **Related Cases**

On four prior occasions, Attorney Newman has filed Complaints practically identical to the one filed in this action -- accusing Movie Gallery of distributing and selling purportedly obscene material in concert with the co-defendants.[2]  Attorney Newman filed the first of these lawsuits on behalf of a plaintiff named Timothy R. Odom (the *Odom* Complaint) in the United States District Court for the Middle District of Alabama.  The Honorable Chief Judge Mark E. Fuller was assigned to this lawsuit.  Shortly thereafter, Attorney Newman filed a second lawsuit against Movie Gallery and other defendants in the United States District Court for the Northern District of Alabama on behalf of another plaintiff, William Eric Clark (the *Clark* Complaint). Judge William B. Acker, Jr. presided over the *Clark* action.

In both cases, Movie Gallery and other defendants filed motions to dismiss for failure to state a claim upon which relief can be granted.  Judge Fuller entered an order in the *Odom* case requiring Attorney Newman to file a response and any "evidentiary materials" supporting his opposition to the motions to dismiss.  *See* Judge Fuller's March 2, 2005 Order attached hereto as Exhibit A.  Similarly, Judge Acker entered an order in the *Clark* case granting the defendants' motion to dismiss without prejudice, but ordering the plaintiff to file an amended complaint within fourteen (14) days setting forth the RICO claim "with much more specificity."  *See* Judge Acker's March 15, 2005 Order attached hereto as Exhibit B.  In both cases, instead of complying with the rigorous pleading requirements of a civil RICO claim or presenting evidence to support

---

[2]  Two weeks after filing this case, Attorney Newman filed the exact same Complaint on behalf of Angie Carter, Mary Hall and William Harris in the Northern District of Alabama, making it the sixth such action filed by Attorney Newman.

the allegations in the complaint, Attorney Newman sought to shop this lawsuit before other federal judges[3].

As a result, two lawsuits virtually identical to the Complaint filed in this case – *Barbara Holland v. Movie Gallery et al.*, Civil Action No. 1:05-cv-237, USDC, MD of AL, and *William Eric Clark v. Movie Gallery et al*, Civil Action No. 2:05-cv-633, USDC, ND of AL -- are pending in the Middle District of Alabama and the Northern District of Alabama, respectively.[4] Movie Gallery and other defendants are awaiting rulings from the bench on the motions to dismiss that have been filed in both of those cases.

The *Whitaker* Complaint is Attorney Newman's latest attempt at finding a new judge to consider this absurd and baseless claim. Despite having countless opportunities to plead a civil RICO claim, Attorney Newman has filed yet another facially deficient complaint that is without a good faith basis in law or fact. Plaintiffs' Complaint falls far short of establishing the facts needed to state a valid civil RICO cause of action, as recognized by this Court's Local Rule 33.3. For the reasons set forth below, Plaintiffs' Complaint should be dismissed under Rule 12(b)(6).

### The Standard for Dismissal Under Rule 12(b)(6)

While the rule is well established that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of supporting facts which would entitle one to relief, this liberal reading of a complaint in favor of the plaintiff does not allow wild inferences beyond what is actually being alleged. "[C]onclusory allegations,

---

[3]  Attorney Newman voluntarily dismissed the *Odom* case rather than comply with Judge Fuller's Order. Attorney Newman filed a totally separate lawsuit on behalf of William Eric Clark instead of amending his Complaint as ordered by Judge Acker.

[4]  The *Clark* case currently pending in the Northern District of Alabama is a second lawsuit Attorney Newman elected to file on behalf of William Eric Clark on March 29, 2005. The following day, Judge Acker entered an Order dismissing *with prejudice* the First *Clark* Case against MGA and other defendants because of Attorney Newman's failure to amend the Complaint within the so ordered 14 days.

4

01220996.1

unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, No. 04-10234, 2005 U.S. App. LEXIS 13504 (11th Cir. July 8, 2005) (per curiam) (citation omitted). Such complaints have no place in the legal system and should be dismissed as a matter of law. Here, Plaintiffs' Complaint is nothing more than wild and conclusory allegations, unwarranted and unsupportable deductions of facts, and masquerading legal conclusions that should be dismissed outright. Plaintiffs' Complaint should be dismissed because: (1) Attorney Newman has failed to comply with the Local Rules for the Middle District of Georgia; (2) under the most liberal standard, Plaintiffs' Complaint completely fails to adequately plead a civil RICO claim; and (3) under the most liberal construction, Plaintiffs' Complaint cannot substantively set forth a civil RICO claim as a matter of law.

<u>**Argument**</u>

1.  <u>**Plaintiffs' Counsel Has Failed to Comply with the Local Rules for the Middle District of Georgia.**</u>

Attorney Newman has engaged in the unauthorized practice of law by filing this Complaint. Attorney Newman is not licensed to practice law in the State of Georgia. Accordingly, Attorney Newman must obtain permission from this Court to practice *pro hac vice*. Local Rule 83.1.2(c) allows a member in good standing of the bar of any other district court to appear and participate in a case before this Court if the attorney designates local counsel who is a member in good standing of the bar of this Court. As of the date of this filing, Attorney Newman has failed to associate local counsel. Attorney Newman's failure to secure the services of an attorney licensed to practice before this Court warrants the dismissal of this case.

Additionally, Plaintiffs' Complaint is due to be dismissed because Attorney Newman has failed to comply with Local Rule 33.3, which commands a Plaintiff to answer and file a series of

RICO interrogatories with the Complaint. "For the purpose of aiding the court and the RICO defendants in ascertaining the validity and scope of RICO claims, all RICO claimants shall set forth detailed responses to the interrogatories contained in this rule . . . . Failure to timely and completely furnish all the information called for in this rule *may result in dismissal of the RICO claim and/or other appropriate sanctions.*" Local Rule 33.3 (emphasis added). Due to Attorney Newman's failure to associate local counsel, it is not surprising Attorney Newman failed to comply with the applicable local rules and procedures. As such, Plaintiffs' Complaint should be dismissed.

2. **Plaintiffs' Complaint Should Be Dismissed Because It Fails to Plead a Civil RICO Claim.**

Plaintiffs attempt to allege a violation of RICO through cursory references to sections 1962(c) and (d).[5] Plaintiffs' failure to set forth facts with proper specificity establishing that a violation of 18 U.S.C. §1962 has occurred is fatal to Plaintiffs' attempt to bring a civil RICO claim. Plaintiffs' averment that Defendant Movie Gallery sold and/or rented purportedly obscene movies it ordered from Defendants Mile High, Digital Sin, LFP, Fraserside and Select Media is grossly inadequate. Defendant Movie Gallery cannot be expected to glean from this statement that Defendant Movie Gallery therefore "knowingly combine[d] and confederate[d] together" with the co-defendants in an alleged enterprise that was designed to place Plaintiffs at a competitive disadvantage. These conclusory allegations are grossly inadequate and fall far short of meeting the most basic requirements.

---

[5] Plaintiffs identify 18 U.S.C. §1462 (c)-(d) in Complaint ¶ 12. Did Plaintiffs mean to say §1962? A defendant such as MGA should not have to guess at such things. In addressing this issue, however, Defendant MGA presumes Plaintiffs made a typographical error and in fact meant to cite 18 U.S.C. §1962 (c)-(d) since 18 U.S.C. §1462 does not contain a subsection (d).

6

In addition, Plaintiffs' allegation that the Defendants engaged in activities prohibited by 18 U.S.C. §§ 1462, 1465, and 1466 does nothing to cure the fatal pleading flaw. As the court in *James v. Meow* Media, 90 F. Supp. 2d 798 (W.D. Ky. 2000) stated:

> The statement that Defendants distributed obscene materials in violation of state and federal obscenity laws only serves as the predicate act of racketeering upon which to base a §1962 violation. The predicate act itself is insufficient to establish that §1962 was violated. Instead, a plaintiff is required to plead facts demonstrating a violation of §1962.

90 F. Supp. 2d at 812. In other words, Plaintiffs cannot state a civil RICO claim merely by alleging that the Defendants violated the federal obscenity statutes -- 18 U.S.C. §§ 1462, 1465, and 1466.[6] The Plaintiffs must set forth facts demonstrating that the Defendants violated the RICO statute -- 18 U.S.C. §1962.

While it is obvious that Plaintiffs' Complaint fails to properly set forth a civil RICO claim against Defendant Movie Gallery, Plaintiffs' flaws cannot be cured by re-pleading. This is Attorney Newman's fifth opportunity to advance this legal theory; therefore, in effect this is Attorney Newman's fifth attempt at re-pleading a civil RICO claim. Nevertheless, Plaintiffs have not, and cannot, substantively establish the essential elements of a civil RICO violation against Defendant Movie Gallery.

3.     **Plaintiffs' Complaint Should Be Dismissed Because Plaintiffs Cannot Establish the Elements of a Civil RICO Claim as a Matter of Law.**

Plaintiffs' claim has no substantive merit because the essential elements of a civil RICO claim have not, and cannot, be established. 18 U.S.C. §1964(c) permits "[a]ny person injured in his business or property *by reason of a violation of §1962* of this chapter [to] sue . . ." In order to have standing to assert a civil RICO claim, a plaintiff must properly plead the elements of the

---

[6] Section §1466 is not even listed in 18 U.S.C. §1961 as a predicate act violation. Therefore, any attempted reliance by the Plaintiffs on this statute in this case is barred as a matter of law.

01220996.1

applicable §1962 subsection.[7] As discussed above, Plaintiffs have completely failed to do this. However, because Plaintiffs' Complaint cannot be cured by re-pleading, and to avoid such a futile exercise, Movie Gallery will address the substantive elements of the claim.

Plaintiffs seek recovery under §1962(d). *See Complaint* ¶ 13. Section 1962(d) states that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." The Eleventh Circuit has clarified the requirements of this nebulous subsection:

> To establish a RICO conspiracy under 18 U.S.C. §1962(d) the government must prove that the defendant objectively manifested, through words or actions, an agreement to participate in the conduct of the affairs of an enterprise through the commission of two or more predicate crimes.

*United States v. Starrett*, 55 F.3d 1525, 1543 (11th Cir. 1995); *see also United States v. Glecier*, 923 F.2d 496, 500 (7th Cir. 1991) ("Accordingly, to list adequately the elements of section 1962(d), an indictment need only charge -- after identifying a proper enterprise and the defendant's association with that enterprise -- that the defendant knowingly joined a conspiracy the objective of which was to operate that enterprise through an identified pattern of racketeering activity."). Importantly, "[t]he focus is on the agreement to participate in the enterprise through the pattern of racketeering activity, not on the agreement to commit the individual predicate acts." *Starrett*, 55 F.3d at 1543. In other words, Plaintiffs must establish Movie Gallery's agreement to join the enterprise to commit a pattern of racketeering, not its agreement to commit the predicate act -- alleged violation of obscenity laws.

---

[7] For the convenience of the Court, the applicable sections of Section 1962 are provided herein. Section 1962(c): It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt. Section 1962(d): It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

01220996.1

Even under the most liberal interpretation, Plaintiffs' Complaint fails to establish any of these elements. For instance, there is no identified enterprise. Section 1961(4) defines an enterprise as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." In *United States v. Turkette*, 452 U.S. 576 (1981), the Supreme Court declared that an enterprise is "an entity, or a group of persons *associated together for a common purpose* of engaging in a course of conduct." 452 U.S. at 583 (emphasis added). The Court added that "the 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages. The existence of an enterprise at all times remains a separate element which must be proved." *Id.* Here, Plaintiffs merely makes a conclusory statement that Defendants Movie Gallery and UPS "operate their enterprise" through dissemination of purportedly obscene material. Plaintiffs cannot circumvent the distinctiveness requirement by pleading such vague and conclusory allegations of enterprise. Moreover, UPS's shipment of Movie Gallery's inventory across interstate lines only would serve as the racketeering activity itself. Plaintiffs have failed to allege a separate enterprise apart and distinct from this alleged racketeering activity. There is no allegation because there is no enterprise in fact. This fact alone is fatal to Plaintiffs' RICO claim.

Furthermore, assuming the Plaintiffs could demonstrate the existence of an enterprise, Plaintiffs would also be required to show that Movie Gallery used the enterprise as a vehicle to conduct its "pattern of racketeering activity." Section 1961(5) defines "pattern of racketeering activity" as at least two acts of racketeering activity that occur within ten years of each other. Plaintiffs aver the distribution of allegedly obscene material through interstate commerce as the predicate act in question. However, the Complaint fails to establish a nexus between this

purported racketeering activity and the enterprise. *See James*, 90 F. Supp. 2d at 814 (observing that "a plaintiff is required to allege facts which would establish that the defendants 'pattern of racketeering activity' was *related to the enterprise*") (emphasis added). There simply is no enterprise (much less an allegation of one) *engaging* in a "pattern of racketeering activity." Again, this fact is fatal to Plaintiffs' Complaint.

Going further, assuming Plaintiffs could demonstrate the existence of an enterprise engaging in a pattern of racketeering activity, Plaintiffs have not set forth facts, and cannot set forth facts, establishing that Movie Gallery entered into any *conspiracy* to violate §1962. To establish a §1962 claim, the Plaintiffs must establish that the conspirators agreed to participate in the affairs of an enterprise through a pattern of racketeering activity and that there is sufficient conduct on the part of the participants to show such an agreement. *See United States v. Castro*, 89 F. 3d 1443, 1451 (11th Cir. 1996), *cert. denied*, 519 U.S. 1118 (1997); *see also United States v. Church*, 955 F. 2d 688, 694 (11th Cir. 1992), *cert. denied*, 506 U.S. 881 (1992). Here, there is simply no allegation of any such agreement. There is no allegation because there is no existence of any such agreement. Plaintiffs' legal conclusion that Defendants in fact conspired is clearly insufficient. This is yet another fact that is fatal to Plaintiffs' Complaint.

Even if the Plaintiffs could establish a violation of §1962, they cannot establish a civil RICO claim because they have not shown, and cannot show, that a violation of §1962 (rather than §1461, as alleged) was the direct and proximate cause of Plaintiffs' injuries. Once again, as the court in *James* stated:

> To satisfy this element, a plaintiff must allege facts which would establish that his injuries were a direct result of the §1962 violation. It is insufficient for a plaintiff to allege that he was injured by the defendant's commission of the predicate act, in this case distributing obscene materials to minors. . . . Plaintiffs were required to plead facts sufficiently demonstrating that their injuries

resulted from Defendants' use of an enterprise to conduct a pattern
of racketeering.

90 F. Supp. 2d at 817. Similarly here, Plaintiffs cannot establish a civil RICO claim by alleging

they were harmed by a violation of the federal obscenity laws[8]. Plaintiffs must allege and

establish facts that show they were injured by Movie Gallery's conspiring to use an enterprise to

conduct a pattern of racketeering. Plaintiffs have not done this and cannot do this. Once again,

this fact is fatal to Plaintiffs' Complaint. *See Beck v. Prupis*, 162 F. 3d 1090, 1095-96 (11th Cir.

