IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS *et al.*, | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-cv-228-MEF |
| | ) | (WO - Do not publish) |
| SELECT MEDIA SERVICES, LLC, *et al.*, | ) | |
| | ) | |
|    Defendants. | ) | |

## **MEMORANDUM OPINION AND O R D E R**

This cause is before the Court on the Motions to Dismiss by Defendants Select Media Services, LLC ("Select Media") and United Parcel Service, Inc. ("UPS") (Doc. Nos. 16 and 22, respectively). These two Defendants filed Motions for Sanctions (Doc. Nos. 29 and 35). Plaintiffs filed a Complaint alleging that Defendants conspired to transport obscene materials in interstate commerce and sell them at Movie Gallery stores (Doc. # 1, ¶ 7). Plaintiffs claim that this alleged conspiracy put their business at a competitive disadvantage because they do not sell obscene materials. *Id.* ¶ 6. Plaintiffs bring their claims under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). *Id.* ¶ 12. Defendants' motions will be addressed in groups because many of their arguments overlap.

**I. Motions to Dismiss**

Both Motions to Dismiss argue that, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs' Complaint (Doc. # 1) should be dismissed for failure to

state a claim under the federal RICO statute (18 U.S.C. § 1962). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. To survive a motion to dismiss for failure to state a claim, the Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Plaintiffs' "[f]actual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true." *Id*. at 1965. It is not sufficient that the pleadings merely "le[ave] open the possibility that the plaintiff[s] might later establish some set of undisclosed facts to support recovery." *Id.* at 1968 (internal quotation and alteration omitted). The court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the Plaintiffs. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).

Plaintiffs seek recovery under 18 U.S.C. § 1962(d), which prohibits a person from conspiring with another to violate subsections (a), (b), and (c). Plaintiffs allege that Defendants conspired to violate § 1962(c), which provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

§ 1962(c) (cited in Complaint (Doc. # 1, ¶ 13)).

"A plaintiff can establish a RICO conspiracy claim in one of two ways: (1) by showing that the defendant[s] agreed to the overall objective of the conspiracy; or (2) by showing that the defendant[s] agreed to commit two predicate acts. . . . The RICO

agreement need not be established by direct evidence; it may be inferred from the conduct of the participants." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 950 (11th Cir. 1997) (citing *United States v. Church*, 955 F.2d 688, 694-95 (11th Cir. 1992)).

In this case, Plaintiffs claim that Defendants conspired to participate in an enterprise "to make money." Complaint (Doc. # 1, ¶ 1). Plaintiffs claim that Movie Gallery ordered obscene material from Select Media and other Defendants, and UPS delivered the obscene materials to Movie Gallery. *Id.* ¶ 13. Plaintiffs allege that Defendants' predicate crimes were violations of the following federal obscenity laws: 18 U.S.C. § 1462 (importation or transportation of obscene matters), § 1465 (production and transportation of obscene matters for sale or distribution), and § 1466 (engaging in the business of selling or transferring obscene matter).[1] *Id.* ¶ 1.

**A. UPS**

With respect to Defendant UPS, Plaintiffs failed to allege sufficient facts that would allow the Court to infer that UPS entered into an agreement to engage in a scheme to "make money" by distributing obscene materials. Plaintiffs claim that UPS "knew that it was engaged in the illegal transportation of obscenity by virtue of the names of the producers it serviced in and around the San Fernando Valley area of California, . . . to-

---

[1] RICO's definition of "racketeering activity" includes violations of §§ 1462 and 1465, but not § 1466. 18 U.S.C. § 1961. Therefore, Plaintiffs cannot base a civil RICO claim on a violation of § 1466.

3

wit: Please Productions, Digital Sin and Mile High Media, Inc." *Id.* ¶ 9. The Court cannot infer that UPS knew that it was shipping obscene materials based on the names of its customers. Similarly, Plaintiffs failed to allege sufficient facts that would allow the Court to infer that UPS agreed to distribute obscene materials. Therefore, the claim against UPS is due to be dismissed.

**B. Select Media**

With respect to the Defendant Select Media, Plaintiffs' allegations are sufficient to create an inference of an agreement between Select Media and Movie Gallery to distribute obscene material to make money. The Plaintiffs' description of the pornography allegedly sold by Movie Gallery (Complaint, ¶ 8) makes it plausible that some of this pornography is obscene. The allegations support the inference that Select Media and Movie Gallery were aware of the nature of the materials that they distributed and ordered.

