IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-cv-228-MEF |
| | ) | (WO - Do not publish) |
| SELECT MEDIA SERVICES, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND O R D E R

This cause is before the Court on the Motions to Dismiss by Defendants Select

Media Services, LLC ("Select Media") and United Parcel Service, Inc. ("UPS") (Doc.

Nos. 16 and 22, respectively).  These two Defendants filed Motions for Sanctions (Doc.

Nos. 29 and 35).  Plaintiffs filed a Complaint alleging that Defendants conspired to

transport obscene materials in interstate commerce and sell them at Movie Gallery stores

(Doc. # 1, ¶ 7).  Plaintiffs claim that this alleged conspiracy put their business at a

competitive disadvantage because they do not sell obscene materials.  *Id.* ¶ 6.  Plaintiffs

bring their claims under the federal Racketeer Influenced and Corrupt Organizations Act

("RICO").  *Id.* ¶ 12.  Defendants' motions will be addressed in groups because many of

their arguments overlap.

## I. Motions to Dismiss

Both Motions to Dismiss argue that, pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure, Plaintiffs' Complaint (Doc. # 1) should be dismissed for failure to

state a claim under the federal RICO statute (18 U.S.C. § 1962).  A Rule 12(b)(6) motion

tests the legal sufficiency of the complaint.  To survive a motion to dismiss for failure to

state a claim, the Plaintiffs must allege "enough facts to state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

Plaintiffs' "[f]actual allegations must be enough to raise a right to relief above a

speculative level on the assumption that the allegations in the complaint are true." *Id*. at

1965.  It is not sufficient that the pleadings merely "le[ave] open the possibility that the

plaintiff[s] might later establish some set of undisclosed facts to support recovery." *Id*. at

1968 (internal quotation and alteration omitted).  The court will accept as true all well-

pleaded factual allegations and view them in a light most favorable to the Plaintiffs.  *See*

*Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).

Plaintiffs seek recovery under 18 U.S.C. § 1962(d), which prohibits a person from

conspiring with another to violate subsections (a), (b), and (c).  Plaintiffs allege that

Defendants conspired to violate § 1962(c), which provides:

> It shall be unlawful for any person employed by or associated with any enterprise
> engaged in, or the activities of which affect, interstate or foreign commerce, to
> conduct or participate, directly or indirectly, in the conduct of such enterprise's
> affairs through a pattern of racketeering activity or collection of unlawful debt.

§ 1962(c) (cited in Complaint (Doc. # 1, ¶ 13)).

"A plaintiff can establish a RICO conspiracy claim in one of two ways: (1) by

showing that the defendant[s] agreed to the overall objective of the conspiracy; or (2) by

showing that the defendant[s] agreed to commit two predicate acts. . . .  The RICO

2

agreement need not be established by direct evidence; it may be inferred from the conduct of the participants." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 950 (11th Cir. 1997) (citing *United States v. Church*, 955 F.2d 688, 694-95 (11th Cir. 1992)).

In this case, Plaintiffs claim that Defendants conspired to participate in an enterprise "to make money."  Complaint (Doc. # 1, ¶ 1).  Plaintiffs claim that Movie Gallery ordered obscene material from Select Media and other Defendants, and UPS delivered the obscene materials to Movie Gallery.  *Id.* ¶ 13.  Plaintiffs allege that Defendants' predicate crimes were violations of the following federal obscenity laws: 18 U.S.C. § 1462 (importation or transportation of obscene matters), § 1465 (production and transportation of obscene matters for sale or distribution), and § 1466 (engaging in the business of selling or transferring obscene matter).[1]  *Id.* ¶ 1.

## A. UPS

With respect to Defendant UPS, Plaintiffs failed to allege sufficient facts that would allow the Court to infer that UPS entered into an agreement to engage in a scheme to "make money" by distributing obscene materials.  Plaintiffs claim that UPS "knew that it was engaged in the illegal transportation of obscenity by virtue of the names of the producers it serviced in and around the San Fernando Valley area of California, . . . to-

---

[1] RICO's definition of "racketeering activity" includes violations of §§ 1462 and 1465, but not § 1466.  18 U.S.C. § 1961.  Therefore, Plaintiffs cannot base a civil RICO claim on a violation of § 1466.

wit: Please Productions, Digital Sin and Mile High Media, Inc." *Id. ¶ 9.* The Court

cannot infer that UPS knew that it was shipping obscene materials based on the names of

its customers. Similarly, Plaintiffs failed to allege sufficient facts that would allow the

Court to infer that UPS agreed to distribute obscene materials. Therefore, the claim

against UPS is due to be dismissed.