1998) ("It is inadequate merely to assert that damages were caused by the commission of the

underlying felony acts."); *see also Hunt v. American Bank & Trust Co.*, 606 F. Supp. 1348 (N.D.

Ala. 1985) ("Plaintiff in the instant action does not allege anything more than injuries caused by

the predicate acts. [I]n no way does plaintiff attempt to set out how the alleged injury is a

product of *racketeering* distinct from the injury caused by securities fraud or mail fraud.").

## <u>Conclusion</u>

This Complaint is nothing more than someone's unwarranted, vindictive, conclusory

allegations masquerading as a civil RICO claim. Such matters have no place in our federal legal

system. This marks the fifth time Attorney Newman has filed a Complaint that fails the most

basic requirements for pleading a RICO claim. Plaintiffs' allegations have not, and cannot under

the most liberal reading, establish a civil RICO claim. Moreover, in so doing, Attorney Newman

has violated Local Rules 83.1 and 33.3. For these reasons, Plaintiffs' Complaint should be

dismissed as a matter of law.

---

[8] Plaintiffs' theory makes no sense as it completely ignores the fact that MGA is not the only
entity in this state that rents videos.

01220996.1

WHEREFORE, Defendant Movie Gallery respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice for failure to state a claim upon which relief may be granted.

Respectfully submitted by,

**s/Kenan G. Loomis**
Kenan G. Loomis, Bar No. 457865
SMITH MOORE LLP
1201 West Peachtree Street
3700 One Atlantic Center
Atlanta, GA  30309
Phone:  (404) 962-1000
Fax:  (404) 962-1200
E-mail:  kenan.loomis@smithmoorelaw.com

**s/Jeffrey M. Grantham**
Jeffrey M. Grantham
*to be admitted pro hac vice*
MAYNARD COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL  35203-2602
Phone:  (205) 254-1000
Fax:  (205) 254-1999
E-mail:  jgrantham@mcglaw.com

Attorneys for Movie Gallery US, Inc., successor to M.G.A., Inc.

01220996.1

12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | | |
|---|---|---|
| **RUSSELL WHITAKER d/b/a C & B VIDEOS, C.R. GREGORY, formerly d/b/a/ TIFFANY'S MOVIES, ROBERT KNIGHTON, formerly d/b/a C.J.'s VIDEO PLUS,** | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | **Civil Action No.: 1:05-CV-99-WLS** |
| vs. | ) ) | |
| **MGA, Inc., and all Holding Companies and Affiliated Entities, d/b/a MOVIE GALLERY, UNITED PARCEL SERVICE, INC., SELECT MEDIA SERVICES, LLC, MILE HIGH MEDIA, INC., LFP, INC., DIGITAL SIN, INC., and FRASERSIDE HOLDING LTD,** | ) ) ) ) ) ) ) ) | |
| Defendants. | ) . | |

### CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2005, I electronically filed the foregoing **Motion to Dismiss** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Malcolm R. Newman  mnewman470@aol.com

Respectfully submitted,

s/Kenan G. Loomis
Kenan G. Loomis, Bar No. 457865
SMITH MOORE LLP
1201 West Peachtree Street
3700 One Atlantic Center
Atlanta, GA 30309
Phone: (404) 962-1000
Fax: (404) 962-1200
E-mail: kenan.loomis@smithmoorelaw.com

s/Jeffrey M. Grantham
Jeffrey M. Grantham
*to be admitted pro hac vice*
MAYNARD COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2602
Phone: (205) 254-1000
Fax: (205) 254-1999
E-mail: jgrantham@mcglaw.com

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

MAR 1 5 2007

THOMAS K. KAHN
CLERK

No. 06-15025-DD

D.C. Docket No. 05-00099-CV-WLS-1

RUSSELL WHITAKER,
C. R. GREGORY,
f.d.b.a. Tiffany's Movie's,
ROBERT KNIGHTON,
f.d.b.a. C.J.'s Video Plus,

Plaintiffs-Appellants,

versus

MGA, INC.,
UNITED PARCEL SERVICE, INC., (UPS), et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Georgia

(                    )

Before ANDERSON, BARKETT, and COX, Circuit Judges.

BY THE COURT:

Defendants MGA, Inc. and Mile High Media, Inc. have moved this court for

awards of attorneys' fees and double costs pursuant to Federal Rule of Appellate

Procedure 38.  We find that continued prosecution of this appeal after our decision in *Carter v. MGA, Inc., et al.*, Nos. 05-15402 and 05-16523, 2006 WL 1933788 (11th Cir. July 13, 2006) is frivolous.  The instant appeal was brought by plaintiffs represented by the same attorney as those in *Carter* and makes the same arguments presented in *Carter*, in defense of virtually identical complaints.

Therefore, we GRANT the motions in part.  MGA, Inc. and Mile High Media, Inc. may recover reasonable fees and expenses incurred in defense of this appeal after July 13, 2006.  We REMAND the case to the district court for determination of the amounts of the awards.  The motions for fees and costs are otherwise DENIED.

[DO NOT PUBLISH]

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

---

No. 06-15025
Non-Argument Calendar

---

| FILED |
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| MARCH 15, 2007 |
| THOMAS K. KAHN |
| CLERK |

D.C. Docket No. 05-00099-CV-WLS-1

RUSSELL WHITAKER,
C. R. GREGORY,
f.d.b.a. Tiffany's Movie's,
ROBERT KNIGHTON,
f.d.b.a. C.J.'s Video Plus,

Plaintiffs-Appellants,

versus

MGA, INC.,
UNITED PARCEL SERVICE, INC., (UPS), et al.,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Middle District of Georgia

---

(March 15, 2007)

Before ANDERSON, BARKETT, and COX, Circuit Judges.

PER CURIAM:



Plaintiffs Russell Whitaker, C. R. Gregory, and Robert Knighton appeal the district court's dismissal of their civil RICO claim against Defendants MGA, Inc., United Parcel Service, Select Media Services, LLC, Mile High Media, Inc., LFP, Inc., Digital Sin, Inc., and Fraserside Holdings, Ltd.  We find no reversible error in the dismissal and therefore affirm.

Plaintiffs' complaint does not allege facts to support the conclusory allegations that Defendants combined and conspired to manufacture, transport, and distribute obscene materials.  Thus, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) was proper.

**AFFIRMED.**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS AND MARCO WILLIAMS, d/b/a FIRST CHOICE VIDEO, <br><br> Plaintiffs, <br><br> vs. <br><br> MGA, Inc., and all Holding Companies and Affiliated Entities, d/b/a MOVIE GALLERY, UNITED PARCEL SERVICE, INC. (UPS), SELECT MEDIA SERVICES LLC, MILE HIGH MEDIA, INC., LFP, INC., DIGITAL SIN, INC., AND FRASERSIDE HOLDING LTD, <br><br> Defendants. | Civil Action No.: 1:07-CV-228-MEF |

## MOTION TO DISMISS

COMES NOW Defendant Movie Gallery US, LLC, successor to M.G.A., Inc. ("Movie Gallery") and respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs Michael Williams and Marco Williams' complaint with prejudice for failure to state a claim upon which relief can be granted. In support of its Motion, Defendant Movie Gallery states the following:

### Introduction

On March 14, 2007, Plaintiffs Michael Williams and Mario Williams ("Plaintiffs") filed this lawsuit against Defendants Movie Gallery, United Parcel Service, Inc. ("UPS"), Select Media Services, LLC ("Select Media"), Mile High Media, Inc. ("Mile High"), LFP, Inc. ("LFP"), Digital Sin, Inc. ("Digital Sin"), and Fraserside Holding, LTD ("Fraserside"). This marks the *seventh* time in the last two years that Plaintiffs' attorney Malcolm R. Newman ("Attorney Newman") has filed a lawsuit on behalf of local video store operators in the states of

PORTRAIT.1

Alabama, Georgia, and now, Mississippi. For the *third* time, Attorney Newman has presented this unfounded and outrageous claim for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") before the United States District Court for the Middle District of Alabama. Unfortunately for Attorney Newman, the third time's not the charm.

Plaintiffs claim that, because Movie Gallery offers for sale and rent alleged obscene materials in its retail stores, Plaintiffs are unable to compete with Movie Gallery in the sale of other video items. Plaintiffs appear to believe that Movie Gallery is liable to them under RICO for this alleged injury to their business.[1] Plaintiffs could not be more wrong. This District Court and others have repeatedly condemned the very same civil RICO claim presented here that Attorney Newman also has previously filed on behalf of other video store operators purportedly competing with Movie Gallery in Alabama and Georgia. Time and again, the federal judiciary – Judge Acker, Judge Blackburn, Judge Sands and Judge Watkins -- has consistently found complaints virtually identical to the one before this court fail to state a claim upon which relief can be granted.

The RICO statute has nothing whatsoever to do with the commercial activity engaged in by Movie Gallery, much less the allegations made in Plaintiffs' complaint. As Judge Posner aptly warned, "there is a danger of [RICO] being applied to situations absurdly remote from the concerns of the statute's framers." *Fitzgerald v. Chrysler Corp.*, 116 F.3d 225, 226 (7th Cir. 1997). This is a textbook example of that absurdly remote situation. Plaintiffs' complaint exceeds the ambit of the RICO statute since Movie Gallery's commercial activity does not entail the type of corrupt business operations Congress intended to remedy through RICO legislation.

---

[1] Plaintiffs set out in their Complaint that the Defendants' actions are prohibited under 18 U.S.C. §§ 1462, 1465 and 1466. To the extent you can understand it, Plaintiffs' Complaint does not appear to seek recovery against the defendants under these statutes. However, in the event that it does, Movie Gallery moves to dismiss any such claims under Rule 12(b)(6) because these criminal statutes do not provide any private civil cause of action. *See Dworkin v. Hustler Magazine, Inc.*, 634 F. Supp. 727, 729 (D. Wyo. 1986).

PORTRAIT.1

Even more important, the specific allegations made by Plaintiffs in their complaint completely fail to state any type of RICO violation. Selling purportedly obscene material – the objectionable conduct claimed here – does not give rise to RICO liability.

### Related Cases

This complaint is the latest attempt to use the judicial system as a tool of harassment. Filing a complaint virtually identical to six other complaints previously dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) by the United States District Court for the Middle District of Alabama, the United States District Court for the Northern District of Alabama, the United States District Court for the Middle District of Georgia, and affirmed by the United States Courts of Appeals for the Eleventh Circuit whenever Attorney Newman has opted to appeal, is frivolous and vindictive. A summary of the procedural posture of each case is set forth below.

     1.     The First RICO Case: *Odom v. MGA, Inc. et al.*, 1:05-CV-59-F (M.D. Ala. 2005) (filed Jan. 24, 2005 -- dismissed Mar. 11, 2005)

Attorney Newman filed the first of these lawsuits on behalf of a plaintiff named Timothy R. Odom in the United States District Court for the Middle District of Alabama (the *Odom* Complaint). The Honorable Chief Judge Mark E. Fuller was assigned to this case. Movie Gallery and other defendants filed motions to dismiss for failure to state a claim upon which relief can be granted. Judge Fuller entered an order in the *Odom* case requiring Attorney Newman to file a response and any "evidentiary materials" supporting his opposition to the motions to dismiss. *See* Judge Fuller's March 2, 2005 Order attached hereto as Exhibit A. Rather than comply with Judge Fuller's Order, Attorney Newman voluntarily dismissed the *Odom* case and attempted to shop this claim elsewhere.

PORTRAIT.1

    2.    The Second RICO Case: *Clark v. MGA, Inc. et al.*, 2:05-CV-208 (N.D. Ala. 2005) (filed Jan. 31, 2005 -- dismissed Mar. 30, 2005)

Seven days after filing the first RICO case, Attorney Newman filed a second RICO lawsuit against Movie Gallery and other defendants in the United States District Court for the Northern District of Alabama on behalf of another plaintiff, William Eric Clark (the *Clark* Complaint). Judge William B. Acker, Jr. presided over the *Clark* action, marking the first time Judge Acker would be confronted with this RICO claim against Movie Gallery and the other six named co-defendants. Faced with essentially the same complaint as in *Odom*, Movie Gallery and other defendants similarly filed motions to dismiss for failure to state a claim upon which relief can be granted.

Judge Acker entered an order in the *Clark* case granting the defendants' motions to dismiss without prejudice, but ordering the plaintiff to file an amended complaint within fourteen (14) days to "allege with much more specificity the acts of each defendant that, in concert, constitute a RICO enterprise." *See* Judge Acker's March 15, 2005 Order attached hereto as Exhibit B. Instead of complying with Judge Acker's Order, Attorney Newman filed another totally separate lawsuit on behalf of William Eric Clark in the United States District Court for the Northern District of Alabama. Yet again, Attorney Newman sought to shop this lawsuit before other federal judges in the state of Alabama rather than comply with the presiding court's order. Because Attorney Newman failed to comply with Judge Acker's Order, Judge Acker dismissed the original *Clark* case with prejudice. *Clark v. M.G.A., Inc. et al.*, 2:05-CV-208 (N.D. Ala. Mar. 30, 2005).

4

PORTRAIT.1

3.  The Third RICO Case: *Holland v. MGA, Inc. et al.*, 1:05-CV-237-M (M.D. Ala. 2005) (filed Mar. 14, 2005 – dismissed November 1, 2006) (Affirmed March 30, 2007)

Three days after voluntarily dismissing the *Odom* case, Attorney Newman filed a second lawsuit in the United States District Court for the Middle District of Alabama, this time on behalf of Plaintiff Barbara Holland. Movie Gallery and other defendants again moved to dismiss for failure to state a claim. On November 1, 2006, Judge Watkins issued the sixth district court decision dismissing Attorney Newman's RICO complaint. "Consistent with the Eleventh Circuit's opinion in *Carter,* this court concludes Plaintiff has failed to state any cognizable RICO cause of action. Not only is this outcome consistent with the *Carter* opinion, but it comports with the conclusions of three district courts considering identical claims on Rule 12 motions to dismiss." *Holland v. MGA, Inc. et al.*, 1:05-CV-237-M (M.D. Ala. Nov. 1, 2006) (opinion attached hereto as Exhibit C). Attorney Newman elected to appeal this decision, making it the fourth time Attorney Newman enlisted the Eleventh Circuit's review. And for the fourth time, the Eleventh Circuit affirmed the District Court's decision to dismiss.[2] *Holland v. MGA, Inc. et al.*, 2007 U.S. App. LEXIS 7433 (11th Cir. 2007) (unpublished) (opinion attached hereto as Exhibit D).