A civil RICO claim under § 1962(c) requires that the alleged conduct was the proximate cause of the Plaintiffs' injury. *Anza et al. v. Ideal Steel Supply Corp.*, 126 S. Ct. 1991, 1996 (2006). "When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries." *Id.* at 1998. In *Anza*, the plaintiff alleged that the defendant, a competitor, was able to reduce its prices and thus gain a competitive advantage because it violated RICO through a fraudulent tax scheme. *Id.* at 1994-95. The Supreme Court held

that the plaintiff failed to satisfy the proximate causation requirement of a civil RICO claim because the relationship between the alleged injury and the alleged RICO violation was too attenuated and remote. *Id.* at 1997. The Court noted that the defendant "could have lowered its prices for any number of reasons unconnected to the asserted pattern of fraud." *Id.*

In this case, Plaintiffs claim that the alleged RICO violation harmed their business. Complaint (Doc. # 1, pp. 8-9). Plaintiffs claim that Movie Gallery makes a substantial profit on the sale of obscene materials, which allows it to offer much lower prices on nonobscene materials compared to Plaintiffs, who sell only nonobscene materials. *Id.* ¶ 8. As in *Anza*, the connection between Select Media and Movie Gallery's alleged illegal conduct and the Plaintiffs' injury is insufficient. As Movie Gallery pointed out in its motion to dismiss, it "may offer lower prices because of competition, size, direct access to Hollywood studios, store locations and a host of other business factors that drive retail price – reasons entirely unrelated to the purported § 1962 violation." (Doc. # 13, p. 16). Therefore, the claim against Select Media is due to be dismissed.[2]

## II. Motions for Sanctions

Defendants move to sanction Plaintiffs' attorney Malcolm Newman ("Attorney Newman") for continuing to bring the RICO claim in this case, even though it has been dismissed by six previous federal district courts. Rule 11(b) of the Federal Rules of Civil

---

[2] The failure to adequately allege proximate causation is another sufficient reason to dismiss the claim against Defendant UPS.

Procedure authorize sanctions for filing papers that are frivolous, lacking in factual support, or presented for any improper purpose, such as to harass. Three types of conduct warrant the imposition of Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose. *Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir. 1991).

When considering whether to impose Rule 11 sanctions, a court must conduct a two-step inquiry to determine if the circumstances warrant the imposition of sanctions. *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001). The court must first ask if the party's claims are objectively frivolous. *Id.* If so, the court must then determine if the attorney who signed the pleading(s) should have realized the claim was frivolous had the attorney properly conducted a reasonable inquiry. *Id.*

Under the first prong of the inquiry, a claim is objectively frivolous if it lacks a reasonable factual or legal basis. "A complaint is factually groundless and merits sanctions where the plaintiff has absolutely no evidence to support its allegations." *In re Mroz*, 65 F.3d 1567, 1573 (11th Cir. 1995). As discussed above, in this case, the civil RICO claim lacks important factual and legal bases. With respect to all Defendants, Plaintiffs do not allege facts to support the proximate causation element of a RICO claim. With respect to Defendant UPS, Plaintiffs do not allege facts from which the Court can

infer that UPS conspired with the other Defendants to distribute and sell obscene materials. Finally, 18 U.S.C. § 1466 (sale or transfer of obscene material) is not a predicate crime under the RICO statute.

Under the second prong of the sanctions inquiry, the Court must conduct an objective review of the circumstances at the time of the filing and ask whether Attorney Newman would have been aware of the frivolousness of the RICO claim had he made a reasonable inquiry. *Worldwide Primates, Inc. v. McFreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). The reasonableness of the inquiry depends on several factors, including "the time available to the signer for investigation, whether he had to rely on a client for information as to the underlying facts, and whether the paper was based on a plausible view of the law." *In re Mroz*, 65 F. 3d at 1573. If the attorney does not make a reasonable inquiry, then the court must impose sanctions notwithstanding the attorney's good faith belief that the claims are sound. *Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir. 1991).