**B. Select Media**

With respect to the Defendant Select Media, Plaintiffs' allegations are sufficient to

create an inference of an agreement between Select Media and Movie Gallery to

distribute obscene material to make money. The Plaintiffs' description of the

pornography allegedly sold by Movie Gallery (Complaint, ¶ 8) makes it plausible that

some of this pornography is obscene. The allegations support the inference that Select

Media and Movie Gallery were aware of the nature of the materials that they distributed

and ordered.

A civil RICO claim under § 1962(c) requires that the alleged conduct was the

proximate cause of the Plaintiffs' injury. *Anza et al. v. Ideal Steel Supply Corp.*, 126 S.

Ct. 1991, 1996 (2006). "When a court evaluates a RICO claim for proximate causation,

the central question it must ask is whether the alleged violation led directly to the

plaintiff's injuries." *Id.* at 1998. In *Anza*, the plaintiff alleged that the defendant, a

competitor, was able to reduce its prices and thus gain a competitive advantage because it

violated RICO through a fraudulent tax scheme. *Id.* at 1994-95. The Supreme Court held

4

that the plaintiff failed to satisfy the proximate causation requirement of a civil RICO claim because the relationship between the alleged injury and the alleged RICO violation was too attenuated and remote. *Id.* at 1997. The Court noted that the defendant "could have lowered its prices for any number of reasons unconnected to the asserted pattern of fraud." *Id.*

In this case, Plaintiffs claim that the alleged RICO violation harmed their business. Complaint (Doc. # 1, pp. 8-9). Plaintiffs claim that Movie Gallery makes a substantial profit on the sale of obscene materials, which allows it to offer much lower prices on nonobscene materials compared to Plaintiffs, who sell only nonobscene materials. *Id.* ¶ 8. As in *Anza*, the connection between Select Media and Movie Gallery's alleged illegal conduct and the Plaintiffs' injury is insufficient. As Movie Gallery pointed out in its motion to dismiss, it "may offer lower prices because of competition, size, direct access to Hollywood studios, store locations and a host of other business factors that drive retail price – reasons entirely unrelated to the purported § 1962 violation." (Doc. # 13, p. 16). Therefore, the claim against Select Media is due to be dismissed.[2]

## II. Motions for Sanctions

Defendants move to sanction Plaintiffs' attorney Malcolm Newman ("Attorney Newman") for continuing to bring the RICO claim in this case, even though it has been dismissed by six previous federal district courts. Rule 11(b) of the Federal Rules of Civil

---

[2] The failure to adequately allege proximate causation is another sufficient reason to dismiss the claim against Defendant UPS.

Procedure authorize sanctions for filing papers that are frivolous, lacking in factual support, or presented for any improper purpose, such as to harass.  Three types of conduct warrant the imposition of Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose.  *Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir. 1991).

When considering whether to impose Rule 11 sanctions, a court must conduct a two-step inquiry to determine if the circumstances warrant the imposition of sanctions. *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001).  The court must first ask if the party's claims are objectively frivolous.  *Id.*  If so, the court must then determine if the attorney who signed the pleading(s) should have realized the claim was frivolous had the attorney properly conducted a reasonable inquiry.  *Id.*

Under the first prong of the inquiry, a claim is objectively frivolous if it lacks a reasonable factual or legal basis.  "A complaint is factually groundless and merits sanctions where the plaintiff has absolutely no evidence to support its allegations."  *In re Mroz*, 65 F.3d 1567, 1573 (11th Cir. 1995).  As discussed above, in this case, the civil RICO claim lacks important factual and legal bases.  With respect to all Defendants, Plaintiffs do not allege facts to support the proximate causation element of a RICO claim. With respect to Defendant UPS, Plaintiffs do not allege facts from which the Court can

6

infer that UPS conspired with the other Defendants to distribute and sell obscene materials.  Finally, 18 U.S.C. § 1466 (sale or transfer of obscene material) is not a predicate crime under the RICO statute.

Under the second prong of the sanctions inquiry, the Court must conduct an objective review of the circumstances at the time of the filing and ask whether Attorney Newman would have been aware of the frivolousness of the RICO claim had he made a reasonable inquiry.  *Worldwide Primates, Inc. v. McFreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).  The reasonableness of the inquiry depends on several factors, including "the time available to the signer for investigation, whether he had to rely on a client for information as to the underlying facts, and whether the paper was based on a plausible view of the law."  *In re Mroz*, 65 F. 3d at 1573.  If the attorney does not make a reasonable inquiry, then the court must impose sanctions notwithstanding the attorney's good faith belief that the claims are sound.  *Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir. 1991).