4.  The Fourth RICO Case: *Clark v. MGA, Inc., et al.*, 2:05-CV-633, (N.D. Ala. 2005) ("*Clark II*") (filed Mar. 29, 2005 -- dismissed Mar. 17, 2006) (Affirmed, Nov. 29, 2006)

On March 29, 2005, instead of complying with Judge Acker's Order in the original *Clark* case to replead the RICO claim "with much more specificity," Attorney Newman elected to file a totally separate lawsuit on behalf of William Eric Clark in the very same district court (the *Clark II* case). Judge Sharon Blackburn drew the *Clark II* case. Movie Gallery, UPS, Select Media

---

[2] This opinion also represents the <u>third</u> time the Eleventh Circuit found an appeal of one of these related cases to be frivolous.

and Mile High Media filed motions to dismiss the *Clark II* case on the grounds of *res judicata*.

On March 17, 2006, Judge Blackburn granted Movie Gallery's and other defendants' motions to

dismiss, holding that this complaint was clearly barred against them by the doctrine of *res*

*judicata*. Judge Blackburn also ruled that this lawsuit constituted a vexatious, frivolous action

against Movie Gallery that warranted the award of attorney fees and costs pursuant to 28 U.S.C.

§ 1927. Judge Blackburn also granted co-defendants LFP's and Fraserside's motions to dismiss

for failure to state a claim upon which relief can be granted, finding that the Plaintiff's complaint

failed to state the necessary elements of a civil RICO claim. *Clark v. MGA, Inc., et al.*, 2:05-CV-

633 (N.D. Ala. Mar. 17, 2006) (opinion attached hereto as Exhibit E). The Eleventh Circuit

Court of Appeals affirmed the dismissal, and awarded Movie Gallery damages and costs

pursuant to Fed. R. App. P. 38. *Clark v. MGA, Inc., et al.*, 2006 WL 3422345 (11th Cir. 2006)

(unpublished) (opinion attached hereto as Exhibit F).

     5.     The Fifth RICO Case: *Whitaker v. MGA, Inc., et al.*, 1:05-CV-99-WLS (M.D. Ga.
          2005) (filed July 20, 2005 -- dismissed Dec. 30, 2005) (Affirmed, March 15,
          2007)

     Unable to find a sympathetic ear in Alabama, Attorney Newman crossed state lines and

filed another virtually identical complaint on July 20, 2005 in the Middle District of Georgia in

search of a federal judiciary that would allow him to pursue his frivolous RICO lawsuit.[3]

     Movie Gallery and other defendants once again filed motions to dismiss. Yet again, a

federal district court found the complaint deficient, holding that "Plaintiffs' total disregard of the

local and federal rules and the failure to even address the obvious deficiencies of the complaint

require this Court to dismiss the complaint against all defendants." *Whitaker v. MGA, Inc. et al*,

---

[3] It should be noted that Attorney Newman filed this lawsuit even though Attorney Newman is not licensed to
practice law in the state of Georgia. Because Attorney Newman did not associate local counsel, he engaged in the
unauthorized practice of law by filing the Complaint. It was only after Movie Gallery highlighted this egregious
behavior in its Motion to Dismiss that Attorney Newman secured the services of an attorney licensed to practice
before the Middle District of Georgia.

PORTRAIT.1

1:05-CV-99 (M.D. Ga. Dec. 30, 2005) (opinion attached hereto as Exhibit G). The Eleventh Circuit also affirmed this dismissal, and for the second time found an appeal of one of these cases to be frivolous. *Whitaker v. MGA, Inc. et al.*, 2007 U.S. App. LEXIS 14458 (Mar. 15, 2007) (unpublished) (opinion attached hereto as Exhibit H).

> 6. The Sixth RICO Case: *Carter, et al. v. MGA, Inc., et al.*, 2:05-CV-01662-WMA (N.D. Ala. 2005) (filed Aug. 4, 2005 -- dismissed Sept. 19, 2005) (Affirmed, July 13, 2006).

Despite having countless opportunities to properly plead a civil RICO claim, Attorney Newman elected to file yet another virtually identical, facially deficient complaint on behalf of three more plaintiffs, making it the sixth such civil RICO action Attorney Newman has filed and served against Movie Gallery.[4]  In a matter of months, Judge Acker was once again confronted with nearly the exact same complaint he had previously ordered to be amended to properly allege the essential elements of a civil RICO claim. The *Carter* complaint made no attempt to cure the pleading deficiencies Judge Acker had previously noted in the original *Clark* case. Accordingly, he dismissed the *Carter* complaint with prejudice, finding the arguments presented by Movie Gallery and other defendants in their motions to dismiss were again well taken and due to be granted. *Carter, et al. v. MGA, Inc., et al.*, 2:05-CV-01662 (N.D. Ala. Sept. 19, 2005) (opinion attached hereto as Exhibit I).

On appeal, the Eleventh Circuit affirmed the District Court's dismissal of the *Carter* complaint. The Eleventh Circuit issued a *per curiam* opinion holding that the appellants had failed to allege facts sufficient to maintain a civil RICO claim against Movie Gallery and other defendants. *Carter, et al. v. MGA, Inc., et al.*, 2006 WL 1933788 (11th Cir. 2006) (unpublished) (opinion attached hereto as Exhibit J).  A petition for rehearing *en banc* was denied. Attorney

---

[4] Attorney Newman originally attempted to join these Plaintiffs in the *Clark II* case before Judge Blackburn. After considering Judge Blackburn's comments from the bench during a hearing on June 6, 2005, he decided to shop the lawsuit to a different judge and filed these claims as a separate, sixth RICO lawsuit.

PORTRAIT.1

Newman has chosen to file a petition for writ of certiorari before the United States Supreme Court, which is pending.

The averments in *Williams* are no different than the allegations set forth in the preceding six lawsuits. And the same result – dismissal for failure to state a claim -- is due here for the seventh time.

### The Standard for Dismissal Under Rule 12(b)(6)

While the rule is well established that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of supporting facts which would entitle one to relief, this liberal reading of a complaint in favor of the plaintiff does not allow wild inferences beyond what is actually being alleged. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242 (11th Cir. 2005) (per curiam) (citation omitted). Here, Plaintiffs' complaint is nothing more than wild and conclusory allegations, unwarranted and unsupportable deductions of facts, and masquerading legal conclusions. Such complaints have no place in the legal system and should be dismissed outright as a matter of law.

Plaintiffs' complaint should be dismissed because: (1) under the most liberal standard, Plaintiffs' complaint completely fails to adequately plead a civil RICO claim; and (2) under the most liberal construction, Plaintiffs' complaint cannot substantively set forth a civil RICO claim as a matter of law.

### Argument

**1.  Plaintiffs' Complaint Should Be Dismissed Because It Fails to Plead a Civil RICO Claim.**

Just like its six counterparts, Plaintiffs' complaint falls far short of pleading the facts needed to state a valid civil RICO cause of action.  Plaintiffs attempt to allege a violation of RICO through cursory references to sections 1962(c) and (d).[5]  Plaintiffs, however, fail to set forth facts with proper specificity establishing that a violation of 18 U.S.C. § 1962 has occurred.

Plaintiffs' averment that Defendant Movie Gallery sells and/or rents purportedly obscene movies and magazines it orders from Defendants Mile High, Select Media, Digital Sin, LFP, and Fraserside is grossly inadequate.  Defendant Movie Gallery cannot be expected to glean from this statement that Defendant Movie Gallery therefore "knowingly combine[d] and confederate[d] together" with the co-defendants in an alleged enterprise that was designed to place Plaintiffs at a competitive disadvantage.  Adding descriptions of the acts depicted in the purportedly obscene films does not satisfy the Plaintiffs' obligation to plead facts showing (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering, or an agreement to participate in said enterprise.  *Abele v. Tolbert*, 172 Fed. Appx. 967 (11th Cir. 2006).  This complaint, much like its predecessors, still falls far short of meeting the most basic RICO pleading requirements.

---

[5] Plaintiffs identify 18 U.S.C. §1462 (c)-(d) in Complaint ¶ 12.  Did Plaintiffs mean to say §1962? Defendant Movie Gallery presumes Plaintiffs made a typographical error and in fact meant to cite 18 U.S.C. §1962 (c)-(d) since 18 U.S.C. §1462 does not contain a subsection (d).  Attorney Newman has fired off another copycat complaint without correcting these basic pleading errors.

PORTRAIT.1

Plaintiffs' allegation that the Defendants engaged in activities prohibited by 18 U.S.C. §§ 1462, 1465, and 1466 does nothing to cure this fatal pleading flaw.[6] As the court in *James v. Meow Media*, 90 F. Supp. 2d 798 (W.D. Ky. 2000) stated:

> The statement that Defendants distributed obscene materials in violation of state and federal obscenity laws only serves as the predicate act of racketeering upon which to base a §1962 violation. The predicate act itself is insufficient to establish that §1962 was violated. Instead, a plaintiff is required to plead facts demonstrating a violation of §1962.

90 F. Supp. 2d at 812. In other words, Plaintiffs cannot state a civil RICO claim merely by alleging that the Defendants violated the federal obscenity statutes -- 18 U.S.C. §§ 1462, 1465, and 1466. Plaintiffs overlook this important distinction. The "memoranda of commercial contracts" (¶ 7) and other documents the Plaintiffs maintain they possess showing the shipment of purportedly obscene movies to Movie Gallery (¶ 11) do not demonstrate a violation of the RICO statute -- 18 U.S.C. § 1962. The alleged prohibition of dealing in purportedly obscene material is a predicate act separate and apart from a violation of the RICO statute.

While it is obvious that Plaintiffs' complaint fails to properly set forth a civil RICO claim against Defendant Movie Gallery, Plaintiffs' flaws cannot be cured by re-pleading. This is Attorney Newman's seventh opportunity to advance this legal theory; therefore, in effect, this is Attorney Newman's seventh attempt at re-pleading a civil RICO claim. Even with the benefit of multiple district and appellate court opinions discussing the exact same claim presented here, Attorney Newman has shown time and time again that he cannot substantively establish on behalf of his clients the essential elements of a civil RICO violation against Movie Gallery. Because Plaintiffs' complaint cannot be cured by re-pleading, and to avoid such a futile exercise, Movie Gallery will address the substantive elements of the claim.

---

[6] As discussed herein, section 1466 is not even listed in 18 U.S.C. § 1961 as a predicate act violation. Therefore, any attempted reliance by the Plaintiffs on this statute in this case is barred as a matter of law.

PORTRAIT.1

2. <u>**Plaintiffs' Complaint Should Be Dismissed Because Plaintiffs Cannot Establish the Elements of a Civil RICO Claim as a Matter of Law.**</u>

Plaintiffs' claim has no substantive merit because the essential elements of a civil RICO claim have not been, and cannot be, established. 18 U.S.C. § 1964(c) permits "[a]ny person injured in his business or property *by reason of a violation of § 1962* of this chapter [to] sue . . ." In order to have standing to assert a civil RICO claim, a plaintiff must properly plead the elements of the applicable § 1962 subsection.[7] As discussed above, Plaintiffs have completely failed to do this.

Plaintiffs seek recovery under § 1962(d). Complaint, ¶ 13. Section 1962(d) states that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." The Eleventh Circuit has clarified the requirements of this nebulous subsection:

> To establish a RICO conspiracy under 18 U.S.C. §1962(d) the government must prove that the defendant objectively manifested, through words or actions, an agreement to participate in the conduct of the affairs of an enterprise through the commission of two or more predicate crimes.

*United States v. Starrett*, 55 F.3d 1525, 1543 (11th Cir. 1995); *see also United States v. Glecier*, 923 F.2d 496, 500 (7th Cir. 1991) ("Accordingly, to list adequately the elements of section 1962(d), an indictment need only charge -- after identifying a proper enterprise and the defendant's association with that enterprise -- that the defendant knowingly joined a conspiracy the objective of which was to operate that enterprise through an identified pattern of racketeering

---

[7] For the convenience of the Court, the applicable sections of Section 1962 are provided herein.

   Section 1962(c): It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

   Section 1962(d): It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

PORTRAIT.1

activity."). Importantly, "[t]he focus is on the agreement to participate in the enterprise through the pattern of racketeering activity, not on the agreement to commit the individual predicate acts." *Starrett*, 55 F.3d at 1543. In other words, Plaintiffs must establish Movie Gallery's agreement to join the enterprise to commit a pattern of racketeering, not its agreement to commit the predicate act -- alleged violation of obscenity laws.

Even under the most liberal interpretation, Plaintiffs' complaint fails to establish any of these elements. For instance, there is no identified enterprise. Section 1961(4) defines an enterprise as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." In *United States v. Turkette*, 452 U.S. 576 (1981), the Supreme Court declared that an enterprise is "an entity, or a group of persons *associated together for a common purpose* of engaging in a course of conduct." 452 U.S. at 583 (emphasis added). The Court added that "the 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages. The existence of an enterprise at all times remains a separate element which must be proved." *Id.* Here, Plaintiffs merely makes a conclusory statement that Defendants Movie Gallery and UPS "operate their enterprise" through dissemination of purportedly obscene material. Complaint, ¶ 13. Plaintiffs cannot circumvent the distinctiveness requirement by pleading such vague and conclusory allegations of enterprise. The complaint is completely lacking an express identification of the "enterprise" or allegations of an "ongoing organization" between the Defendants illustrating that these "various associates function as a continuing unit." *Turkette*, 452 U.S. at 583. Even construing these allegations in a favorable light for the Plaintiffs, UPS's shipment of films across interstate lines to Movie Gallery's corporate office only would serve as the racketeering activity itself. Plaintiffs have failed to allege a separate

enterprise apart and distinct from this alleged racketeering activity. There is no allegation because there is no enterprise in fact. This fact alone is fatal to Plaintiffs' RICO claim.

Furthermore, assuming the Plaintiffs could demonstrate the existence of an enterprise, Plaintiffs also would be required to show that Movie Gallery used the enterprise as a vehicle to conduct its "pattern of racketeering activity." Section 1961(5) defines "pattern of racketeering activity" as at least two acts of racketeering activity that occur within ten years of each other. Plaintiffs aver the distribution of allegedly obscene material through interstate commerce as the predicate act in question. However, the complaint fails to establish a nexus between this purported racketeering activity and the enterprise. *See James*, 90 F. Supp. 2d at 814 (observing that "a plaintiff is required to allege facts which would establish that the defendants 'pattern of racketeering activity' was *related to the enterprise*") (emphasis added). There simply is no enterprise (much less an allegation of one) *engaging* in a "pattern of racketeering activity." Plaintiffs have failed to plead any facts that would show an enterprise engaging in a "pattern of racketeering activity."