In this case, a reasonable inquiry of the legal and factual grounds for the Complaint prior to its filing would have made Attorney Newman aware that the civil RICO claim is frivolous. The same claim was dismissed by six federal district courts, and four of these six dismissals were appealed and affirmed by courts of appeals.[3] These

---

[3] The six cases are: (1) *Odom v. MGA, Inc. et al.*, 1:05-CV-59-F (M.D. Ala. 2005) (filed Jan. 24, 2005; dismissed Mar. 11, 2005); (2) *Clark v. MGA, Inc. et al.*, 2:05-CV-208 (N.D. Ala. 2005) (filed Jan. 31, 2005; dismissed Mar. 30, 2005); (3) *Holland v. MGA, Inc. et al.*, 1:05-CV-237-M (M.D. Ala. 2005) (filed Mar. 14, 2005; dismissed November 1, 2006), *aff'd*, 2007 U.S. App. LEXIS 7433 (11th Cir. Mar. 30, 2007) (unpublished); (4) *Clark v. MGA, Inc. et al.*, 2:05-CV-633 (N.D. Ala. 2005) ("*Clark II*") (filed Mar. 29, 2005; dismissed Mar. 17, 2006),

cases were dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because the allegations lacked sufficient factual and legal bases. The decisions of these courts should have made Attorney Newman aware that the claim in this case is frivolous. Therefore, the Court finds that Attorney Newman's conduct warrants sanctions under Rule 11.

**III. Claims Against Defendants Mile High Media, Inc.; LFP, Inc.; Digital Sin, Inc.; and Fraserside Holding, Ltd.**

Having dismissed claims against UPS and Select Media, the only claims left are against Mile High Media, Inc.; LFP, Inc.; Digital Sin, Inc.; and Fraserside Holding, Ltd. Plaintiffs have not served these Defendants since the Complaint (Doc. # 1) was filed on March 14, 2007. Rule 4(b) of the Federal Rules of Civil Procedure provides that the plaintiff "may present a summons to the clerk for signature and seal. If the summons is in proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant." The plaintiff must serve the defendant(s) with the summons and complaint within 120 after filing the complaint. Fed. R. Civ. P. 4(c)(1), (m). If a defendant is not served within 120 days,

> the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for

---

*aff'd*, 2006 WL 3422345 (11th Cir. Nov. 29, 2006) (unpublished); (5) *Whitaker v. MGA, Inc. et al.*, 1:05-CV-99-WLS (M.D. Ga. 2005) (filed July 20, 2005; dismissed Dec. 30, 2005), *aff'd*, 220 Fed. Appx. 929 (11th Cir. Mar. 15, 2007) (unpublished); (6) *Carter et al. v. MGA, Inc. et al.*, 2:05-CV-01662-WMA (N.D. Ala. 2005) (filed Aug. 4, 2005; dismissed Sept. 19, 2005), *aff'd*, 2006 WL 1933788 (11th Cir. 2006) (unpublished).

the failure, the court shall extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m).

Plaintiffs obtained summons for only three defendants: Movie Gallery, UPS, and Select Media (Doc. # 2), and it has been more than 120 days since the Complaint was filed.

Accordingly, it is hereby ORDERED as follows:

(1) Defendant Select Media Services, LLC's Motion to Dismiss (Doc. # 16) is GRANTED, and all claims against Defendant Select Media Services, LLC are DISMISSED.

(2) Defendant United Parcel Service, Inc.'s Motion to Dismiss (Doc. # 22) is GRANTED, and all claims against Defendant United Parcel Service, Inc. are DISMISSED.

(3) Defendant Select Media Services, LLC's Motion for Sanctions (Doc. # 29) is GRANTED.

(4) Defendant United Parcel Service, Inc.'s Motion for Sanctions (Doc. # 35) is GRANTED.

(5) Defendants Select Media Services, LLC and United Parcel Service, Inc. shall submit an itemized and verified report of expenses incurred in defending this action on or before March 10, 2008. Plaintiffs may file an objection on or before March 20, 2008.

(6) Plaintiffs are given leave to show cause in writing on or before March 10, 2008 as to why the claims against Defendants Mile High Media, Inc.; LFP, Inc.; Digital Sin,

9

Inc.; and Fraserside Holding, Ltd. should not be dismissed pursuant to Rule 4(m) for failure to issue summons within 120 days of filing the Complaint.

Done on this the 27th day of February, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).