In this case, a reasonable inquiry of the legal and factual grounds for the Complaint prior to its filing would have made Attorney Newman aware that the civil RICO claim is frivolous.  The same claim was dismissed by six federal district courts, and four of these six dismissals were appealed and affirmed by courts of appeals.[3]  These

---

[3] The six cases are: (1) *Odom v. MGA, Inc. et al.*, 1:05-CV-59-F (M.D. Ala. 2005) (filed Jan. 24, 2005;  dismissed Mar. 11, 2005); (2) *Clark v. MGA, Inc. et al.*, 2:05-CV-208 (N.D. Ala. 2005) (filed Jan. 31, 2005; dismissed Mar. 30, 2005); (3) *Holland v. MGA, Inc. et al.*, 1:05-CV-237-M (M.D. Ala. 2005) (filed Mar. 14, 2005; dismissed November 1, 2006), *aff'd*, 2007 U.S. App. LEXIS 7433 (11th Cir. Mar. 30, 2007) (unpublished); (4) *Clark v. MGA, Inc. et al.*, 2:05-CV-633 (N.D. Ala. 2005) ("*Clark II*") (filed Mar. 29, 2005; dismissed Mar. 17, 2006),

cases were dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because the allegations lacked sufficient factual and legal bases. The decisions of these courts should have made Attorney Newman aware that the claim in this case is frivolous. Therefore, the Court finds that Attorney Newman's conduct warrants sanctions under Rule 11.

### III. Claims Against Defendants Mile High Media, Inc.; LFP, Inc.; Digital Sin, Inc.; and Fraserside Holding, Ltd.

Having dismissed claims against UPS and Select Media, the only claims left are against Mile High Media, Inc.; LFP, Inc.; Digital Sin, Inc.; and Fraserside Holding, Ltd. Plaintiffs have not served these Defendants since the Complaint (Doc. # 1) was filed on March 14, 2007. Rule 4(b) of the Federal Rules of Civil Procedure provides that the plaintiff "may present a summons to the clerk for signature and seal. If the summons is in proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant." The plaintiff must serve the defendant(s) with the summons and complaint within 120 after filing the complaint. Fed. R. Civ. P. 4(c)(1), (m). If a defendant is not served within 120 days,

> the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for

---

*aff'd*, 2006 WL 3422345 (11th Cir. Nov. 29, 2006) (unpublished); (5) *Whitaker v. MGA, Inc. et al.*, 1:05-CV-99-WLS (M.D. Ga. 2005) (filed July 20, 2005; dismissed Dec. 30, 2005), *aff'd*, 220 Fed. Appx. 929 (11th Cir. Mar. 15, 2007) (unpublished); (6) *Carter et al. v. MGA, Inc. et al.*, 2:05-CV-01662-WMA (N.D. Ala. 2005) (filed Aug. 4, 2005; dismissed Sept. 19, 2005), *aff'd*, 2006 WL 1933788 (11th Cir. 2006) (unpublished).

the failure, the court shall extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m).

Plaintiffs obtained summons for only three defendants: Movie Gallery, UPS, and Select Media (Doc. # 2), and it has been more than 120 days since the Complaint was filed.

Accordingly, it is hereby ORDERED as follows:

(1) Defendant Select Media Services, LLC's Motion to Dismiss (Doc. # 16) is GRANTED, and all claims against Defendant Select Media Services, LLC are DISMISSED.

(2) Defendant United Parcel Service, Inc.'s Motion to Dismiss (Doc. # 22) is GRANTED, and all claims against Defendant United Parcel Service, Inc. are DISMISSED.

(3) Defendant Select Media Services, LLC's Motion for Sanctions (Doc. # 29) is GRANTED.

(4) Defendant United Parcel Service, Inc.'s Motion for Sanctions (Doc. # 35) is GRANTED.

(5) Defendants Select Media Services, LLC and United Parcel Service, Inc. shall submit an itemized and verified  report of expenses incurred in defending this action on or before March 10, 2008.  Plaintiffs may file an objection on or before March 20, 2008.

(6) Plaintiffs are given leave to show cause in writing on or before March 10, 2008 as to why the claims against Defendants Mile High Media, Inc.; LFP, Inc.; Digital Sin,

9

Inc.; and Fraserside Holding, Ltd. should not be dismissed pursuant to Rule 4(m) for

failure to issue summons within 120 days of filing the Complaint.

Done on this the 27th day of February, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

10