Going further, assuming Plaintiffs could demonstrate the existence of an enterprise engaging in a pattern of racketeering activity, Plaintiffs have not set forth facts, and cannot set forth facts, establishing that Movie Gallery entered into any *conspiracy* to violate §1962. To establish a §1962(d) claim, the Plaintiffs must establish that the conspirators agreed to participate in the affairs of an enterprise through a pattern of racketeering activity and that there is sufficient conduct on the part of the participants to show such an agreement. *See United States v. Castro*, 89 F. 3d 1443, 1451 (11th Cir. 1996), *cert. denied*, 519 U.S. 1118 (1997); *see also United States v. Church*, 955 F. 2d 688, 694 (11th Cir. 1992), *cert. denied*, 506 U.S. 881 (1992). Here, there is neither an allegation of any such agreement nor an objective manifestation of such an agreement.

PORTRAIT.1

As the Eleventh Circuit noted in *Carter*, "Plaintiffs alleged no facts to show or to create a reasonable inference that Defendants made an agreement. Plaintiffs' conclusory allegations that Defendants conspired with each other are insufficient to survive a motion to dismiss." *See also Clark v. M.G.A., Inc. et al.*, 2:05-cv-633 (Mar. 17, 2006 N.D. Ala. 2006) (Exhibit E, pp. 6-7) ("The Complaint, however, contains only conclusory allegations of a conspiracy, which is insufficient to the support the conspiracy claim."). No new allegations have been added to this complaint to cure this deficiency. Attorney Newman cannot add new allegations because there has never been an agreement between Movie Gallery and other defendants to participate in an enterprise designed to place Plaintiffs, or any other industry competitor for that matter, at a competitive disadvantage. Plaintiffs' legal conclusion that Defendants in fact conspired remains insufficient. This is yet another fact that is fatal to Plaintiffs' complaint.

Even if the Plaintiffs could establish a violation of §1962, they cannot establish a civil RICO claim because they have not shown, and cannot show, that a violation of §1962 (rather than §§ 1461, 1465 and 1466, as alleged) was the direct and proximate cause of Plaintiffs' injuries. Once again, as the court in *James* stated:

> To satisfy this element, a plaintiff must allege facts which would establish that his injuries were a direct result of the §1962 violation. It is insufficient for a plaintiff to allege that he was injured by the defendant's commission of the predicate act, in this case distributing obscene materials to minors. . . . Plaintiffs were required to plead facts sufficiently demonstrating that their injuries resulted from Defendants' use of an enterprise to conduct a pattern of racketeering.

90 F. Supp. 2d at 817. Similarly here, Plaintiffs cannot establish a civil RICO claim by alleging they were harmed by a violation of the federal obscenity laws.[8] Plaintiffs must allege and establish facts that show they were injured by Movie Gallery's conspiracy to use an enterprise to

---

[8] Plaintiffs' theory makes no sense as it completely ignores the fact that Movie Gallery is not the only entity in the state that rents videos.

14

PORTRAIT.1

conduct a pattern of racketeering. Plaintiffs have not done this and cannot do this. Once again, this fact is fatal to Plaintiffs' complaint. *Clark v. M.G.A., Inc. et al.*, 2:05-cv-633 (Mar. 17, 2006 N.D. Ala. 2006) (Exhibit E, p. 9) ("The Court finds that plaintiff's Complaint does not allege an injury that was proximately and directly caused by the alleged racketeering activity."); *Beck v. Prupis*, 162 F. 3d 1090, 1095-96 (11th Cir. 1998) ("It is inadequate merely to assert that damages were caused by the commission of the underlying felony acts."); *see also Hunt v. American Bank & Trust Co.*, 606 F. Supp. 1348 (N.D. Ala. 1985) ("Plaintiff in the instant action does not allege anything more than injuries caused by the predicate acts. [I]n no way does plaintiff attempt to set out how the alleged injury is a product of *racketeering* distinct from the injury caused by securities fraud or mail fraud."). Plaintiffs must allege and establish facts that show they were directly injured by Movie Gallery and other defendants conspiring to use an enterprise to conduct a pattern of racketeering. Plaintiffs have not done this and cannot do this.

To make matters worse, Plaintiffs allege injury stemming from the violation of an obscenity statute that is outside the purview of the civil RICO statute (18 U.S.C. § 1466). As Judge Blackburn noted in *Clark II*,

> RICO does not include 18 U.S.C. § 1466, "Engaging in the business of selling or transferring obscene matter," within the definition of racketeering activity. Plaintiff alleges that defendant MGA sold obscene material and that the sale of this material caused his injury; however, **selling obscene material is not racketeering activity.**

Exhibit E, p. 10, n. 1. *See also Holland v. M.G.A., Inc. et al.*, 1:05-cv-237 (Nov. 1, 2006 M.D. Ala. 2006) (Exhibit C, p. 3, n. 12) ("Plaintiff failed to plead a sufficiently direct causal connection"). Accordingly, there is no direct injury.

The United States Supreme Court's recent decision in *Anza et al. v. Ideal Steel Supply Corp.*, 547 U.S. _____, 126 S. Ct. 1991 (2006) ("*Anza*"), also emphasizes the importance of

15

PORTRAIT.1

proximate cause to sustain a civil RICO claim. In *Anza*, much like the instant case, Industrial Steel Supply Corporation ("Industrial Steel") alleged Anza, its principal business competitor, had violated RICO through a fraudulent state tax scheme that enabled Anza to unfairly lower its prices, causing Industrial Steel to lose business and market share. The Supreme Court rejected this claim, holding Industrial Steel could not maintain a civil RICO action against Anza because the proximate-cause requirement of RICO had not been satisfied. **"The cause of Ideal's asserted harms, however, is a set of actions (offering lower prices) entirely distinct from the alleged RICO violation (defrauding the State)."** *Id.,* p. 6 (emphasis added). Finding the relationship between Industrial Steel's injuries and the claimed RICO violation too attenuated and remote, the Court remarked that "National, however, could have lowered its prices for any number of reasons unconnected to the asserted pattern of fraud." *Id.,* p. 7. Even taking at face value Plaintiffs' allegation that Movie Gallery is a competitor, Movie Gallery may offer lower prices because of competition, size, direct access to Hollywood studios, store locations and a host of other business factors that drive retail price – reasons entirely unrelated to the purported § 1962 violation. "When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries. In the instant case, the answer is no." *Id.,* p. 9. The answer is "no" here too.

All of these fatal flaws in the pleading demand that the complaint be dismissed.

<u>**Conclusion**</u>

For the seventh time, Attorney Newman has filed a complaint that fails the most basic requirements for pleading a RICO claim. Each recycled complaint is nothing more than someone's unwarranted, vindictive, and conclusory allegations masquerading as a civil RICO claim. Such matters have no place in our federal legal system, and should be dismissed as a matter of law. Plaintiffs' allegations have not, and cannot under the most liberal reading,

PORTRAIT.1

16

establish a civil RICO claim.  For the reasons set forth above, Plaintiffs' complaint should be dismissed as a matter of law.

WHEREFORE, Defendant Movie Gallery respectfully requests that this Court dismiss Plaintiffs' complaint with prejudice for failure to state a claim upon which relief may be granted.

Respectfully submitted by,

/s/ Jeffrey M. Grantham
Jeffrey M. Grantham
Jeffrey A. Lee
John Thomas A. Malatesta, III
Attorneys for Defendant Movie Gallery US, LLC

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, AL 35203-2618
Telephone: (205) 254-1000
Fax: (205) 254-1999
E-mail: jgrantham@maynardcooper.com
E-mail: jlee@maynardcooper.com
E-mail: jmalatesta@maynardcooper.com

PORTRAIT.1

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using

the CM/ECF system which will send notification of such filing to the following:

Malcolm R. Newman
Malcolm R. Newman, PC
P.O. Box 6137
Dothan, AL 36302-6137

Robert K. Spotswood
Michael T. Sansbury
Spotswood LLC
2100 Third Avenue North
Concord Center, 940
Birmingham, AL 35203

A copy of the foregoing has been served upon the following parties who have yet to enter

an appearance by placing a copy of same in the U.S. Mail, first-class postage prepaid, and

properly addressed:

**Digital Sin, Inc.**
21345 Lassen Street
Chatsworth, CA 91311

**Fraserside Holding, LTD**
10947 Pendleton Street
Sun Valley, CA 91352

**LFP, Inc.**
8484 Wilshire Blvd.
Suite 900
Beverly Hills, CA 90211

**Mile High Media, Inc.**
20652 Bahama Street
Chatsworth, CA 91311

**United Parcel Service, Inc. (UPS)**
c/o The Corporation Company, Registered Agent
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

on this the 5th day of April, 2007.

s/ Jeffrey M. Grantham
Of Counsel

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA OF
### SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY R. ODOM, d/b/a | ) |
| K & T Enterprise, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CASE NO. 1:05-cv-59-F |
| | ) |
| MGA, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## O R D E R

Upon consideration of the defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #19) filed on February 25, 2005, it is hereby ORDERED that:

1. The plaintiff file his response which shall include a brief and any evidentiary materials on or before March 16, 2005.

2. The defendants may file a reply brief on or before March 23, 2005.

DONE this 2nd day of March, 2005.


_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE



**FILED**

2005 Mar-15 PM 01:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIAM ERIC CLARK,                    }
                                       }
        Plaintiff,                     }
                                       }
v.                                     }        CIVIL ACTION NO.
                                       }        05-AR-0208-S
MGA, INC., et al.,                     }
                                       }
        Defendants.                    }

### ORDER

The motions to dismiss filed by the various defendants in the above-entitled cause are all GRANTED, and the action is DISMISSED as against all said defendants, but without prejudice to plaintiff's right **within fourteen (14) days** to file an amended complaint, which, *inter alia*, must invoke the jurisdiction of this court pursuant to 28 U.S.C. § 1331, and not pursuant to 18 U.S.C. § 3231, which is a criminal jurisdictional statute. The amended complaint must allege with much more specificity the acts of each defendant that, in concert, constituted a RICO enterprise.

The motions to transfer venue are DENIED, based on the fact that the parallel prior action pending in the Middle District of Alabama has been voluntarily dismissed by plaintiff in that case.

DONE this 15th day of March, 2005.



WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

BARBARA HOLLAND,       )
                         )
    Plaintiff,        )
                         )
    v.                 )    CASE NO. 1:05-cv-237-WKW
                         )        (WO)
MGA, INC., *et al.*,      )
                         )
    Defendants.     )

## MEMORANDUM OPINION AND ORDER

This case is the sixth in the series of civil actions under the Racketeer Influenced and Corrupt

Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968 (2000 Ed. and Supp. III) against MGA, Inc.

("MGA") and others, all of which were filed in 2005 by the same plaintiffs' counsel representing six

distinct plaintiffs. Three cases were filed in the Northern District of Alabama,[1] and this is the second

case in the Middle District of Alabama.[2]  One case was filed in the Middle District of Georgia.[3]

This case is before the court on the motions to dismiss of MGA (Docs. #12 and #62), United Parcel

Service, Inc. ("UPS") (Doc. #49), Select Media Services, LLC ("SMS") (Doc. #55), LFP, Inc.

("LFP") (Doc. #30), Mile High Media ("MHM") (Docs. #19 and #63), Digital Sin, Inc. ("DSI")

---

[1] *See William Eric Clark v. MGA, Inc., et al.*, CV-05-AR-0208-S (N.D. Ala. 2005) (hereinafter "*Clark I*") filed on April 11, 2005. *See also William Eric Clark v. MGA, Inc., et al.*, CV-05-B-0633-S (N.D. Ala. 2005) on appeal U.S.C.A. #06-12857DD (hereinafter "*Clark II*").  On August 4, 2005, the same plaintiff's counsel filed *Angie Carter, et al. v. MGA, Inc., et al.*, CV-05-AR-1662 (M.D. Ala.) (hereinafter "*Carter*").

[2] *See Timothy R. Odom v. MGA, Inc., et al.*, 1:05-CV-00059-MEF-DRB (M.D. Ala. 2005) (hereinafter "*Odom*"), filed on January 24, 2005.

[3] *See Russell Whittaker, et al. vs. MGA, Inc., et al.*, 1:05-CV-99, (M.D. Ga.) on appeal U.S.C.A. #06-15025DD (hereinafter "*Whittaker*").  The *Whittaker* complaint was filed on July 20, 2005.



(Docs. #45 and #61), and Fraserside Holding, LTD ("Fraserside") (Doc. #79).[4] Also pending is a Motion to Strike Response filed by Fraserside (Doc. #86), and Plaintiff's Motion for Leave to Join Additional Defendants (Doc. #87). For the reasons set forth herein, the court finds that all the motions to dismiss are due to be granted, the motion to strike is due to be denied as moot, and plaintiff's motion for leave to join additional defendants is due to be denied.

## PROCEDURAL AND FACTUAL BACKGROUND

The Complaint as amended (Doc. #37) purports to state a cause of action against all defendants for economic injuries to Plaintiff caused by the actions of Defendants under 18 U.S.C. §§ 1462, 1465 and 18 U.S.C. § 1466. Plaintiff avers that these Defendants "conspired to transport obscene materials into Alabama and across the United States and Canada for commercial sale, and operated an enterprise for that purpose in order to make money." (*Id. at ¶ 1*) Plaintiff claims to be a competitor of MGA who "rents and sells videotapes/CDs/DVDs of motion pictures . . ." (*Id.* at ¶ 4), and who suffered damages because she is unable to compete with MGA.[5] This latter circumstance is alleged to be due to MGA's substantially profitable distribution of obscene materials, allowing MGA to distribute non-obscene materials "at a much lower price than plaintiff. . . ." (*Id. at ¶ 8*) Plaintiff seeks $15,000,000 in damages, plus costs and a reasonable attorney's fee.

---

[4] Each defendant in this case has been a defendant in each of the other five cases, except LFP, MHM, DSI and Frasierside were not defendants in *Clark I.*

[5] Plaintiff does not dispute, however, that defendant MGA has never had a store in Samson, Alabama, the location of Plaintiff's business.

## DISCUSSION

The allegations in the amended complaint are for all practical purposes identical to the allegations in the five previous cases cited above. *Odom*[6] and *Clark I*[7] were voluntarily dismissed pursuant to Fed. R. Civ. P. 41(a)(1); *Clark* II was dismissed by order;[8] *Carter* was ordered dismissed,[9] appealed, and affirmed on appeal;[10] and *Whitaker* was dismissed.[11] In *Carter*, the Eleventh Circuit held: (1) "Plaintiffs' statements that the materials are obscene are insufficient to survive a motion to dismiss." *Carter* at 4; (2) "Plaintiffs' conclusory allegations that Defendants conspired with each other are insufficient to survive a motion to dismiss." *Id.*; and (3) "Plaintiffs did not allege facts sufficient to support their claims and thus did not meet the requirements of Rule 8." *Id.* at 5.

Consistent with the Eleventh Circuit's opinion in *Carter*, this court concludes Plaintiff has failed to state any cognizable RICO cause of action.[12] Not only is this outcome consistent with the *Carter* opinion, but it comports with the conclusions of three district courts[13] considering identical

---

[6] Doc #34.

[7] Doc. #30.

[8] Doc. #55.

[9] Docs. #23, #38 and #43.

[10] *Carter, et al. v. MGA, Inc. et al.*, 2006 WL 1933788 (11th Cir. 2006) (unpublished).

[11] Doc. #39.

[12] Not addressed in *Carter* or other MGA related district court opinions is the difficulty in proving the direct causal relation between the RICO violation and the alleged injury as required in RICO cases under *Anza v. Ideal Steel Supply Corp.*, 126 S. Ct. 1991 (2006). Certainly Plaintiff failed to plead a sufficiently direct causal connection.

[13] *Carter, Clarke II and Whittaker.*

claims on Rule 12 motions to dismiss. Though the plaintiffs are not identical, the claims and allegations are identical for all relevant purposes. As the beneficiary of, in essence, six opportunities through counsel to state a valid claim, and having had the opportunity to amend the complaint once, plaintiff will not be allowed to replead or add parties.

## CONCLUSION

For the foregoing reasons, it is ORDERED:

(1)  The Motion to Strike Response (Doc. #86) is DENIED as moot;

(2)  Plaintiff's Motion for Leave to Join Additional Defendants (Doc. #87) is DENIED;

(3)  The motions to dismiss of MGA (Docs. #12 and #62), UPS (Doc. #49), SMS (Doc. #55), LFP (Doc. #30), MHM (Docs. #19 and #63), DSI (Docs. #45 and #61), and Fraserside (Doc. #79) are GRANTED.

(4)  A separate judgment dismissing all claims with prejudice will be entered.

DONE this 1st day of November, 2006.

          /s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE

4

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 30, 2007
THOMAS K. KAHN
CLERK
```

No. 06-16187
Non-Argument Calendar

D. C. Docket No. 05-00237-CV-W-S

BARBARA HOLLAND,
d.b.a. Choice Video,

Plaintiff-Appellant,

versus

MGA, INC., and all Holding Companies and
affiliated Entities d.b.a. Movie Gallery,
UNITED PARCEL SERVICE, INC., (UPS),
SELECT MEDIA SERVICES, LLC,
MILE HIGH MEDIA, INC.,
LFP, INC.,
DIGITAL SIN, INC.,
FRASERSIDE HOLDING, LTD.,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Alabama

(March 30, 2007)



Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

    Barbara Holland ("Holland") appeals the district court's order granting motions to dismiss filed by defendants, MGA, Inc.; United Parcel Service, Inc.; Select Media Services, LLC; LFP, Inc.; Mile High Media, Digital Sin, Inc.; and Fraserside Holding, LTD.  Holland's counsel filed six identical suits, including this one, against the same defendants in district courts in Alabama and Georgia.  We previously affirmed the district court's dismissal in two of the suits: *Carter v. MGA, Inc.*, Nos. 05-15402 & 05-16523 (11th Cir. Jul. 13, 2006) and *Clark v. MGA, Inc.*, No. 06-12857 (11th Cir. Nov. 29, 2006).  A third case is currently pending before us: *Whitaker v. MGA, Inc.*, No. 06-15025 (11th Cir. filed Sep. 13, 2006).  Holland's claims and allegations are identical to those in *Carter*, in which we affirmed the district court's dismissal for failure to state a claim.[1]  Accordingly, we AFFIRM the judgment of the district court for the reasons stated in *Carter*, Nos. 05-15402 & 05-16523 (11th Cir. Jul. 13, 2006).[2]

---

    [1]The argument in Holland's brief in this appeal is *identical* to the arguments in the briefs Holland's counsel submitted on appeal in *Carter*, *Clark*, and *Whitaker*.

    [2]We also grant appellees' motions for damages and costs filed pursuant to Fed. R. App. P. 38 and remand this case to the district court to determine the fees and costs to be awarded.

FILED

2006 Mar-17  PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM ERIC CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CV 05-B-0633-S |
| | ) |
| MGA, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This case is presently before the court on Motions to Dismiss, filed by defendants MGA, (doc. 8); UPS, (doc. 9); Select Media Services, L.L.C., (doc. 22); Mile High Media, (doc. 36); LFP, Inc., (doc. 11); and Fraserside Holding, Ltd., (doc. 32).  Plaintiff has sued defendants alleging defendants violated the Racketeer Influenced and Corrupt Organization Act ["RICO"]. For the reasons set forth below, the court finds defendants MGA, UPS, Select Media Services, and Mile High Media, are  due to be dismissed as the claims against these defendants are barred by res judicata based on the dismissal with prejudice of plaintiff's claims in *Clark v. MGA*, CV 05-AR-0208-S [hereinafter *Clark I*]. The court finds Fraserside is due to be dismissed for lack of personal jurisdiction, and defendants LFP and Fraserside are due to be dismissed because plaintiff's Complaint fails to state a claim against these defendants upon which relief can may be granted.



## I. RES JUDICATA

Defendants MGA, UPS, Select Media Services, and Mile High Media contend that plaintiff's claims against them are due to be dismissed as such claims are precluded by the prior order of this court in *Clark I*. In response, plaintiff states that he "does not challenge that res judicata would bar this present action." (Doc. 23.) In light of plaintiff's concession, all his claims against defendants MGA, UPS, Select Media Services and Mile High Media are due to be dismissed with prejudice.

## B. PERSONAL JURISDICTION

On a Motion to Dismiss for lack of personal jurisdiction, "[w]hen the district court does not conduct a discretionary evidentiary hearing . . . , the plaintiff must establish a prima facie case of personal jurisdiction over the nonresident defendant." *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990)(citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988); *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988)). "A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for directed verdict," and "[t]he district court must accept the facts alleged in the complaint as true, to the extent that they are uncontroverted by the defendant's affidavits." *Id.* (citing *Morris*, 843 F.2d at 492 (citing *Delong Equip. Co.*, 840 F.2d at 845)) (internal quotations omitted).

Defendant Fraserside contends that this court lacks personal jurisdiction over it. Fraserside has presented evidence that it is a foreign corporation with its principal place of

2

business in Europe. (Doc. 32, Ex. 1.) Moreover, it has presented evidence that it does not

ship any goods to Alabama, as its distribution in the United States is handled by contractor.

(*Id.*) Plaintiff did not present any argument or evidence to the contrary. (*See* doc. 43.)

Therefore, defendant Fraserside Holding's Motion to Dismiss for lack of personal

jurisdiction is due to be granted.

## III. <u>FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>

The Eleventh Circuit Court of Appeals has stated that a Motion to Dismiss "is viewed

with disfavor and rarely granted." *Brooks v. Blue Cross and Blue Shield*, 116 F.3d 1364,

1369 (11th Cir. 1997)(citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969);

*International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471

(5th Cir. 1968)). When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the

court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*,

980 F.2d 1418, 1419 (11th Cir. 1993)(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73

(1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986)); *see also Jackson v.*

*Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994). The court will dismiss a claim only

when it is clear that no relief could be granted under any set of facts consistent with the

allegations in the Complaint. *Hishon*, 467 U.S. at 73; *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957). "A complaint may not be dismissed because the plaintiff's claims do not support the

legal theory he relies upon since the court must determine if the allegations provide for relief

on *any* possible theory." *Brooks*, 116 F.3d at 1369 (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967))(emphasis in original).

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). "[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)), *cited in McClendon v. May*, 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999).

Defendant Fraserside and LFP contend that plaintiff's Complaint is due to be dismissed for failure to state a claim. The heart of plaintiff's claim is his allegation that defendants participated in an enterprise that existed to deal in obscenity in violation of RICO. With regard to defendants Fraserside and LFP, plaintiff's Complaint alleges:

> 1. Fraserside and LFP "conspired [with the other named defendants] to transport obscene material into Alabama and across the United States and Canada for commerical sale and operated an enterprise for that purpose in order to make money." (Doc. 1 ¶ 1.)

> 2. Fraserside and LFP are "producers of pornography." (*Id.* ¶ 3.)

> 3. Fraserside and LFP and the other named defendants --

> since at least 1999 conspired to and in fact did import for sale and distribution tens of thousands, or more, of obscene and pornographic

4

videotapes and DVDs and magazines into Alabama and all across the U.S. and Canada.

Defendant MGA Executives . . . were Co-Conspirators with each other and the other defendants in this racketeering activity as defined in 18 U.S.C. 1961(1) (dealing in obscene matter). (*Id.* ¶ 7.)

4.    Fraserside and LFP "produced many of the obscene videotapes/DVDs purchased by . . . Defendant [MGA] for sale or rental. They placed their goods with Defendant UPS for shipment via interstate commerce for delivery to Defendant MGA . . . . (*Id.* ¶ 11.)

5.    Fraserside and LFP "did knowingly combine and confederate together with each other and others on thousands of dates before the filing of this Complaint, to disseminate and distribute hard-core, obscene videotapes/DVDs and magazines through interstate commerce throughout the United States . . . to profit and obtain benefits therefrom, and in violation of 18 U.S.C. Section [1962] (c)-(d) . . . ." (*Id.* ¶ 12.)

6.    "All Defendants conspired to violate 18 U.S.C. 1962(c) which is prohibited under 18 U.S.C. 1962(d) by Defendant MGA selling and/or renting the obscenity it ordered from . . . LFP . . . and Fraserside . . . . (*Id.* ¶ 13.)

In his Complaint, plaintiff identifies two subsections of 18 U.S.C. § 1962 he contends

defendants violated – § 1962(c) and (d). (*Id.* ¶ 13.)

In order to state a claim under § 1962(c), plaintiff must allege that defendants

Fraserside and LFP "participate[d] in the operation or management of the enterprise itself

That is, [Fraserside and LFP] must have some part in directing the affairs of the enterprise."

*Williams v. Mohawk Industries,* 411 F.3d 1252, 1258 (11th Cir. 2005)(quoting *Reves v. Ernst*

*& Young,* 507 U.S. 170, 179, 185 (1993))(internal quotations and citations omitted).

Assuming that the defendants had a loose association for the purpose of distributing

obscenity, nothing in the Complaint even hints that Fraserside and LFP exercised any

direction over any part of the enterprise. Indeed, plaintiff's Complaint alleges that MGA and

UPS – not Fraserside and LFP – operated the enterprise. (Doc. 1 ¶ 13.)

Therefore, the court finds that plaintiff's Complaint fails to state a cause of action

against defendants Fraserside and LFP for a violation of 18 U.S.C. § 1962(c).

Plaintiff also alleges that Fraserside and LFP conspired to violate 18 U.S.C. § 1962(c),

which is a violation of 18 U.S.C. § 1962(d). The Eleventh Circuit has held:

> Section 1962(d) makes it unlawful to conspire to violate any of the substantive
> provisions of RICO, including § 1962(c). A plaintiff can establish a RICO
> conspiracy claim in one of two ways: (1) by showing that the defendant
> agreed to the overall objective of the conspiracy; or (2) by showing that the
> defendant agreed to commit two predicate acts. *United States v. Church*, 955
> F.2d 688, 694 (11th Cir.)(internal quotations and citations omitted), *cert.*
> *denied*, 506 U.S. 881 (1992); *United States v. Kopituk*, 690 F.2d 1289, 1323
> (11th Cir. 1982)(noting that it is sufficient that defendant knows of the
> "essential nature of the plan")(citations omitted), *cert. denied*, 461 U.S.
> 928(1983).

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 950 (11th Cir.

1997). The complaint must allege facts sufficient to allow an inference that defendants

"agreed to the overall objective of the conspiracy" or that they "agreed to commit two

predicate acts." *Id.* (citing *O'Malley v. O'Neill*, 887 F.2d 1557, 1559 (11th Cir. 1989)).

To establish a conspiracy claim against LFP and Fraserside, plaintiff must allege

sufficient facts to allow an inference that LFP and Fraserside agreed to distribute obscene

material or that they agreed to transport obscene material on two occasions. The Complaint,

however, contains only conclusory allegations of a conspiracy, which is insufficient to

support the conspiracy claim. *Hansel v. All Gone Towing Co.*, 132 Fed. Appx. 308, 310 (11th Cir. 2005)(citing *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984)).

Also, plaintiff's Complaint contains no specific allegations to support his assertion that LFP or Fraserside transported "obscene" videotapes or DVDs that were sold or rented by MGA, or that they agreed to participate with the other defendants in a conspiracy to distribute obscene material. Specifically, the court notes:

> Section 1961 requires that a RICO plaintiff establish that a defendant could be convicted for violating any of its predicate statutes. Therefore, in order to survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts.

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 948-49 (11th Cir. 1997)(citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 486-88 (1985); *Central Distributors of Beer, Inc. v. Conn*, 5 F.3d 181, 183-84 (6th Cir. 1993), *cert. denied*, 512 U.S. 1207 (1994); 18 U.S.C. § 1961).

Plaintiff does not identify even one videotape or DVD transported by LFP or Fraserside to MGA in violation of federal anti-obscenity law. Indeed, whether a particular videotape or DVD was obscene, so that it violated 18 U.S.C. § 1461-65, requires a factual determination based upon, among other considerations, the standards of the relevant community. Plaintiff has not alleged with any particularity that videotapes or DVDs produced by these defendants were actually obscene under federal law. *Ashcroft v. American Civil Liberties Union*, 542 U.S. 656, 678 (2004) ("Material is legally obscene if (a) the average person, applying contemporary community standards would find that the work, taken

7

as a whole, appeals to the prurient interest; (b) the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) the work, taken as a whole, lacks serious literary, artistic, political, or scientific value." (quoting *Miller v. California*, 413 U.S. 15, 24 (1973)))(internal quotations omitted).

Moreover, plaintiff has submitted invoices from LFP and defendant Mile High Media, which specifically state that the videotapes and DVDs produced by these defendants are not to resold where such sale would be illegal. (Doc. 24, Ex. E (Mile High's invoice states, "NOT TO BE RESOLD WHERE PROHIBITED BY LAW. This order contains X-Rated Adult Material that your buyer has declared legal in the jurisdiction where they will be sold"); *id.*, Ex. F (LFP's invoice states, "The purchaser agrees that, as an essential part of this purchase agreement, they are familiar with the laws and community standards of their customer base and represent and agree that they will not ship any of the products purchased from LFP Video, Inc. into any community in violation of such laws and/or standards.").) Such evidence rebuts any inference that Mile High or LFP agreed to transport or participate in the distribution of obscene material.

Therefore, plaintiff's claims based on § 1962(d) are due to be dismissed for failure to state a claim.

Even if the court were to find that the Complaint stated a RICO claim against defendants LFP and Fraserside, plaintiff's Complaint would still be due to be dismissed because it fails to allege an actionable RICO injury. The Eleventh Circuit has held:

8

     In order for a pattern of racketeering activity to be a cognizable cause of civil RICO injury to a private plaintiff, one or more of the predicate acts must not only be the "but for" cause of the injury, but the proximate cause as well. [*Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268 (1992); *Beck v. Prupis*, 162 F.3d 1090, 1095-96 (11th Cir. 1998)]. A wrongful act is "a proximate cause if it is a substantial factor in the sequence of responsible causation." *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1399 (11th Cir. 1994)(internal quotation omitted). Plaintiffs must show a "direct relation between the injury asserted and the injurious conduct alleged." *Holmes*, 503 U.S. at 268.

*Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1307-08 (11th Cir. 2003). A "plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business . . . by the conduct constituting the violation." *Williams v. Mohawk Industries*, 411 F.3d 1252, 1263 (11th Cir. 2005)(quoting *Sedima S.P.R.L. V. Imrex Co.*, 473 U.S. 479, 496-97 (1985)).

Plaintiff's Complaint alleges that he operated a "comparatively small" business selling videotapes and DVDs. (Doc. 1 ¶ 4.) He contends that he "found it increasingly difficult to compete with the *more established video merchants as they could charge less for the same product*," (*id.* ¶ 5 [emphasis added]), and that he closed his business because "he could not make a profit," (*id.* ¶ 6.) He also contends that defendant MGA "was able to offer its non-obscene material at a much lower price than Plaintiff could since [MGA] made substantial profit on the sale of its pornography inventory . . . ." (*Id.* ¶ 8.)

The court finds that plaintiff's Complaint does not allege a injury that was proximately and directly caused by the alleged racketeering activity. As the Complaint states, plaintiff's difficulty in maintaining a competitive business was affected by "more established video

merchants" and their ability to under price him, not MGA's alleged dealings in obscene material. Even assuming that MGA was able to underprice plaintiff based on the profit gained from the *sale* of allegedly obscene videotapes, DVDS, and movies, such activity is not racketeering activity.[1] Plaintiff's alleged injury is too remote from the transporting of obscene material, which is racketeering activity, to support a RICO claim.

The court finds that plaintiff has not alleged an injury for which he is entitled to relief. Therefore, plaintiff's Complaint is due to be dismissed against LFP and Fraserside for failure to state a claim for which relief can be granted.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that plaintiff's claims against defendants MGA, UPS, Select Media Services, L.L.C., Mile High Media, LFP, Inc., and Fraserside Holding, Ltd., are due to be dismissed.[2] An Order granting defendants' Motions

---

[1] The RICO statute defines "racketeering activity" as including violations of "sections 1461-1465," *see* 18 U.S.C. § 1961; these statutes deal with mailing, importing, transporting, and broadcasting obscene material, *see* 18 U.S.C. §§ 1461-1465. RICO does not include 18 U.S.C. § 1466, "Engaging in the business of selling or transferring obscene matter," within the definition of racketeering activity. Plaintiff alleges that defendant MGA sold obscene material and that the sale of this material caused his injury; however, selling obscene material is not racketeering activity.

[2] The court notes that plaintiff, who is represented by counsel, has not asked for permission to amend his Complaint. "A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).

10

to Dismiss, (docs. 8, 9, 11, 22, 32, 36), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 16th day of March, 2006.

SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

11

FILED
2007 Jan-05  AM 10:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# United States Court of Appeals
### For the Eleventh Circuit

06 DEC 29  PM 2: 28

U.S. DISTRICT COURT
N.D. OF ALABAMA    No. 06-12857

District Court Docket No.
05-00633-CV-2-SLB

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Nov 29, 2006

THOMAS K. KAHN
CLERK

WILLIAM ERIC CLARK,

    Plaintiff-Appellant,

versus

MGA, INC.,
and all Holding Companies and affiliated entities,
d.b.a. Movie Gallery,
UNITED PARCEL SERVICE, INC.,
SELECT MEDIA SERVICES, LLC,
MILE HIGH MEDIA, INC.,
LFP, INC.,
DIGITAL SIN, INC.,
FRASERSIDE HOLDING, LTD,

    Defendants-Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _William P. Miller_
Deputy Clerk
Atlanta, Georgia

--------------------------------------------------
Appeal from the United States District Court
for the Northern District of Alabama
--------------------------------------------------

## JUDGMENT

    It is hereby ordered, adjudged, and decreed that the attached opinion included herein by
reference, is entered as the judgment of this Court.

        Entered:    November 29, 2006
    For the Court:    Thomas K. Kahn, Clerk
        By:    Gilman, Nancy



ISSUED AS MANDATE
DEC 2 8 2006
U.S. COURT OF APPEALS
ATLANTA, GA.



EXHIBIT

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————

No. 06-12857
Non-Argument Calendar

———————

| FILED |
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| NOV 29, 2006 |
| THOMAS K. KAHN |
| CLERK |

D. C. Docket No. 05-00633-CV-2-SLB

WILLIAM ERIC CLARK,

Plaintiff-Appellant,

versus

MGA, INC.,
and all Holding Companies and affiliated entities,
d.b.a. Movie Gallery,
UNITED PARCEL SERVICE, INC., et al.,

Defendants-Appellees.

———————

Appeal from the United States District Court
for the Northern District of Alabama

———————

(November 29, 2006)

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

This is an appeal by appellant William Eric Clark ("Clark") from a judgment of dismissal entered by the district court in favor of the defendants.

This court reviews *de novo* the dismissal of a complaint for failure to state a claim upon which relief may be granted. *Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). This court also reviews *de novo* the decision of a district court to bar a claim on the basis of res judicata. *Israel Disc. Bank Ltd. v. Entin*, 951 F.2d 311, 314 (11th Cir. 1992).

After reviewing the record and reading the parties' briefs, we conclude, as did the district court, that the instant complaint was due to be dismissed on grounds of res judicata. In comparing the dispositive order in the present case entered by Judge Blackburn with an earlier dispositive order entered by Judge Acker, we conclude that the instant case undeniably involves the identical parties, identical subject matter, and identical facts as in the first *Clark* case. The district court's dismissal with prejudice of the first *Clark* case asserting the very same civil RICO claim presented here barred Clark from refiling an identical claim before the district court. Accordingly, we affirm the district court's judgment of dismissal.[1]

**AFFIRMED.**

---

[1]We also grant appellees' motions for damages and costs filed pursuant to Rule 38 of the Fed. R. App. P. and remand this case to the district court to determine the amount of fees and costs to be awarded.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

RUSSELL WHITAKER, ET. AL.,          :

     Plaintiff,          :

vs.          :          1:05-CV-99 (WLS)

MGA, INC., ET. AL.,          :

     Defendants.          :

### ORDER

Presently pending before the Court are Defendants' various motions to dismiss the complaint. (Tabs 35, 23, 17, 11, 7, 8). While each Defendant makes argument for dismissal on slightly different grounds unique to the individual Defendant, all Defendants agree that Plaintiffs' complaint fails to state a claim under the federal RICO statute and that the complaint fails to comply with the local rule governing RICO complaints. L.R. 33.3, USDC M.D.

Defendants point out that six (6) virtually identical law suits have been filed in the Northern District and Middle District of Alabama. Most or all of those complaints have been voluntarily dismissed or dismissed with prejudice for failure to state a RICO claim for which relief can be granted. Besides the fact that Plaintiffs' attorney has yet to be admitted to practice in this Court, Plaintiff failed to timely respond to any of the Defendants' motions to dismiss. (Tabs 7, 8, 11, 17, 23, 35). Plaintiffs did eventually file an untimely response to all of the motions. (Tab 37). That response consisted of a one paragraph statement stating the complaint was sufficient and nothing further. Plaintiffs' untimely response did not address any of the grounds raised by any of the Defendants, including Plaintiffs' failure to comply with the local rule requiring the filing of RICO interrogatories. L.R. 33.3, USDC M.D. Plaintiffs' total disregard of the local and federal rules and the failure to even address the

1

obvious deficiencies of the complaint require this Court to dismiss the complaint against all

Defendants. Accordingly, Defendants' motions to dismiss (Tab 7, 8, 11, 17, 23, 35) are

**GRANTED** and the above-styled action is **DISMISSED.**

　　**SO ORDERED**, this ___30th___ day of December, 2005.

　　　　　　　　　　　　　　　　　___/s/W. Louis Sands___
　　　　　　　　　　　　　　　　　**W. LOUIS SANDS, CHIEF JUDGE**
　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**

2

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 06-15025
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00099-CV-WLS-1

RUSSELL WHITAKER,
C. R. GREGORY,
f.d.b.a. Tiffany's Movie's,
ROBERT KNIGHTON,
f.d.b.a. C.J.'s Video Plus,

Plaintiffs-Appellants,

versus

MGA, INC.,
UNITED PARCEL SERVICE, INC., (UPS), et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Georgia

(March 15, 2007)

Before ANDERSON, BARKETT, and COX, Circuit Judges.

PER CURIAM:



Plaintiffs Russell Whitaker, C. R. Gregory, and Robert Knighton appeal the district court's dismissal of their civil RICO claim against Defendants MGA, Inc., United Parcel Service, Select Media Services, LLC, Mile High Media, Inc., LFP, Inc., Digital Sin, Inc., and Fraserside Holdings, Ltd.  We find no reversible error in the dismissal and therefore affirm.

Plaintiffs' complaint does not allege facts to support the conclusory allegations that Defendants combined and conspired to manufacture, transport, and distribute obscene materials.  Thus, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) was proper.

**AFFIRMED.**

**FILED**

2005 Sep-19  PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANGIE CARTER, d/b/a FAIRVIEW )
VIDEO, et al.,                )
                              )
        Plaintiffs,           )        CIVIL ACTION NO.
                              )        05-AR-1662-S
v.                            )
                              )
MGA, INC., d/b/a MOVIE        )
GALLERY, et al.,              )
                              )
        Defendants.           )

<u>**MEMORANDUM OPINION**</u>

The complaint in the above-entitled action is identical, or

virtually identical, to the complaint in *William Eric Clark v. MGA,*

*et al.*, CV-05-AR-208-S, an action which this court finally

dismissed on May 18, 2005, after earlier dismissals as to some of

the defendants. The motions to dismiss filed in the above-entitled

cause by defendants, MGA, Inc., United Parcel Service, Inc.,

Digital Sin, Inc. and LFP, Inc., contain the same arguments with

which this court has previously agreed. Those arguments are again

well taken, and the motions accompanying them are due to be

granted. They will be granted by separate order.

DONE this 19th day of September, 2005.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE



Case 1:07-cv-00228-MEF-CSC    Document 43-2    Filed 11/27/2007    Page 80 of 103

Case 1:07-cv-00228-MEF-CSC    Document 13-11    Filed 04/05/2007    Page 1 of 5
Case 2:05-cv-01662-WMA    Document 64    Filed 11/08/2006    Page 2 of 6

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

Nos. 05-15402 & 05-16523

D. C. Docket No. 05-01662-CV-AR-S

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 13, 2006
THOMAS K. KAHN
CLERK

ANGIE CARTER,
d.b.a. Fairview Video,
MARY HALL, et al.,

      versus

                                         Plaintiffs-Appellants,

MGA, INC., and all Holding
Companies and Affiliated Entities
d.b.a. Movie Gallery,
UNITED PARCEL SERVICE, INC. (UPS),
SELECT MEDIA SERVICES, LLC, et al.,

                                      Defendants-Appellees.

Appeals from the United States District Court
for the Northern District of Alabama

(July 13, 2006)

Before EDMONDSON, Chief Judge, and DUBINA and HULL, Circuit Judges.



PER CURIAM:

Plaintiffs Angie Carter, Mary Hall, Maurice King, and William Harris

appeal the district court's dismissal under Rule 12(b)(6) of their civil RICO claim.

No reversible error has been shown; we affirm.

We review de novo the district court's grant of the motion to dismiss under

12(b)(6), accepting the factual allegations in the complaint as true and construing

them in the light most favorable to Plaintiffs. Hill v. White, 321 F.3d 1334, 1335

(11th Cir. 2003).

Plaintiffs are the owners of video rental stores in Alabama. Plaintiffs sell

and rent only nonpornographic materials. Defendant Movie Gallery, successor in

interest to M.G.A., Inc., sells and rents pornographic and nonpornographic

materials. Defendants Mile High Media, Inc., LFP, Inc., Digital Sin, Inc., and

Fraserside Holding produce pornographic movies. Defendant UPS transported in

interstate commerce pornographic materials from these companies to Movie

Gallery. Defendant Select Media sold pornographic magazines to Movie Gallery.

Plaintiffs allege that Defendants violated 18 U.S.C. 1962(c)-(d)[1] by

conspiring to distribute and by actually distributing obscenity and by using the

---

[1]Plaintiffs did not actually state that Defendants violated section 1962(c) in the complaint, but instead that Defendants violated 1462(c). As the text of that paragraph seemed to indicate section 1962(c) was intended, we will address that claim.

2

Case 1:07-cv-00228-MEF-CSC    Document 43-2    Filed 11/27/2007    Page 82 of 103

Case 1:07-cv-00228-MEF-CSC    Document 13-11    Filed 04/05/2007    Page 3 of 5
Case 2:05-cv-01662-WMA    Document 64    Filed 11/08/2006    Page 4 of 6

proceeds of that distribution to allow Movie Gallery to sell and to rent nonpornographic materials at a price less than Plaintiffs were able to sell and rent nonpornographic materials.

To state a claim for violation of section 1962(c), Plaintiffs must allege facts showing "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Jones v. Childers, 18 F.3d 899, 910 (11th Cir. 1994) (quoting Sedima S.P.R.L. v. Imrex Co., 105 S.Ct. 3275, 3285 (1985). A pattern of racketeering activity is defined as two predicate acts committed within a ten-year period. Green Leaf Nursery v. E.I. DuPont De Nemours Co., 341 F.3d 1292, 1306 (11th Cir. 2003). Plaintiffs alleged that Defendants violated two federal obscenity statutes, 18 U.S.C. §§ 1462 and 1465, on 27 September 2004 and 22 October 2004. Both violation of the statutes are identified as predicate acts in 18 U.S.C. 1961.[2]

Plaintiffs must allege facts sufficient to show a violation of these obscenity statutes to survive a motion to dismiss. See Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 949 (11th Cir. 1997) ("In order to survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts.").

---

[2]Plaintiffs also alleged that Defendants violated 18 U.S.C. § 1466, but this statute is not listed in 18 U.S.C. § 1961 as a possible predicate act.

3

Plaintiffs, however, did not allege facts that would show -- or create a reasonable inference -- that the pertinent materials were obscene. The only facts Plaintiffs state about the pertinent materials are their titles. These titles create a reasonable inference that at least some of the materials were pornographic but are insufficient to create a reasonable inference that the materials were obscene. Plaintiffs' statements that the materials are obscene are insufficient to survive a motion to dismiss. See Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."). Therefore, the district court properly dismissed the section 1962(c) claim.

Section 1962(d) makes it illegal to conspire to violate a substantive RICO provision. To state a claim under this section, Plaintiffs must allege facts to support an agreement to violate a substantive provision of the RICO statute. Jackson v. Bell South Telecomm., 372 F.3d 1250 (11th Cir. 2004). But Plaintiffs alleged no facts to show or to create a reasonable inference that Defendants made an agreement. Plaintiffs' conclusory allegations that Defendants conspired with each other are insufficient to survive a motion to dismiss. Therefore, the section 1962(d) claims were properly dismissed.

Plaintiffs argue that they were held to a higher standard of pleading than that required by Federal Rule of Civil Procedure 8. But the district court never said it applied a higher standard to RICO pleadings, and Defendants never argued that a higher standard should be used. As discussed above, Plaintiffs did not allege facts sufficient to support their claims and thus did not meet the requirements of Rule 8.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____

Deputy Clerk
Atlanta, Georgia

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL   WILLIAMS   AND   MARCO   )
WILLIAMS, d/b/a FIRST CHOICE VIDEO,   )
                                      )
     Plaintiffs,                      )
                                      )
vs.                                   )     **Civil Action No.: 1:07-CV-228-MEF**
                                      )
MGA, Inc., and all Holding Companies and   )
Affiliated Entities, d/b/a MOVIE GALLERY,   )
UNITED PARCEL SERVICE, INC. (UPS),   )
SELECT MEDIA SERVICES LLC, MILE   )
HIGH MEDIA, INC., LFP, INC., DIGITAL   )
SIN, INC., AND FRASERSIDE HOLDING   )
LTD,                                  )
                                      )
     Defendants.                      )
                                      )

## MOTION FOR SANCTIONS

    COMES NOW Defendant Movie Gallery US, LLC, successor to M.G.A., Inc., ("Movie

Gallery") and respectfully moves this Court pursuant to Federal Rule of Civil Procedure 11 to

impose sanctions against Plaintiffs' attorney Malcolm R. Newman ("Attorney Newman") for the

continued prosecution of a legal claim the United States District Court for the Middle District of

Alabama and other courts has repeatedly found deficient in fact and law.[1]  In support of its

motion, Defendant Movie Gallery states the following:

---

[1] Pursuant to Fed. R. Civ. P. 11(c), this motion was first served on Attorney Newman on April 5, 2007 – more than 21 days before the filing of this motion.  A letter dated April 5, 2007 to Attorney Newman enclosing the motion is attached as Exhibit A, and a copy of the green return of service card is attached hereto as Exhibit B.

01470961.1

### Introduction

This lawsuit represents the **seventh** facially deficient complaint, without a good faith basis in law or fact, Attorney Newman has filed against Movie Gallery and other defendants.[2] Movie Gallery has incurred tens of thousands of dollars in needless defense costs over the past two years as a result of these frivolous and baseless lawsuits filed on behalf of local video store operators in Alabama, Georgia, Texas and, most recently, Mississippi.

These lawsuits are nothing more than unwarranted and vindictive claims that serve to abuse the judicial process and harass Movie Gallery. The United States District Court for the Northern District of Alabama found that a similar lawsuit filed by Attorney Newman constituted vexatious litigation under 28 U.S.C. § 1927. The United States Court of Appeals for the Eleventh Circuit has found three appeals from District Court dismissals of complaints virtually identical to the one before this Court frivolous. Nevertheless, Attorney Newman continues to advance the exact same claim (on behalf of different clients) the federal judiciary has shown time and again has no possible chance of success.

Attorney Newman should not be able to recycle the very same deficient pleading free of consequences. Movie Gallery and other defendants continue to incur significant attorneys' fees to defend lawsuits Attorney Newman knows are frivolous. A member of this bar engaging in such bad faith litigation should be held accountable under Fed. R. Civ. P. 11. Accordingly, this motion requests sanctions sufficient to deter Attorney Newman from adding yet another complaint to his laundry list of frivolous, vexatious litigation, and finally bring to a close the needless time and costs expended by Movie Gallery to defend these lawsuits.

---

[2] An eighth lawsuit, *Karriem v. M.G.A., Inc. et al.*, 3:05-CV-2079-P (N.D. Tex. 2005), setting forth the exact same averments was filed by Ray Jackson of Dallas, Texas. It is not known whether or not this case was referred by Attorney Newman, but the complaints are virtually identical.

2

### Related Cases

On six other occasions, Attorney Newman has filed complaints practically identical to the one filed in this action -- accusing Movie Gallery of distributing and selling purportedly obscene material in concert with the co-defendants in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").

Plaintiffs claim that, because Movie Gallery offers for sale and rent alleged obscene materials in its video retail stores, they are unable to compete with Movie Gallery and thus, Movie Gallery is somehow liable to them under RICO. Movie Gallery has moved to dismiss each case. **All six times, the District Court presented with the complaint has dismissed the lawsuit. Whenever Attorney Newman has appealed a decision to the Eleventh Circuit, it has been affirmed.** For the convenience of the court, a summary of the procedural posture of these related cases initially set forth in Movie Gallery's motion to dismiss is provided below.

1.    The First RICO Case: *Odom v. MGA, Inc. et al.*, 1:05-CV-59-F (M.D. Ala. 2005) (filed Jan. 24, 2005 -- dismissed Mar. 11, 2005)

Attorney Newman filed the first of these lawsuits on behalf of a plaintiff named Timothy R. Odom in the United States District Court for the Middle District of Alabama (the *Odom* Complaint). The Honorable Chief Judge Mark E. Fuller was assigned to this case. Movie Gallery and other defendants filed motions to dismiss for failure to state a claim upon which relief can be granted. Judge Fuller entered an order in the *Odom* case requiring Attorney Newman to file a response and any "evidentiary materials" supporting his opposition to the motions to dismiss. Rather than comply with Judge Fuller's Order, Attorney Newman voluntarily dismissed the *Odom* case and attempted to shop this claim elsewhere.

2.    **The Second RICO Case:** *Clark v. MGA, Inc. et al.,* **2:05-CV-208 (N.D. Ala. 2005) (filed Jan. 31, 2005 -- dismissed Mar. 30, 2005)**

Seven days after filing the first RICO case, Attorney Newman filed a second RICO lawsuit against Movie Gallery and other defendants in the United States District Court for the Northern District of Alabama on behalf of another plaintiff, William Eric Clark (the *Clark* Complaint). Judge William B. Acker, Jr. presided over the *Clark* action, marking the first time Judge Acker would be confronted with this RICO claim against Movie Gallery and the other six named co-defendants. Faced with essentially the same Complaint as in *Odom*, Movie Gallery and other defendants similarly filed motions to dismiss for failure to state a claim upon which relief can be granted.

Judge Acker entered an order in the *Clark* case granting the defendants' motions to dismiss without prejudice, but ordering the plaintiff to file an amended Complaint within fourteen (14) days to "allege with much more specificity the acts of each defendant that, in concert, constitute a RICO enterprise." Instead of complying with Judge Acker's Order, Attorney Newman filed another totally separate lawsuit on behalf of William Eric Clark in the United States District Court for the Northern District of Alabama. Yet again, Attorney Newman sought to shop this lawsuit before other federal judges in the state of Alabama rather than comply with the presiding court's order. Because Attorney Newman failed to comply with Judge Acker's Order, Judge Acker dismissed the original *Clark* case with prejudice. *Clark v. M.G.A., Inc. et al.,* 2:05-CV-208 (N.D. Ala. Mar. 30, 2005)

3.    **The Third RICO Case:** *Holland v. MGA, Inc. et al.,* **1:05-CV-237-M (M.D. Ala. 2005) (filed Mar. 14, 2005 – dismissed November 1, 2006) (Affirmed Mar. 30, 2007)**

Three days after voluntarily dismissing the *Odom* case, Attorney Newman filed a second lawsuit in the United States District Court for the Middle District of Alabama, this time on behalf

4

of Plaintiff Barbara Holland. Movie Gallery and other defendants again moved to dismiss for failure to state a claim. On November 1, 2006, Judge Watkins issued the sixth district court decision dismissing Attorney Newman's RICO complaint. "Consistent with the Eleventh Circuit's opinion in *Carter*, this court concludes Plaintiff has failed to state any cognizable RICO cause of action. Not only is this outcome consistent with the *Carter* opinion, but it comports with the conclusions of three district courts considering identical claims on Rule 12 motions to dismiss." *Holland v. MGA, Inc. et al.*, 1:05-CV-237-M (M.D. Ala. Nov. 1, 2006). Attorney Newman elected to appeal this decision, making it the fourth time Attorney Newman has extended his frivolous conduct to the appellate level. And for the fourth time, the Eleventh Circuit affirmed the District Court's dismissal. *Holland v. MGA, Inc. et al.*, 2007 U.S. App. LEXIS 7433 (Mar. 30, 2007) (unpublished). Much like the complaints themselves, Attorney Newman simply proffered the very same argument the Eleventh Circuit had previously considered and rejected. "The argument in Holland's brief in this appeal is *identical* to the arguments in the briefs Holland's counsel submitted on appeal in *Carter*, *Clark*, and *Whitaker*." For this reason, the court granted Movie Gallery's motion for damages and costs for the **third** time.

4.       **The Fourth RICO Case:** *Clark v. MGA, Inc., et al.*, **2:05-CV-633, (N.D. Ala. 2005) ("*Clark II*") (filed Mar. 29, 2005 -- dismissed Mar. 17, 2006) (Affirmed, Nov. 29, 2006)**

On March 29, 2005, instead of complying with Judge Acker's Order in the original *Clark* case to replead the RICO claim "with much more specificity," Attorney Newman elected to file a totally separate lawsuit on behalf of William Eric Clark in the very same district court (the *Clark II* case). Judge Sharon Blackburn drew the *Clark II* case. Movie Gallery, UPS, Select Media and Mile High Media filed motions to dismiss the *Clark II* case on the grounds of *res judicata*.

5

On March 17, 2006, Judge Blackburn granted Movie Gallery's and other defendants' motions to dismiss, holding that this Complaint was clearly barred against them by the doctrine of *res judicata*. Judge Blackburn also ruled that this lawsuit constituted a vexatious, frivolous action against Movie Gallery that warranted the award of attorney fees and costs pursuant to 28 U.S.C. § 1927. Judge Blackburn also granted co-defendants LFP's and Fraserside's motions to dismiss for failure to state a claim upon which relief can be granted, finding that the Plaintiff's Complaint failed to state the necessary elements of a civil RICO claim. *Clark v. MGA, Inc., et al.*, 2:05-CV-633 (N.D. Ala. Mar. 17, 2006). Attorney Newman filed a notice of appeal on April 14, 2006. *Clark v. MGA, Inc., et al.*, 2:05-CV-633 (N.D. Ala. Apr. 14, 2006). The Eleventh Circuit Court of Appeals affirmed the dismissal, and awarded Movie Gallery damages and costs pursuant to Fed. R. App. P. 38. *Clark v. MGA, Inc., et al.*, 2006 WL 3422345 (11th Cir. 2006) (unpublished).

5. **The Fifth RICO Case:** *Whitaker v. MGA, Inc., et al.*, **1:05-CV-99-WLS (M.D. Ga. 2005) (filed July 20, 2005 -- dismissed Dec. 30, 2005) (Affirmed, Mar. 15, 2007)**

Unable to find a sympathetic ear in Alabama, Attorney Newman crossed state lines and filed another virtually identical Complaint on July 20, 2005 in the Middle District of Georgia in search of a federal judiciary that would allow him to pursue his frivolous RICO lawsuit.[3]

Movie Gallery and other defendants once again filed motions to dismiss. Yet again, a federal district court found the Complaint deficient, holding that "Plaintiffs' total disregard of the local and federal rules and the failure to even address the obvious deficiencies of the Complaint require this Court to dismiss the Complaint against all defendants." *Whitaker v. MGA, Inc. et al,*

---

[3] It should be noted that Attorney Newman filed this lawsuit even though Attorney Newman is not licensed to practice law in the state of Georgia. Because Attorney Newman did not associate local counsel, he engaged in the unauthorized practice of law by filing the Complaint. It was only after Movie Gallery highlighted this egregious behavior in its Motion to Dismiss that Attorney Newman secured the services of an attorney licensed to practice before the Middle District of Georgia.

1:05-CV-99 (M.D. Ga. Dec. 30, 2005). Attorney Newman elected to appeal this decision by Judge W. Louis Sands as well. *Whitaker v. MGA, Inc. et al.*, No. 06-15025-DD. The Eleventh Circuit affirmed the dismissal, and for the second time found an appeal of one of these cases to be frivolous. *Whitaker v. MGA, Inc. et al.*, 2007 U.S. Dist. Lexis 14458 (Mar. 15, 2007) (unpublished).

6. **The Sixth RICO Case:** *Carter, et al. v. MGA, Inc., et al.,* **2:05-CV-01662-WMA (N.D. Ala. 2005) (filed Aug. 4, 2005 -- dismissed Sept. 19, 2005) (Affirmed, July 13, 2006).**

Despite having countless opportunities to properly plead a civil RICO claim, Attorney Newman elected to file yet another virtually identical, facially deficient Complaint on behalf of three more plaintiffs, making it the sixth such civil RICO action Attorney Newman has filed and served against Movie Gallery.[4] In a matter of months, Judge Acker was once again confronted with nearly the exact same Complaint he had previously ordered to be amended to properly allege the essential elements of a civil RICO claim. The *Carter* Complaint made no attempt to cure the pleading deficiencies Judge Acker had previously noted in the original *Clark* case. Accordingly, he dismissed the *Carter* Complaint with prejudice, finding the arguments presented by Movie Gallery and other defendants in their motions to dismiss were again well taken and due to be granted. *Carter, et al. v. MGA, Inc., et al.*, 2:05-CV-01662 (N.D. Ala. Sept. 19, 2005).

On appeal, the Eleventh Circuit affirmed the District Court's dismissal of the *Carter* complaint. The Eleventh Circuit issued a *per curiam* opinion holding that the appellants had failed to allege facts sufficient to maintain a civil RICO claim against Movie Gallery and other defendants. *Carter, et al. v. MGA, Inc., et al.*, 2006 WL 1933788 (11th Cir. 2006) (unpublished).

---

[4] Attorney Newman originally attempted to join these Plaintiffs in the *Clark II* case before Judge Blackburn. After considering Judge Blackburn's comments from the bench during a hearing on June 6, 2005, he decided to shop the lawsuit to a different judge and filed these claims as a separate, sixth RICO lawsuit.

A petition for rehearing *en banc* was denied. Attorney Newman then filed a petition for writ of certiorari to the United States Supreme Court, which was denied.

The averments in *Williams* are no different than the allegations set forth in the preceding six lawsuits. *Williams* is evidently the latest attempt to harass Movie Gallery through the judicial process. This string of cases constitutes an egregious pattern of frivolous, duplicative and vexatious litigation that must end. Attorney Newman should be sanctioned for continuing to assert this meritless RICO claim against Movie Gallery and other defendants.

### The Standard for Sanctions Under Rule 11

The Federal Rules of Civil Procedure authorize sanctions for filing papers that are frivolous, lacking in factual support, or presented for any improper purpose, such as to harass. F.R.C.P. Rule 11(b). In *Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir. 1991), a case in which the Eleventh Circuit held Plaintiffs' RICO claim had no reasonable factual basis when plead, the court noted that three types of conduct warrant the imposition of Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose. As stated more fully herein, sanctions are due to be granted in this case because (1) the complaint filed on behalf of the Plaintiffs has absolutely no support in fact or in law; (2) the universal condemnation of this complaint by the federal judiciary confirms this pleading is not based on a legal theory that has a reasonable chance of success, and cannot be advanced to change existing law; and (3) filing baseless civil RICO claims to vex Movie Gallery is improper.

8

### Argument

**1.    Sanctions are Warranted Because This Complaint is Frivolous, Legally Unreasonable and Without Factual Foundation.**

It is well-settled law that a court must conduct a two-step inquiry to determine if the circumstances warrant the imposition of sanctions. *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001); *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). The court must first ask if the party's claims are objectively frivolous. *Id.* If so, the court must then determine if the attorney who signed the pleading(s) should have realized the claim was frivolous had the attorney properly conducted a reasonable inquiry. *Id.*

#### A.    Plaintiffs' RICO claim is objectively frivolous.

A claim is objectively frivolous if there is no reasonable basis -- factual or legal -- for the claim. "A complaint is factually groundless and merits sanctions where the plaintiff has absolutely no evidence to support its allegations." *In re Mroz*, 65 F.3d 1567, 1573 (11th Cir. 1995). As asserted in Movie Gallery's Motion to Dismiss, Plaintiffs' Complaint is noticeably absent of any facts establishing a violation of 18 U.S.C. § 1962. In each and every civil RICO lawsuit filed by Attorney Newman, Movie Gallery has highlighted several independent reasons the complaint fails to state a RICO claim.[5]

- Plaintiff(s) fails to plead any facts that would establish the Plaintiff(s) have been directly injured in their business by reason of a violation of 18 U.S.C. § 1962 -- the RICO statute.

- Plaintiff(s) fails to identify the existence of any enterprise, or Movie Gallery's association with that enterprise.

---

[5] The Motion to Dismiss filed by Movie Gallery on April 5, 2007 establishes more fully therein the body of law showing this RICO claim has no merit.

- Plaintiff(s) fail to show how Movie Gallery and others used this alleged enterprise as a vehicle to conduct its purported pattern of racketeering activity.

- Plaintiff(s) Complaints does not set forth any facts establishing that Movie Gallery entered into any conspiracy to violate § 1962.

- Plaintiff(s) Complaint does not establish that any act or omission by Movie Gallery was or is the direct and proximate cause of the alleged injuries.

- The alleged wrongful conduct – the sale of purportedly obscene videos and magazines – is not racketeering activity

Notwithstanding these glaring deficiencies, Attorney Newman has re-filed the identical, or virtually identical, complaint at least seven different times.

"The rule [F.R.C.P. 11] continues to require litigants to 'stop and think' before initially making legal and factual contentions." *Pac. Enters. Oil Co. v. Howell Petroleum Corp.*, 614 So.2d 409, 421 (Ala. 1993). The legal and factual contentions set forth in this complaint have been previously considered and denied by four district court judges and four panels of the Eleventh Circuit. Other than adding descriptions of the acts depicted in certain films purportedly rented/sold at Movie Gallery's stores in Meridian, Mississippi to the Complaint, the pleading is virtually identical to those previously filed. These movie descriptions do nothing to overcome the fatal pleading deficiencies noted above -- namely, the absence of any enterprise, the absence of any agreement to conspire, and the failure to allege that a violation of the racketeering laws (and not the purported violation of a predicate act) imposed a direct and proximate injury upon his clients' business.

When instructed to introduce evidentiary support in support of his civil RICO claim against Movie Gallery and other defendants in this case and others, Attorney Newman has not been able to validate these conclusory allegations. In both *Odom* and *Holland*, Judge Fuller

10

required Attorney Newman to submit evidentiary materials in support of his clients' positions. In *Odom*, Attorney Newman elected to voluntarily dismiss the case without prejudice whereas in *Holland*, Attorney Newman merely introduced invoices documenting the shipment of adult films to Movie Gallery's corporate office and e-mail correspondence discussing the construction of video stores that would include adult rooms. Plaintiffs presumably allude to these very same documents in paragraphs seven and thirteen of this Complaint, although no such evidence was submitted in response to Movie Gallery's motion to dismiss pursuant to this Court's order dated April 9, 2007. This "evidence," however, even if presumed to be true at this preliminary stage, in no way sustains Plaintiffs' civil RICO claim. Ordering purportedly obscene movies and magazines from the co-defendants, as alleged, does not equate to civil RICO liability.

This complaint fails to set forth a cognizable claim as repeatedly noted by the courts and the defendants. In *Carter v. M.G.A., Inc. et al.*, 2006 WL 1933788 (11th Cir. 2006) (unpublished), the Eleventh Circuit held that "Plaintiffs' conclusory allegations that Defendants conspired with each other are insufficient to survive a motion to dismiss" and that "Plaintiffs did not allege facts sufficient to support their claims." In *Holland v. M.G.A., Inc. et al.*, 1:05-cv-237 (Nov. 1, 2006 M.D. Ala. 2006), Judge Watkins remarked that "Plaintiff failed to plead a sufficiently direct causal connection [between the RICO violation and the alleged injury]." In *Clark v. M.G.A., Inc. et al.*, 2:05-cv-633 (Mar. 17, 2006 N.D. Ala. 2006), Judge Blackburn also noted that "[t]he Complaint, however, contains only conclusory allegations of a conspiracy, which is insufficient to support the conspiracy claim"; "plaintiff's Complaint would still be due to be dismissed because it fails to allege an actionable RICO injury"; "[t]he Court finds that plaintiff's Complaint does not allege a injury that was proximately and directly caused by the alleged racketeering activity." Attorney Newman is certainly aware of the multiple problems

11

with his complaint.   Rather than acknowledge these facts do not give rise to liability, Attorney Newman chose to file the exact same claim, perhaps hoping to draw a judge with a sympathetic ear to his unfounded claim.   Quite simply, from an objective standpoint, an ordinary person standing in counsel's shoes would not have filed this complaint for the seventh time. *Pelletier v. Zweifel*, 921 F.2d at 1515.   There is no legal support whatsoever for this unfounded and objectively frivolous lawsuit.

B.    **Attorney Newman should have been aware the RICO claim was frivolous.**

This second prong demands an objective review of the circumstances at the time of the filing.   The seminal question is whether Attorney Newman would have been aware of the frivolousness if he had made a reasonable inquiry. *Worldwide Primates, Inc. v. McFreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).   Rule 11 stresses the need for some prefiling inquiry. *Mike Ousley Productions, Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir. 1992).   The reasonableness of this inquiry requires an analysis of several factors, including: the time available for investigation; whether the attorney had to rely on a client for information as to the underlying facts; and whether the paper was based upon a plausible view of the law. *In re Mroz*, 65 F. 3d at 1573; *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987) (en banc); *Mike Ousley Productions, Inc. v. WBJF-TV*, 952 F.2d at 382 (11th Cir. 1992).   If the attorney does not make a reasonable inquiry, then the court must impose sanctions notwithstanding the attorney's good faith belief that the claims are sound. *Pelletier v. Zweifel*, 921 F.2d at 1514.

The third factor cited above from *In re Mroz* in and of itself warrants Rule 11 sanctions.   As discussed above, this complaint is not based upon a plausible view of the law.   Four district judges and four Eleventh Circuit panels have determined that this complaint fails to state a claim upon which relief can be granted.   This Complaint is no different.

The very essence of Plaintiffs' Complaint is that Movie Gallery can offer non-obscene movies at a much lower price because Movie Gallery makes "substantial profit on the sale of its pornography stock/inventory." Complaint, ¶ 8. To quote Judge Blackburn's opinion in *Clark II*,

> The RICO statutes defines 'racketeering activity' as including violations of 'section 1461-1465,' see 18 U.S.C. § 1961; these statutes deal with mailing, importing, transporting, and broadcasting obscene material; see 18 U.S.C. §§ 1461-1465. RICO does not include 18 U.S.C. § 1466, "Engaging in the business of selling or transferring obscene matter," within the definition of racketeering activity. Plaintiff alleges that defendant MGA sold obscene material and that the sale of this material caused his injury; however, **selling obscene material is not racketeering activity.**

*Clark v. M.G.A., Inc. et al.*, 2:05-cv-633 (Mar. 17, 2006 N.D. Ala. 2006), n. 1 (emphasis added). A reasonable inquiry into the law would have revealed the frivolous nature of this case since the RICO statute specifically excludes the sale of obscene matter as a basis for liability. But Attorney Newman also had the added benefit of Judge Blackburn specifically informing him of this fact. Even so, Attorney Newman still pursued this cause of action one year later. Having affixed his signature as a certification to a wholly frivolous complaint, Attorney Newman has clearly violated Rule 11 and sanctions are due to be imposed against him.

2.    **Sanctions Are Warranted Because Attorney Newman Filed This Lawsuit For An Improper Purpose.**

The Federal Rules of Civil Procedure also authorize the imposition of sanctions when a party files a pleading for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *See* F.R.C.P. 11(b)(1). "Improper purpose may be shown by excessive persistence in pursuing a claim or defense in the face of repeated adverse rulings . . . Rule 11 is intended to reduce frivolous claims and to deter costly meritless maneuvers, thereby eliminating delay, and reducing the cost of litigation." *Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434 (11th Cir. 1998). As stated

13

earlier, Attorney Newman has been engaged in this vexatious litigation for far too long. This complaint is one of seven frivolous lawsuits that have been filed over the past two and a half years.

Attorney Newman's excessive persistence of this RICO claim can only be reasonably explained by his blatant attempt at judge shopping this lawsuit, conduct that clearly constitutes an improper purpose. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("Judge-shopping clearly constitutes 'conduct which abuses the judicial process'"); *Lane v. City of Emeryville*, 1995 U.S. App. LEXIS 11629, *4 (9th Cir. 1995) ("Judge shopping is a practice that has been 'universally condemned'"). Attorney Newman is re-filing the same complaint over and over again hoping to find a more sympathetic ear for this baseless complaint. This is the third time he has filed a complaint in the Middle District of Alabama, presumably hoping to draw a judge who may give this claim a more lenient examination. Such gamesmanship did not work, and should not be tolerated by the United States civil justice system. "Suits are easy to file and hard to defend. The best way to control unjustified tactics in litigation is to ensure that those who create costs also bear them. When an attorney recklessly creates needless costs the other side is entitled to relief." *Godwin v. Marsh*, 266 F. Supp. 2d 1355, 1358 (M.D. Ala. 2002) (quoting *In re TCI, Ltd.* 269 F.2d 441, 446 (7th Cir. 1985)).

Movie Gallery should no longer have to endure these "costly meritless maneuvers" that serve to abuse the judicial process, harass the defendant, and needlessly increase the cost of litigation. *See Donaldson v. Clark*, 819 F.2d at 1556 ("Rule 11 sanctions are designed to discourage dilatory or abusive tactics and to help streamline the litigation process by lessening frivolous claims or defenses."). Attorney Newman's callous disregard for the obligations a litigant owes to the court should not escape discipline.

14

### Conclusion

"In filing a pleading in federal court, an attorney certifies that he or she has conducted a reasonable inquiry and the pleading is well-grounded in fact, legally tenable, and 'is not presented for any improper purpose.'" *Baker v. Alderman*, 158 F. 3d 516, 524 (11th Cir. 1998). Attorney Newman insists upon a position the courts have proven time and time again, in its current posture, is not legally tenable. Rule 11 sanctions are designed to deter and punish such vexatious and frivolous litigation.

WHEREFORE, Movie Gallery respectfully requests this Court impose a sanction that is adequate to punish Attorney Newman for filing this meritless lawsuit and to deter him from continuing to do so in the future.

Respectfully submitted,


/s Jeffrey M. Grantham
Jeffrey M. Grantham
John Thomas A. Malatesta, III
Attorneys for Defendant Movie Gallery US, LLC

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using

the CM/ECF system which will send notification of such filing to the following:

Malcolm R. Newman
Malcolm R. Newman, P.C.
P.O. Box 6137
Dothan, AL 36302-6137

Robert K. Spotswood
Michael T. Sansbury
Spotswood LLC
2100 Third Avenue North
Concord Center, 940
Birmingham, AL 35203

Alan C. Livingston
Lee & McInish, P.C.
P.O. Box 1665
Dothan, AL 36302-1665

Betsy P. Collins
Alston & Bird LLP
1201 W. Peachtree Street
One Atlantic Center

A copy of the foregoing has been served upon the following parties who have yet to enter

an appearance by placing a copy of same in the U.S. Mail, first-class postage prepaid, and

properly addressed:

**Digital Sin, Inc.**
21345 Lassen Street
Chatsworth, CA 91311

**Fraserside Holding, LTD**
10947 Pendleton Street
Sun Valley, CA 91352

**LFP, Inc.**
8484 Wilshire Blvd.
Suite 900
Beverly Hills, CA 90211

**Mile High Media, Inc.**
20652 Bahama Street
Chatsworth, CA 91311

on this the 1st day of May, 2007.

s/ Jeffrey M. Grantham
Of Counsel

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-cv-228-MEF |
| | ) | |
| MGA, INC. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Upon consideration of the Suggestion of Bankruptcy filed on October 18, 2007 (Doc.

# 41), it is hereby

ORDERED that any party shall show cause, if any there be, on or before November

27, 2007, why the attached order should not be entered.

DONE this the 14th day of November, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-cv-228-MEF |
| | ) | |
| MGA, INC. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

With Defendant, MGA, Inc., having filed a Petition in Bankruptcy, it is the ORDER, JUDGMENT, and DECREE of the court:

1.  Defendant, MGA, Inc. is hereby DISMISSED without prejudice from the above-styled case. Any party has the right to petition to reinstate this action to pursue any claim embraced herein not adjudicated in or discharged by proceedings in the bankruptcy court;

2.  Such reinstatement, if and when allowed, will cause the filing date of any claim so reinstated to relate back to the original filing date of this action;

3.  Any petition for reinstatement must be filed by a party within 60 days after the bankruptcy court has taken such action that entitles that party to seek reinstatement; and

The Clerk of the Court is DIRECTED to mail a copy of this order to the bankruptcy court.

DONE on this day of November, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE